MARK A. KLEIMAN (SBN 115919)
LAW OFFICE OF MARK ALLEN
KLEIMAN
2907 Stanford Ave. Venice, CA 90292
Telephone: (310) 306-8094
Facsimile: (310) 306-8491
Email: mkleiman@quitam.org

BEN GHARAGOZLI (SBN 272302)
LAW OFFICES OF BEN GHARAGOZLI
18336 Soledad Canyon Road, #2241
Canyon Country, CA 91386
Telephone: (661) 607-4665
Facsimile: (855) 628-5517
Email: ben.gharagozli@gmail.com

ALAN F. HUNTER (SBN 99805)
ELIZABETH GONG LANDESS
(SBN 138353)
GAVIN, CUNNINGHAM & HUNTER
1530 The Alameda, Suite 210
San Jose, CA 95126
Telephone:  (408) 294-8500
Facsimile: (408 294-8596)
Email: hunter@gclitigation.com
          landess@gclitigation.com
Attorneys for RABAB ABDULHADI

ELIOT LEE GROSSMAN (SBN 76629)
LAW OFFICE OF ELIOT LEE
GROSSMAN
530 S Lake Ave. #731, Pasadena, CA 91101
Telephone: (626) 642-6279
Email: innjustice@protonmail.com
Of Counsel

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB MANDEL, CHARLES VOLK, LIAM KERN, MASHA MERKULOVA, AARON PARKER, and STEPHANIE ROSEKIND;<br><br>Plaintiffs,<br><br>v.<br><br>BOARD OF TRUSTEES of the CALIFORNIA STATE UNIVERSITY, SAN FRANCISCO STATE UNIVERSITY, et al.;<br><br>Defendants.<br><br>_____ | Case No.: 3:17-CV-03511-WHO<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**<br><br>**(Filed concurrently with Motion to Strike and [Proposed] Order)**<br><br>Date:      November 8, 2017<br>Time:      2:00 p.m.<br>Location: Courtroom 2 (17th Floor)<br>Judge: William H. Orrick<br>Original Action Filed: June 19, 2017 |

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on November 8, 2017, at 2 pm before the Honorable

William H. Orrick in Courtroom 2 on the 17th floor of the above-entitled Court located at 450

Golden Gate Avenue, San Francisco, CA 94102-3489, RABAB ABDULHADI, Ph.D. ("Dr. Abdulhadi") will move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") to dismiss as to her the First through Sixth Causes of action (i.e. "Claims for Relief) in Plaintiffs' Complaint filed on June 19, 2017.

Dr. Abdulhadi respectfully moves the Court to dismiss the Complaint without leave to amend pursuant to Rule 12(b)(6) for the following reasons:

(1) Dr. Abdulhadi is not named as a defendant anywhere in the body of the Complaint.

(2) The allegations Plaintiffs assert against Dr. Abdulhadi do not give rise to any cause of action and have no relevance to any of the current purported causes of action.

(3) Plaintiffs basically complain that they disagree with Dr. Abdulhadi's political views and activities, all of which are protected by the First Amendment, and none of which actually harmed Plaintiffs.

(4) Even though there are no allegations that Dr. Abdulhadi was acting in her individual capacity, were Plaintiffs to make such allegations they could never overcome the qualified immunity Dr. Abdulhadi enjoys since they cannot allege that she violated any clearly established rights or show they are entitled to declaratory relief..

(5) Given the sham nature of these allegations against her, there is no reason to make Dr. Abdulhadi suffer through another round of pleadings. As to her, the Complaint should be dismissed with prejudice.

This Motion is based upon the Memorandum of Points and Authorities included herein, the existing record in this matter, and any such additional authority and argument as may be advanced in Dr. Abdulhadi's reply and during argument on this Motion.

---

DATED:  August 21, 2017            RESPECTFULLY SUBMITTED

**LAW OFFICE OF MARK ALLEN KLEIMAN**


By:   _/s/ Mark Allen Kleiman, Esq._

Mark Allen Kleiman, Esq.

**LAW OFFICES OF BEN GHARAGOZLI**
Ben Gharagozli, Esq.

**GAVIN, CUNNINGHAM & HUNTER**
Alan F. Hunter, Esq.
Elizabeth Gong Landess, Esq.
Attorneys for Dr. Abdulhadi

**LAW OFFICE OF ELIOT LEE GROSSMAN**
Eliot Lee, Grossman, Esq.
Of Counsel


## TABLE OF CONTENTS

Page

**TABLE OF AUTHORITIES** ....................................................................................5

**STATEMENT OF ISSUES TO BE DECIDED** .....................................................7

**MEMORANDUM OF POINTS AND AUTHORITIES** ........................................8

I.    SUCCINCT STATEMENT OF RELEVANT FACTS..........................................8

II.   ARGUMENT ......................................................................................................9

    A.    Incorporation of Moving Papers Submitted by
       the University and the Named Individual Defendants.............................9

    B.    Plaintiffs Fail to Properly Name Dr. Abdulhadi as a Defendant ..........10

    C.    Plaintiffs' Allegations Against Dr. Abdulhadi Do Not
       Give Rise to Any Feasible Cause of Action .........................................11

       1)    Co-Funding a Political Organization ...........................................13

2)   "Integral involvement" in Academic and Political Events............................13

3)   Research in the Middle East.................................................................14

4)   Student Exchange Program ..................................................................15

5)   Faculty Adviser of GUPS.....................................................................15

6)   Politicizing Grades          .................................................................16

D.   Dr. Abdulhadi Enjoys Qualified Immunity From Liability
     for the First Four Causes of Action .....................................................16

E.   In Her Individual Capacity, Dr. Abdulhadi Enjoys Qualified
     Immunity From Liability for the Sixth Cause of Action Because
     Declaratory Judgment via the Declaratory Judgment Act and
     via 42 U.S.C. §1983 are Identical.........................................................17

F.   Plaintiffs Fail to Establish Subject Matter Jurisdiction ........................18

     1)   Plaintiffs' Cause of Action for Declaratory Relief
          Fails to State an Actual Controversy............................................18

     2)   The Plaintiffs Lack Standing to Bring a Claim for
          Declaratory Relief Against Dr. Abdulhadi ..................................20

     3)   Plaintiffs' Purported Sixth Cause of Action Fail
          to Provide Fair Notice of the Basis for Relief ............................21

G.   The Eleventh Amendment Bars Plaintiffs' Monetary Claims
     Against Dr. Abdulhadi..........................................................................22

H.   Plaintiffs Do Not Deserve Leave to Amend .........................................24

III.   CONCLUSION.............................................................................................24

1

## **TABLE OF AUTHORITIES**

2

**Page**

3
Abbott Labs. v. Gardner, 387 U.S. 136 (1967)...................................................21

4
al-Kidd v. Ashcroft, 580 F.3d, 949 (9ᵗʰ Cir. 2009) ......................................14, 17

5
Arnold v. International Business Machines Corp.,

6
    637 F.2d 1350 (9th Cir. 1981) ......................................................................12

7
Bahn v. Korean Airlines Co. (In re Korean Air Lines Co.),

8
    642 F.3d 685 (9th Cir. 2011) ........................................................................24

9
Biodiversity Legal v. Badgley, 309 F.3d 1166 (9th Cir. 2002) .........................19

10
Buckley v. Valeo, 424 US 1 (1976)...................................................................19

11
Chevron Corp. v. Camacho Naranjo, 667 F.3d 232 (2nd Cir. 2012).................17

12

13
City of Los Angeles v. Lyons, 461 U.S. 95  (1983) ..........................................21

14
Cone Corp. v.  Florida  Dep't of Transp., 921 F.2d 1190 (11th Cir. 1991)...............20

15
Courtright v. City of  Battle Creek, 839 F.3d 513 (6th Cir. 2016) .................17

16
Del Monte Int'l GmbH v. Del Monte Corp.,

17
    995 F.Supp.2d 1107 (C.D. Cal. 2014) ..........................................................17

18
Ervine v. Desert View Regional Medical Center Holdings, LLC,

19
    753 F.2d 862 (9th Cir. 2014) ........................................................................20

20
Ex parte Young, 209 U.S. 123 (1908) ......................................................22, 23

21
Green v. Mansour, 474 U.S. 64 (1985)...........................................................22

22
Groten v. California, 251 F.3d 844 (9th Cir. 2001)..........................................17

23

24
Harlow v. Fitzgerald, 457 U.S. 800 (1982) ...............................................16, 17

25
Healy v. James, 408 U.S. 169 (1972) ..............................................................19

26
Hodgers-Durgin v. De La Vina, 199 F.3d 1037 (9th Cir. 1999) .................20

27
Hoffman v. Halden, 268 F.2d 280 (9th Cir. 1959) ..............................10, 11

28

Hummel v. Northwest Trustee Servs.  180 F.Supp.3d 798 (W.D. Wash. 2016) ...........................18

In re Asbestos School Litigation 46 F.3d 1284 (3rd Cir. 1994) ...................................................20

In re Orthopeadic Bone Screw Litigation, 193 F.3d 781 (3rd Cir. 1999).....................................19

Jackson v. Hayakawa, 682 F.2d 1344 (9th Cir. 1982).............................................................22, 24

Jones v Williams, 297 F.3d 930 (9th Cir. 2002).........................................................................12

Kaplan v. Rose, 49 F.3d 1363 (9th Cir. 1994).............................................................................24

Keyishian v. Bd. of  Regents, Univ. of State of N.Y, 385 U.S. 589 (1967) .................................19

Mitchell v. Los Angeles Community College District,
        861 F.2d 198 (9th Cir. 1988) ...........................................................................................24

Moss v. United States Secret Service 572 F.3d 969 (2009) ........................................................14

Moss v. United States Secret Service, 711 F.3d 941(9th Cir. 2013) ...........................................16

Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671 (9th Cir. 1981) ....................................................9

Nix v. Norman, 879 F.2d 429 (8th Cir. 1989) ............................................................................23

Papasan v. Allain, 478 U.S. 265 (1986) ....................................................................................22

Rice v. Hamilton Air Force Base Commissary,
        720 F.2d 1082, (9th Cir. 1983) ...................................................................................10, 11

Skelly Oil v. Phillips Petroleum, 339 US 667 (1950)..................................................................18

Starr v. Baca, 633 F.3d 1191 (9th Cir. 2011) ...............................................................................9

Sutton v. Providence St. Joseph Medical Center,
        192 F.3d 826 (9th Cir. 1999) ............................................................................................12

Sweezy v. State of New Hampshire., 354 U.S. 234  (1957)........................................................19

Tahoe-Sierra Preservation Council v. Tahoe Reg'l
        Planning Agency, 216 F.3d 764 (9th Cir. 2000).............................................................12

Tyrolf v. Veterans' Administration, 82 F.R.D. 372 (E.D. La. 1979) .....................................10, 11

---

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

Case No. 3:17-CV-03511-WHO

Whitmore v. Arkansas, 495 U.S. 149 (1990) ...............................................................20

Will v. Michigan Dept. of State Police, 491 U.S. 58.................................................22

Williams v. Alabama State Univ., 102 F.3d 1179 (11th Cir. 1997) ...........................17

**Federal Rules of Civil Procedure**

Rule 8(a)(2)....................................................................................................9

Rule 15(a)(2)..................................................................................................24

**<u>STATEMENT OF ISSUES TO BE DECIDED</u>**

1.  Whether a person who is listed as a defendant only in the caption of the Complaint and not in the description of parties or anywhere else is truly a defendant in the action.

2.  Whether the allegations made against Dr. Abdulhadi, taken as true, allege any facts showing that she directly caused any of the Plaintiffs any harm to a constitutionally protected right or interest.

3.  Whether the allegations against Dr. Abdulhadi concern speech and activities, protected by the First Amendment.

4.  Even if the plaintiffs were somehow able to credibly allege that the speech and activities undertaken by Dr. Abdulhadi were undertaken in her individual capacity, whether any of them violated a constitutional right of Plaintiffs that was clearly established in light of the specific context of the case.

5.  Whether any of the Plaintiffs are able to credibly allege a likelihood that they will again suffer injury to a clearly established constitutionally protected interest at the hands of Dr. Abdulhadi.

6.  Whether the Eleventh Amendment Bars Plaintiffs' Claims Against Dr. Abdulhadi.

**7.**   Whether, given the nature of these pleadings, the interests of justice would be served by denying Plaintiffs leave to amend.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I)   SUCCINCT STATEMENT OF THE RELEVANT FACTS

Since the local rules only require recitation of the relevant facts, and so very few of the facts advanced by Plaintiffs are relevant, it is easy to be succinct in this section.  Essentially, Plaintiffs have brought suit against a number of individuals because they disagree with their political views.

In a 73-page Complaint, Plaintiffs demand legal and equitable relief for purported civil rights violations without ever naming Dr. Abdulhadi as a defendant.  Most of the allegations constitute irrelevant propaganda that goes back to as far as 1968 and rely on an intentionally distorted and self-serving understanding of anti-Semitism.  The essence of Plaintiffs' grievance concerns two claims: (1) student protest of an event where Nir Barkat, the Mayor of Jerusalem intended to speak on April 6, 2016; (2) the alleged exclusion of the Hillel organization from a "Know Your Rights" Fair in February 2017.  The Complaint contains no allegations that Dr. Abdulhadi was involved in either of these incidents.

Curiously, Plaintiffs attribute six actions to Dr. Abdulhadi that are completely unrelated to these two events.  Plaintiffs complain that Dr. Abdulhadi (1) acted as a faculty adviser of the General Union of Palestine Students ("GUPS")[1]; (2) co-founded the U.S. Campaign for the Academic and Cultural Boycott of Israel[2]; (3) participated in political events;[3] (4) traveled to the

---

[1] Complaint, p. 14, para. 53.
[2] Complaint p. 15, para. 56
[3] Complaint, p. 16, para. 57-59

Middle East to conduct research in 2014,[4] (5) helped develop a student exchange program between San Francisco State University (SFSU) and An-Najah National University in Palestine;[5] (6) downgraded students in her class based on political views rather than merit.[6]  Despite (or perhaps because of) the absence of any relationship between these assertions and Plaintiffs' claimed injuries Plaintiffs never state that Dr.  Abdulhadi has somehow harmed them, and do not even describe her as a party in the body of the Complaint.  Although Dr. Abdulhadi does not know if she *is* actually a defendant, since the Sixth Cause of Action seeks relief against "all Defendants", out of an abundance of caution, Dr. Abdulhadi moves for dismissal of the Complaint..

## II)    ARGUMENT

Rule 8(a)(2) of the Federal Rules of Civil Procedure (FRCP) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  The "allegations in a complaint  . . . must be sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it."  Starr v. Baca, 633 F.3d 1191, 1204 (9th Cir. 2011).  Since this Complaint fails to meet even these standards it should be dismissed.  See Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

### A)    Incorporation of Moving Papers Submitted by the University and the Named Individual Defendants.

The University and the individually named defendants in this matter have filed related motions to dismiss and strike.  To the extent favorable to Dr. Abdulhadi, Dr. Abdulhadi hereby

---

[4] Complaint, p. 52, para 133.
[5] Complaint, p. 53, para. 135.
[6] Alleged purely upon information and belief, Complaint, p. 53, para. 136.

incorporates all of the defendants' arguments to the extent they are not inconsistent with the arguments asserted herein and limited to the first, second, third, fourth and sixth purported causes of action.

### B)    Plaintiffs Fail to Properly Name Dr. Abdulhadi as a Defendant.

The allegations in the body of the Complaint, rather than the caption page, determine whether someone is or is not a defendant in a lawsuit.  Hoffman v. Halden, 268 F.2d 280, 303-304 (9th Cir. 1959); [reaffirmed in Rice v. Hamilton Air Force Base Commissary, 720 F.2d 1082, 1085 (9th Cir. 1983)]; see also Tyrolf v. Veterans' Administration, 82 F.R.D. 372, 374-375 (E.D. La. 1979).

Plaintiffs specifically name the various defendants in the present lawsuit at pages 6 to 10 of the Complaint.  Dr. Abdulhadi is absent from this list and is therefore not a defendant in Plaintiffs' Complaint and any purported causes of action against her must fail as a matter of law.

Although Plaintiffs' Sixth Claim for Relief is asserted against all defendants,[7] Dr. Abdulhadi is not alleged to be a defendant in this action anywhere in the body of the Complaint. Since it is the allegations in the body of the Complaint which determine who is a defendant in the action, as held in Hoffman, Rice, and Tyrolf, supra, and the Sixth Claim for Relief is clearly not pled against Dr. Abdulhadi, it should be dismissed with prejudice as to her.

Plaintiffs' first and second purported causes of action begin by stating that each is asserted against 11 individually named defendants, but Dr. Abdulhadi is not amongst them.[8] The Third and Fourth Causes of Action are asserted against 9 named defendants, referred to therein

---

[7] Complaint, p. 70: 22.
[8] Complaint, p. 61:12-13; p. 63: 6-8.

as the "KYR Individual Defendants", and again Dr. Abdulhadi is not named as one of them.[9] [10]

The Fifth Cause of Action under Title VI is pled only against California State University

("CSU") and San Francisco State University ("SFSU").[11]

Since it is the allegations in the body of the Complaint which determine who is a

defendant in the action,[12] and the allegations in the first, second, third, fourth and fifth Claims for

Relief explicitly exclude Dr. Abdulhadi from the defendants against whom they are pled, these

claims should also be dismissed with prejudice as to her.

### C)    Plaintiffs' Allegations Against Dr. Abdulhadi Do Not Give Rise to Any Feasible Cause of Action.

Plaintiffs seek to inflict "massive punishments" upon Dr. Abdulhadi[13] for the following

sins: (1) being a faculty adviser to a registered campus student group, the GUPS[14]; (2) co-

founding the U.S. Campaign for the Academic and Cultural Boycott of Israel[15]; (3) being

involved with political events[16]; (4) traveling to the Middle East to conduct research in 2014[17];

(5) helping develop a student exchange program between SFSU and An-Najah National

---

[9]  Complaint, p. 65: 4-6.
[10] Complaint, p. 67: 4-5.
[11] Complaint, p. 69: 3-4.
[12] See Hoffman, Rice, and Tyrolf, supra.
[13]  Speech by plaintiffs' counsel, Brooke Goldstein:  "The goal is to … to send a message, a deterrent message, that similar actions such as those that they engage in will result in massive punishments."  https://www.youtube.com/watch?v=iSm22DhzC6k, at 30:47-30:56 in the video. Last accessed August 19, 2017.  Dr. Abdulhadi does not advance these remarks as a separate basis for ordering dismissal, but to give the Court a better understanding of the assumptive bases of the Complaint.
[14] Complaint, p. 14, para. 53.
[15] Complaint, p. 15, para. 56
[16] Complaint, p. 16, para. 57-59,
[17] Complaint, p. 52, para 133.

University in Palestine[18]; and (6) grading students in her class based on political preferences rather than merit.[19]   Even if every word were true, there is no nexus to the alleged protest of Mayor Barkat's speech or Hillel's alleged exclusion from the "Know Your Rights" Fair.

Most importantly, Plaintiffs do not, and indeed can not show that any of Dr. Abdulhadi's alleged conduct caused them harm, which is doubtless why Dr. Abdulhadi went unnamed in the first five causes of action.  =There are no allegations that Dr. Abdulhadi's conduct harmed Plaintiffs' rights or directly injured them.  On this basis alone, the Complaint fails as to Dr. Abdulhadi.  The first four causes of action are all grounded in 42 U.S.C. §1983, to which charges of vicarious liability are simply inapplicable.  Defendants do not, and indeed can not allege that Dr. Abdulhadi was somehow involved in depriving them of their rights.  Jones v Williams, 297 F.3d 930, 934 (9th Cir. 2002).   The plaintiffs must allege facts sufficient to raise the allegation that Dr. Abdulhadi's conduct was the actionable cause of their claimed injuries.  Tahoe-Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency, 216 F.3d 764, 783 (9th Cir.) 2000. The Plaintiffs have utterly failed to allege any nexus between Dr. Abdulhadi and the alleged denial of their civil rights.  Arnold v. International Business Machines Corp., 637 F.2d 1350, 1356-1357 (9th Cir. 1981).   Whether the courts treat this as a question of "proximate cause" or a question of whether Dr. Abdulhadi, were she alleged to be acting as an individual, acted under "color of state law", their claim still fails as it cannot show a nexus between her and any of the other defendants' allegedly wrongful acts, a required element of these cases.  Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 838, fn. 5 (9th Cir. 1999).

---

[18] Complaint, p. 53, para. 135.
[19] Complaint, p. 53, para. 136.

In sum, the stated allegations on their face fail to implicate adverse legal interests and fail to establish real and non-speculative injuries to Plaintiffs. For this reason, the entire complaint should be dismissed as to Dr. Abdulhadi.

### 1) Co-Founding a Political Organization

Plaintiffs complain that Dr. Abdulhadi "co-founded the U.S. Campaign for the Academic and Cultural Boycott of Israel."[20] Although it is entirely unclear how this allegation could conceivably create a cause of action against Dr. Abdulhadi especially since this organization does not appear anywhere else in the Complaint, it speaks volumes about why Dr. Abdulhadi has been sued – to punish her for advocating justice for/in Palestine.

### 2) "Integral involvement" in Academic and Political Events

Plaintiffs seek to punish Dr. Abdulhadi for criticizing Israel and apparently want to enjoin her from speaking out in the future in a way that is not consistent with their political beliefs. The irony that a lawsuit demanding relief for violations of civil rights is merely a cloak to suppress freedom of expression reveals the inherent frivolity of Plaintiffs' claims.

Plaintiffs object to three of Dr. Abdulhadi's alleged political actions: (a) speaking at an academic conference[21]; (b) drafting a brochure in honor of the inauguration of the Palestinian mural;[22] (c) being "integrally involved" in other academic conferences (that occurred in 2009) that Plaintiffs describe as anti-Israeli.[23]

These are classic examples of Dr. Abdulhadi exercising her First Amendment rights. Plaintiffs have not and cannot allege that such actions are illegal or constitute other established

---

[20] Complaint, p. 15:15-16.
[21] Complaint, p. 16, para. 57.
[22] Complaint, p. 16, para. 58.
[23] Complaint, p. 16, para. 59.

exceptions to freedom of speech and expression.  Plaintiffs' complain about a ***brochure*** Dr.

Abdulhadi allegedly ***drafted*** without explaining how this violates their civil rights.  Absurdly, the

very paragraph in which this allegation appears admits that the image complained about by the

nebulously defined "Jewish Community" was never even painted after objections were voiced.[24].

Plaintiffs' implicit claim that they represent this undefined "Jewish Community" is unsupported,

and is impossible to assess since Plaintiffs fail to identify which of them objected to the mural at

all.  It is equally mystifying how Plaintiffs could have been harmed by a brochure that Plaintiffs

admit was never even published.

      Finally, the allegation that Dr. Abdulhadi was "integrally involved" with other academic

conferences is fatally vague. In addition to Plaintiffs' inevitable inability to overcome Dr.

Abdulhadi's constitutional protections in participating in academic conferences, the Complaint

does not point to a single specific act by Dr. Abdulhadi that violated their civil rights.  Labels

and conclusions such as "integrally involved" are insufficient to survive a motion to dismiss.

Bare assertions and conclusory allegations that amount only to a formulaic recitation of the

elements of a claim are insufficient.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Although here

plaintiffs stunningly failed to do even that.)  "[F]or a complaint to survive a motion to dismiss,

the non-conclusory 'factual content' and reasonable inferences from content, must be plausibly

suggestive of a claim entitling the plaintiff to relief."  Moss v. United States Secret Service 572

F.3d 969, 969 (9th Cir. 2009). *Also see* al-Kidd v. Ashcroft, 580 F.3d, 949, 956 (9th Cir. 2009).

      3)   Research in the Middle East

      Plaintiffs attack an academic who is a recognized expert on Palestinian, Arab, Muslim

---

[24] Complaint, p. 16:15-16.

and Middle East affairs for traveling to the Middle East to conduct her research.[25]  Plaintiffs

complain that this research included meetings with representatives of designated terrorist

organizations.  Dr. Abdulhadi's role as an academic is to conduct research even if that research

involves meeting and interviewing individuals who Plaintiffs do not like.[26]   The First

Amendment also protects such actions.  Further, Plaintiffs never explain how they were harmed

by Dr. Abdulhadi meeting with people they do not like.

> 4) <u>Student Exchange Program</u>

Allegations that Dr. Abdulhadi arranged a student exchange program are not actionable

for the same reasons as her research in the Middle East.  Namely, there are no allegations that

this exchange program harmed Plaintiffs.  Plaintiffs may argue that this program puts them in

danger.  However, if this were the standard, then pro-Palestinian students could sue CSU for

allowing former IDF soldier Shachar Ben-David to attend SFSU (paragraph 130 of the

Complaint concedes that this individual attended SFSU).  If the standard, which the Plaintiffs

insist that the Court adopt were to be implemented, then students who sympathize with Palestine

could have sued SFSU for allowing Mayor Barkat to come to campus and there should be an

additional lawsuit filed in this matter.

> 5) <u>Faculty Adviser of GUPS</u>

Although Plaintiffs allege that some students who were members of GUPS were

---

[25] Complaint, p. 52, par. 133.
[26] Plaintiffs do not state whether they are similarly upset that one of their counsel has also
"interviewed leaders of terrorist organizations, Hamas, al Aqsa, Islamic Jihad . . ."  Video of
Brooke Goldstein speech, https://www.youtube.com/watch?v=iSm22DhzC6k   28:37-28:43 , last
accessed August 18, 2017

disciplined as the result of a May 2002 incident[27] and allege various other wrongdoings against GUPS throughout the Complaint[28], the Complaint provides no allegations that Dr. Abdulhadi was involved in these alleged wrongdoings. Moreover, there is no possible amendment that could save this allegation, since Dr. Abdulhadi did not even joined the faculty until 2007, five years after this alleged incident.   As such, there is no legal or factual basis to impute GUPS' alleged misconduct to Dr. Abdulhadi.

6)   <u>Politicizing Grades</u>

In addition to being pled on information and belief, there are no explanations of how the Plaintiffs were harmed by this alleged practice in Dr. Abdulhadi's class.  What is more, there are no allegations that any of Plaintiffs were even in any of Dr. Abdulhadi's classes.  Strikingly, not even these Plaintiffs alleged that any such discrimination had a religious basis.  As such, Plaintiffs have failed to allege prejudice and therefore, have not established standing to sue on this ground.

**D)**     **Dr. Abdulhadi Enjoys Qualified Immunity From Liability for the First Four Causes of Action**

As a state official performing discretionary functions, even when sued as an individual for alleged violations of civil rights, Dr. Abdulhadi is entitled to qualified immunity because her conduct has not violated "clearly established statutory or constitutional civil rights of which a reasonable person would have known." <u>Moss v. United States Secret </u>Service, 711 F.3d 941, 956 (9th Cir. 2013), quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982).  Yet here Plaintiffs are hard-pressed to articulate any colorable civil rights theory, and are forced to import (and to

---

[27] Complaint p. 14, para. 52.
[28] See e.g. Complaint p. 2, para 6 wherein Plaintiffs allege that GUPS "commandeered the [Barakat] event and shut it down."

misstate and exaggerate, at that) a State Department definition which has never been applied by a court in an academic context.  The question for this Court is whether, taken in the light most favorable to Plaintiffs, a constitutional right has actually been violated, and, if so, "whether the right was *clearly established in light of the specific context of the case.*"  al-Kidd , *id.*, at 964 (emphasis added.)  There is simply no way for the Plaintiffs to meet the first prong of al-Kidd as to Dr. Abdulhadi, much less the second prong, since every act Dr. Abdulhadi is alleged to have committed is discretionary, and not ministerial.  Harlow at 816.

Although the question of qualified immunity normally arises at summary judgment, it can and should be granted on a 12(B)(6) motion where the facts are established on the face of the complaint without further need for factual review.  Groten v. California, 251 F.3d 844, 851 (9th Cir. 2001). Compare Williams v.  Alabama State  Univ., 102 F.3d 1179, 1182 (11th Cir. 1997) with Courtright v. City of  Battle Creek, 839 F.3d 513, 518 (6th Cir. 2016).

**E)**    **In Her Individual Capacity Dr. Abdulhadi Enjoys Qualified Immunity From Liability for the Sixth Cause of Action Because Declaratory Judgement via the Declaratory Judgement Act and via 42 U.S.C. § 1983 Are Identical**.

That the Sixth Cause of Action seeks declaratory relief under the Declaratory Judgment Act rather than 42 U.S.C. §1983 does not allow plaintiffs to strip Dr. Abdulhadi of her qualified immunity protections because the Declaratory Judgement Act merely authorizes a remedy where another cognizable violation has occurred.  It cannot be used to bootstrap jurisdiction where this is none.  The Act is a "procedural device that was  designed to provide a new remedy to the federal courts' arsenal" in a case of actual controversy. It does not, by itself, confer jurisdiction on a court to hear a particular case. Chevron Corp. v. Camacho Naranjo, 667 F.3d 232, 244-245 (2nd Cir. 2012) [declaratory judgment requires an independent, separate, valid legal predicate]. Accord, Del Monte Int'l GmbH v. Del Monte Corp., 995 F.Supp.2d 1107, 1124 (C.D. Cal.

2014); <u>Hummel v. Northwest Trustee Servs.</u> 180 F.Supp.3d 798, 810 (W.D. Wash. 2016)

Thus, the failures fatal to the first four causes of action are also fatal to the sixth purported cause of action.

**F)      Plaintiffs Fail to Establish Subject Matter Jurisdiction.**

The essential allegation upon which Plaintiffs base their complaint is the allegation that Defendants engaged in anti-Semitic actions.[29]  In this regard, Plaintiffs rely upon a distorted[30] U.S. State Department definition of anti-Semitism.[31]  At a basic level, the definition is not an element of any cause of action and is thus irrelevant and subject to a motion to strike (which Dr. Abdulhadi has also filed concurrently with the present motion).

Plaintiffs assert six purported causes of action.  Yet, Plaintiffs explicitly exclude Dr. Abdulhadi from the first five causes of action.  Since Plaintiffs do not identify Dr. Abdulhadi as a party in the Complaint, Dr. Abdulhadi does not have adequate notice as to whether "all defendants" includes Dr. Abdulhadi.  Nothing in the Complaint indicates that Dr. Abdulhadi has injured any constitutional right of the plaintiffs, *at* all, much less that she will injure the plaintiffs' constitutional rights imminently or otherwise.

**1)      Plaintiffs' Cause of Action for Declaratory Relief Fails to State an Actual Controversy.**

The Declaratory Judgment Act does not confer an independent basis for federal court jurisdiction.  <u>Skelly Oil v. Phillips Petroleum</u>, 339 US 667, 671-72 (1950).  A viable claim under

---

[29] See Generally Complaint, p. 11:1 to 16: 28.
[30] As explained at length in Dr. Abdulhadi's accompanying Motion to Strike, Plaintiffs' misrepresent the U.S. State Department definition of anti-Semitism in their Complaint.
[31] Complaint, p. 10:8-27.

the Declaratory Judgment Act requires that the face of the complaint establish subject matter jurisdiction.  Heimann v. National Elevator, 187 F.3d 493, 510-11 (5th Cir. 1999).

A party seeking declaratory relief must establish an actual controversy.  Calderon v. Ashmus, 523 US 740, 745 (1998).  An actual controversy is a substantial dispute "between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  Maryland Casualty v. Pacific Coal, 312 US 270, 273 (1941).  In other words, an actual controversy is inextricably tied to concrete and demonstrable injuries. Biodiversity Legal v. Badgley, 309 F.3d 1166, 1172 (9th Cir. 2002). The Complaint utterly fails to establish an actual controversy between Plaintiffs and Dr. Abdulhadi.

With respect to Dr. Abdulhadi, the subject complaint contains limited allegations which were summarized *supra* at pp. 14-16.

The stated allegations, even if assumed to be true, are entirely unmoored from any claimed statutory or constitutional violation and fail to establish any statutory or constitutional injury suffered by Plaintiffs at the hands of Dr. Abdulhadi.

In other words, the stated allegations have no material or concrete application to a justiciable controversy.   Broadly read, the Complaint simply alleges that Plaintiffs and Dr. Abdulhadi share different political views that largely concern the Israeli-Palestinian conflict. Needless to say, political speech is afforded First Amendment protection.  Buckley v. Valeo, 424 US 1, 14 (1976).  That speech is especially important on a college campus. See, e.g., Healy v. James, 408 U.S. 169, I 80 (1972); Keyishian v. Bd. of  Regents, Univ. of State of N.Y, 385 U.S. 589, 603 (1967); Sweezy v. State of New Hampshire., 354 U.S. 234, 250 (1957). For First Amendment purposes "civil liability…is treated no less stringently than direct regulation on speech."  In re Orthopeadic Bone Screw Litigation, 193 F.3d 781, 792 (3rd Cir. 1999).

1
2
3
4
5
6

"[R]equiring [a defendant] to stand trial… predicated solely on [the defendants'] exercise of its First Amendment freedoms could generally chill the exercise of the freedom of association by those who wish to contribute to, attend meetings of, and otherwise associate with…organizations that engage in public advocacy and debate."  In re Asbestos School Litigation, 46 F.3d 1284, 1295-96 (3rd Cir. 1994).

7
8

        **2)**        **The Plaintiffs Lack Standing to Bring a Claim for Declaratory Relief Against Dr. Abdulhadi.**

9
10
11
12
13
14
15
16
17
18
19
20

To bring a claim for equitable relief, each plaintiff must individually establish that he or she has standing with respect to both damages and equitable relief. Hodgers-Durgin v. De La Vina, 199 F.3d 1037, 1040-1042 (9th Cir. 1999). All plaintiffs seeking equitable relief must show that (1) they are likely to suffer future injury; (2) they are likely to suffer such injury at the hands of the defendant against whom such relief has been sought; and (3) that the relief sought will likely prevent such injury from occurring.  Cone Corp. v.  Florida  Dep't of Transp., 921 F.2d 1190, 1203-1204 (11th Cir. 1991) [citing, inter alia, Whitmore v. Arkansas, 495 U.S. 149. 155-156 (1990).  Since none of the Plaintiffs can even show that Dr. Abdulhadi has injured them *at all*, they cannot establish that she will injure them in the future.  They therefore lack standing to bring a claim for declaratory judgment. Cone, supra, at 1205.

21
22
23
24
25
26

Further, standing to seek injunctive relief requires not only injury-in-fact, traceability of causation, and redressability.  It also requires a sufficient likelihood that each plaintiff will be wronged in a similar way in the future.  See, Ervine v. Desert View Regional Medical Center Holdings, LLC, 753 F.2d 862, 867 (9th Cir. 2014), denying standing where the plaintiff could not establish a real and immediate threat of future similar harm.

27
28

At heart, Plaintiffs' claim is that, by being a member of the SFSU's Ethnic Studies faculty and by participating in university-sanctioned academic activities, Dr. Abdulhadi is inherently injuring them.

Even assuming that Plaintiff's allegations have merit, Plaintiffs are claiming that Dr. Abdulhadi's participation in university-sanctioned academic activity is an injury to the *Plaintiffs'* First Amendment rights. This is presumably because the Plaintiffs disagree with Dr. Abdulhadi's views, the positions espoused by conferences she attended, or the organizations with which she has, in an official capacity, fostered collaboration with on behalf of SFSU.

Authorized academic activity is not an injury. Dr. Abdulhadi's activity does not interfere with Plaintiffs' First Amendment rights at all. Her speech does not suppress theirs. Neither does Dr. Abdulhadi's activity deprive Plaintiffs of equal protection of the laws. The continuation of Dr. Abdulhadi's academic activity cannot injure plaintiffs in the future. Injunctive relief is unavailable to defendants who cannot show a likelihood of future harm, City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983), and for declaratory relief, such a case is unripe and cannot be heard. Abbott Labs. v. Gardner, 387 U.S. 136, 148 (1967).

        **3)**     **Plaintiffs' Purported Sixth Cause of Action Fails to Provide Fair Notice of the Basis for Relief.**

The Complaint although lengthy, utterly fails to charge Dr. Abdulhadi with actionable misconduct and fails to connect Dr. Abdulhadi to any harm Plaintiffs may have suffered. Accordingly, the Complaint fails to give fair notice to Dr. Abdulhadi of the basis for any liability or damage claim and should be dismissed. *See* pp. 9-10, *supra*.

**G)     The Eleventh Amendment Bars Plaintiffs' Monetary Claims Against Dr. Abdulhadi.**

Assuming arguendo that Plaintiffs have stated a claim against Dr. Abdulhadi and have named her as a defendant, Plaintiffs may only maintain an action for prospective relief.  Ex parte Young, 209 U.S. 123 (1908) permits Plaintiffs to seek to bar state officials from enforcing an unconstitutional state laws or policies.  Id., at 160 and 166. In application, Ex parte Young authorizes actions for prospective equitable relief against state officials acting in their official capacities.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 & fn 10 (1989); Jackson v. Hayakawa, 682 F.2d 1344, 1351 (9th Cir. 1982).  In this regard, the application of Ex parte Young "has been tailored to conform as precisely as possible to those specific situations in which… a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past…." Papasan v. Allain, 478 U.S. 265, 276-77 (1986).   In other words, a plaintiff is not entitled to declaratory relief absent a defendant's ongoing violation of federal law – i.e., a defendant's past misconduct does not trigger a right of action under the Declaratory Judgment Act because "the issuance of a declaratory judgment in these circumstances would have much the same effect as a full-fledged award of damages or restitution by the federal court, the latter kinds of relief being of course prohibited by the Eleventh Amendment."  Green v. Mansour, 474 U.S. 64, 64 & 73 (1985).

In this case, the face of Plaintiffs' Complaint demonstrates that claims against Dr. Abdulhadi fall outside the protective ambit of Ex parte Young.  That is to say, all the allegations that reference Dr. Abdulhadi pertain strictly to past events.  Generally speaking, Plaintiffs allege

that Dr. Abdulhadi engaged in past political speech and association activities.[32]  Suffice it to say, the Complaint is devoid of allegations of ongoing and continuous misconduct of the type that is necessary to trigger <u>Ex parte Young</u> protection.  Absent ongoing and continuous violations of federal law, Plaintiffs are not entitled to any form of relief against Dr. Abdulhadi as the Complaint is currently pled or could be reasonably amended.  Under these circumstances, Plaintiffs' Complaint should be dismissed insofar as it asserts official capacity claims against Dr. Abdulhadi.

A state official acts in an official capacity when the official acts as an authorized agent of the state.  A state official acts in an individual capacity when the official acts outside the scope of official duties.   <u>Nix v. Norman</u>, 879 F.2d 429, 431 (8th Cir. 1989).

Although the Complaint is silent as to Dr. Abduhadi's official and individual capacities, the Complaint indicates that the other individual defendants are named in both official and individual capacities.[33]  In any event, Plaintiffs' Complaint reflects threshold allegations that link Dr. Abdulhadi to CSU in her official capacity as an SFSU associate professor and faculty advisor.[34]  Moreover, Plaintiffs' Complaint is based upon allegations that link Dr. Abdulhadi to state sanctioned events and employment positions that necessarily trigger official duties.[35]  Accordingly, Plaintiffs have no viable individual capacity claims because their Complaint is premised upon the allegation that Dr. Abdulhadi acted as a CSU agent.  As such, Plaintiffs' Complaint is in all respects a suit against CSU – i.e., a suit against the State of California.

[32] Complaint, pp. 15:14-16:22; 23:7-9; 43:19-21; 44:25-27; 52:1-53:17.
[33] Complaint, p. 1, fn. 1.
[34] Complaint, p. 14:18-19.
[35] Complaint, p. 52:16-18; p. 53:6-20.

Mitchell v. Los Angeles Community College District, 861 F.2d 198, 201 (9th Cir. 1988) and Jackson, *supra* at 1350.   For this added reason, the Complaint fails as to Dr. Abdulhadi.

**H)**     **Plaintiffs Do Not Deserve to Leave to Amend.**

FRCP 15(a)(2) provides that the "court should freely give leave [to amend] ***when justice so requires***." (emphasis added).  District Courts generally consider four factors in deciding whether to deny leave to amend: "bad faith, undue delay, prejudice to the opposing party, and the futility of amendment."  Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994); Bahn v. Korean Airlines Co. (In re Korean Air Lines Co.), 642 F.3d 685, 701 (9th Cir. 2011).

Plaintiffs have not only failed to even include Dr. Abdulhadi as a defendant, they seek relief without asserting a single actual cause of action against her.  Furthermore, Plaintiffs have littered the Complaint with invective that is utterly irrelevant to the gravamen of the Complaint (i.e. the Mayor Barkat incident and Hillel's exclusion from the "Know Your Rights" Fair).  What is more, the allegations against Dr. Abdulhadi ironically (yet revealingly) seek to do the very thing that Plaintiffs claim to have suffered at SFSU: deny Dr. Abdulhadi her freedom of expression.  Such hypocrisy in pleading, even at this early stage, should be abjured.  Since Plaintiffs fall so short of meeting the applicable pleading standards, granting leave to amend would be futile and would frustrate, rather than serve the ends of justice by continuing to harass Dr. Abdulhadi for constitutionally protected acts and smear her reputation.  Accordingly, the Court should grant the present Motion without leave to amend.

**III)**     **CONCLUSION**

Plaintiffs appear to have forgotten the very purpose of the academy.  Namely that differing opinions and viewpoints are expressed on university campuses.  Such differences should be debated and embraced rather than litigated.  Plaintiffs cloak this in a civil rights

lawsuit claiming that their First Amendment rights have been violated. Ironically, however, once one scratches the surface, it becomes abundantly clear that it is in fact the Plaintiffs who seek to gain the upper hand in a political debate by demanding that this Court suppress Dr. Abdulhadi's First Amendment rights.

DATED: August 21, 2017                RESPECTFULLY SUBMITTED

**LAW OFFICE OF MARK ALLEN KLEIMAN**


By:   */s/ Mark Allen Kleiman, Esq.*

Mark Allen Kleiman, Esq.

**LAW OFFICES OF BEN GHARAGOZLI**
Ben Gharagozli, Esq.

**GAVIN, CUNNINGHAM & HUNTER**
Alan F. Hunter, Esq.
Elizabeth Gong Landess, Esq.
Attorneys for Dr. Abdulhadi

**LAW OFFICE OF ELIOT LEE GROSSMAN**
Eliot Lee, Grossman, Esq.
Of Counsel