MARK A. KLEIMAN (SBN 115919)
LAW OFFICE OF MARK ALLEN
KLEIMAN
2907 Stanford Ave. Venice, CA 90292
Telephone: (310) 306-8094
Facsimile: (310) 306-8491
Email: mkleiman@quitam.org

BEN GHARAGOZLI (SBN 272302)
LAW OFFICES OF BEN GHARAGOZLI
18336 Soledad Canyon Road, #2241
Canyon Country, CA 91386
Telephone: (661) 607-4665
Facsimile: (855) 628-5517
Email: ben.gharagozli@gmail.com

ALAN F. HUNTER (SBN 99805)
ELIZABETH GONG LANDESS (SBN
138353)
GAVIN, CUNNINGHAM & HUNTER
1530 The Alameda, Suite 210
San Jose, CA 95126
Telephone:  (408) 294-8500
Facsimile: (408 294-8596)
Email: hunter@gclitigation.com
           landess@gclitigation.com
Attorneys for RABAB ABDULHADI

ELIOT LEE GROSSMAN (SBN 76629)
LAW OFFICE OF ELIOT LEE
GROSSMAN
530 S Lake Ave. #731, Pasadena, CA 91101
Telephone: (626) 642-6279
Email: innjustice@protonmail.com
           Of Counsel

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB MANDEL, CHARLES VOLK, LIAM KERN, MASHA MERKULOVA, AARON PARKER, and STEPHANIE ROSEKIND; <br><br> Plaintiffs, <br> v. <br><br> BOARD OF TRUSTEES of the CALIFORNIA STATE UNIVERSITY, SAN FRANCISCO STATE UNIVERSITY, et al.; <br><br> Defendants. <br> _____ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No.: 3:17-CV-03511-WHO

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**(Filed concurrently with Motion to Strike and [Proposed] Order)**

Date:      November 8, 2017
Time:       2:00 p.m.
Location: Courtroom 2 (17th Floor)
Judge: William H. Orrick
Original Action Filed: June 19, 2017

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on November 8, 2017, at 2 pm before the Honorable William H. Orrick in Courtroom 2 on the 17th floor of the above-entitled Court located at 450 Golden Gate Avenue, San Francisco, CA 94102-3489, RABAB ABDULHADI, Ph.D. ("Dr. Abdulhadi") will move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") to dismiss as to her the First, Second, Third, Fourth, and Sixth Causes of action (i.e. "Claims for Relief) in Plaintiffs' First Amended Complaint.

Dr. Abdulhadi respectfully moves the Court to dismiss the Complaint without leave to amend pursuant to Rule 12(b)(6) for the following reasons:

(1) The allegations Plaintiffs assert against Dr. Abdulhadi do not give rise to any cause of action and have no relevance to any of the current purported causes of action.

(2) Plaintiffs basically complain that they disagree with Dr. Abdulhadi's political views and activities, which are protected by the First Amendment, and none of which actually harmed a constitutionally protected interest of Plaintiffs.

(3) Sued in her 'official capacity' Dr. Abdulhadi is absolutely immune from suit because suing her in her individual capacity is tantamount to a direct suit against the State, which is barred by the Eleventh Amendment

(4) Sued as an "individual", Dr. Abdulhadi enjoys qualified immunity because the FAC is devoid of facts that show she violated a clearly established law.

(5) Since Plaintiffs' responded to Dr. Abdulhadi's motion to dismiss their original complaint by simply adding allegations made on information and belief, there is no reason to make Dr. Abdulhadi suffer through another round of pleadings. The Complaint against her should be dismissed with prejudice.

1
2
3
4
5

   This Motion is based upon the Memorandum of Points and Authorities included herein, the existing record in this matter, the University documents which this Court is asked to judicially notice, and any such additional authority and argument as may be advanced in Dr. Abdulhadi's reply and during argument on this Motion.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DATED:  September 14, 2017          RESPECTFULLY SUBMITTED

                                    **LAW OFFICE OF MARK ALLEN KLEIMAN**


                                    By:   _/s/ Mark Allen Kleiman, Esq._____

                                    Mark Allen Kleiman, Esq.

                                    **LAW OFFICES OF BEN GHARAGOZLI**
                                    Ben Gharagozli, Esq.

                                    **GAVIN, CUNNINGHAM & HUNTER**
                                    Alan F. Hunter, Esq.
                                    Elizabeth Gong Landess, Esq.
                                    Attorneys for Dr. Abdulhadi

                                    **LAW OFFICE OF ELIOT LEE GROSSMAN**
                                    Eliot Lee, Grossman, Esq.
                                    Of Counsel

1

## **TABLE OF CONTENTS**

2
Page

3

4

TABLE OF AUTHORITIES..................................................................................iii

5

MEMORANDUM OF POINTS AND AUTHORITIES.................................1

6

I.    INTRODUCTION AND SUMMARY OF ARGUMENT.......................1

7

II.   STATEMENT OF ISSUES TO BE DECIDED.......................................2

8

III.  SUCCINCT STATEMENT OF RELEVANT FACTS.............................3

9

IV.  ARGUMENT...............................................................................................5

10

11    A.  Plaintiffs' Charging Allegations Against Dr. Abdulhadi
          Do Not Give Rise to Any Feasible Cause of Action......................5

12

13    B.  The Remainder of Plaintiffs' Allegations Against Dr. Abdulhadi Are
          Irrelevant and Do Not Give Rise to Any Feasible Cause of Action...........9

14

15            1)   Co-Founding a Political Organization................................9

16            2)   "Integral involvement" in Academic and Political Events............10

17            3)   Research in the Middle East.......................................11

18            4)   Student Exchange Program.......................................11

19            5)   Faculty Adviser of GUPS.......................................12

20
21            6)   Politicizing Grades.............................................12

22    C.  Plaintiffs Do Not Even Meet the Threshold Test
          of Establishing That They Have Standing to Sue........................12

23

24    D.  The Plaintiffs Are Barred by the Eleventh Amendment
          From Suing Dr. Abdulhadi in her Official Capacity......................13

25

26    E.  Dr. Abdulhadi is Also Entitled to Qualified Immunity Because
          Plaintiffs Cannot Allege She Violated a Clearly Established
          Constitutional Right or Caused Others Acting Under Color of

27        Law to Do So....................................................................14

28

1

2

F.   Because the First Through the Fourth Causes of Action Fail, Plaintiffs
     Cannot Seek Declaratory Judgement Against Dr. Abdulhadi.....................................15

3

G.   Plaintiffs Fail to Establish Subject Matter Jurisdiction.................................................17

4

H.   The First Amended Complaint Should Be Dismissed Because It Attacks
     Fundamental First Amendment Rights and Academic Freedoms................................18

5

6

I.   Plaintiffs Do Not Deserve Leave to Amend................................................................18

7

IV.    CONCLUSION.......................................................................................................................19

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF AUTHORITIES**

**Page**

Abbott Labs. v. Gardner, 387 U.S. 136 (1967)..........................................................16

al-Kidd v. Ashcroft, 580 F.3d, 949 (9th Cir. 2009) ...............................................11,14

Arnold v. International Business Machines Corp.,
  637 F.2d 1350 (9th Cir. 1981) ...........................................................................6

Bahn v. Korean Airlines Co. (In re Korean Air Lines Co.),
  642 F.3d 685 (9th Cir. 2011) ............................................................................19

Buckley v. Valeo, 424 US 1 (1976)..........................................................................19

Chevron Corp. v. Camacho Naranjo, 667 F.3d 232 (2nd Cir. 2012)........................17

City of Los Angeles v. Lyons, 461 U.S. 95  (1983) ....................................................16

Cone Corp. v.  Florida  Dep't of Transp., 921 F.2d 1190 (11th Cir. 1991)................16

Courtright v. City of  Battle Creek, 839 F.3d 513 (6th Cir. 2016) ..............................15

Del Monte Int'l GmbH v. Del Monte Corp.,
  995 F.Supp.2d 1107 (C.D. Cal. 2014) .............................................................17

Ervine v. Desert View Regional Medical Center Holdings, LLC,
  753 F.2d 862 (9th Cir. 2014) ............................................................................16

Ex parte Young, 209 U.S. 123 (1908) ..................................................................15,16

Groten v. California, 251 F.3d 844 (9th Cir. 2001)...................................................15

Harlow v. Fitzgerald, 457 U.S. 800 (1982) ..............................................................14

Healy v. James, 408 U.S. 169 (1972) ........................................................................18

Hodgers-Durgin v. De La Vina, 199 F.3d 1037 (9th Cir. 1999) ...............................16

Hummel v. Northwest Trustee Servs.  180 F.Supp.3d 798 (W.D. Wash. 2016)...........17

In re Asbestos School Litigation 46 F.3d 1284 (3rd Cir. 1994) ................................18

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In re Orthopeadic Bone Screw Litigation, 193 F.3d 781 (3rd Cir. 1999).......................................18

Jackson v. Hayakawa, 682 F.2d 1344 (9th Cir. 1982)......................................................................14,15

Jones v Williams, 297 F.3d 930 (9th Cir. 2002)..................................................................................6

Kaplan v. Rose, 49 F.3d 1363 (9th Cir. 1994)....................................................................................19

Keyishian v. Bd. of  Regents, Univ. of State of N.Y, 385 U.S. 589 (1967) ...................................18

Mitchell v. Los Angeles Community College District,
        861 F.2d 198 (9th Cir. 1988) ......................................................................................................14

Moss v. United States Secret Service 572 F.3d 969 (9th Cir. 2009) ...............................................11

Moss v. United States Secret Service, 711 F.3d 941(9th Cir. 2013) ...............................................14

Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671 (9th Cir. 1981) ....................................................5

Papasan v. Allain, 478 U.S. 265 (1986) ...............................................................................................15

Starr v. Baca, 633 F.3d 1191 (9th Cir. 2011) .....................................................................................5,8

Sutton v. Providence St. Joseph Medical Center,
        192 F.3d 826 (9th Cir. 1999) ......................................................................................................6

Sweezy v. State of New Hampshire, 354 U.S. 234(1957)...............................................................18

Tahoe-Sierra Preservation Council v. Tahoe Reg'l
        Planning Agency, 216 F.3d 764 (9th Cir. 2000).....................................................................6

Whitmore v. Arkansas, 495 U.S. 149  (1990) .....................................................................................16

Will v. Michigan Dept. of State Police, 491 U.S. 58..........................................................................15

Williams v. Alabama State Univ., 102 F.3d 1179 (11th Cir. 1997) ................................................15

**Federal Rules of Civil Procedure**

Rule 15(a)(2)...........................................................................................................................................18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.    <u>INTRODUCTION AND SUMMARY OF ARGUMENT</u>

In 77-pages of mostly irrelevant political complaints and over three dozen "facts alleged purely on "information and belief", Plaintiffs claim their civil rights were violated by a professor whose classes they never took and who had no direct or supervisory role in the events they claim violated those rights.  Their political grievances reach back as far as 1968 and rely on an intentionally distorted and self-serving redefinition of anti-Semitism that treats criticism of the Israeli government as though it were ethno-religious hatred.  The essence of the Plaintiffs' grievance concerns are: (1) pro-Palestinian students from a CSU campus disrupting an event where Nir Barkat, the Mayor of Jerusalem, intended to speak in April 2016; and (2) the exclusion of Hillel, a Jewish student organization, from a "Know Your Rights" fair in February 2017. Noting that their original complaint totally failed to tie Dr. Abdulhadi to either aspect of the grievance, Plaintiffs now allege – <u>on information and belief</u> – that Dr. Abdulhadi disregarded an SFSU non-discrimination policy as it applied to a Palestinian student organization's purported anti-Jewish stance towards the two stated events.   FAC at 27/24-28/5 & 63/12-19.  Plaintiffs also assert allegations that name Dr. Abdulhadi but that are completely unrelated to the two stated events.  The <u>information and belief</u> and other allegations completely fail to state a viable claim for relief despite this being Plaintiffs' second chance to do so.  With this in mind, the FAC

---

should be dismissed without leave to amend because Plaintiffs have no actionable facts that attach to Dr. Abdulhadi. [1]

## II.    STATEMENT OF ISSUES TO BE DECIDED

1.  Whether the allegations made against Dr. Abdulhadi, taken as true, allege any facts showing that she directly caused any of the Plaintiffs any harm to a constitutionally protected right or interest.

2.  Whether the allegations against Dr. Abdulhadi concern speech and activities, protected by the First Amendment.

3.  Whether the Plaintiffs allege actual facts sufficient to raise the plausible inference that Dr. Abdulhadi took any specific acts which violated a constitutional right of Plaintiffs that was clearly established in light of the specific context of the case.

4.  Whether any of the Plaintiffs are able to credibly allege a likelihood that they will again suffer injury to a clearly established constitutionally protected interest at the hands of Dr. Abdulhadi.

5.  Whether, given the nature of these pleadings (e.g. the uniquely poor pleadings and the fact that this is the second attempt that Plaintiffs have enjoyed to plead proper claims of relief), the interests of justice would be served by denying Plaintiffs leave to amend.

_____

[1] "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." McHenry v. Renne, 84 F3d 1172, 1180 (9th Cir. 1966). This quote describes the FAC: 77-pages of political grievances that fail to link actionable facts to actual legal claims against Dr. Abdulhadi.

### III.    SUCCINCT STATEMENT OF THE RELEVANT FACTS

Essentially, Plaintiffs have sued Dr. Abdulhadi because they disagree with her political views.  However, the essence of Plaintiffs' legal grievance concerns two claims: (1) a student protest of an event where Nir Barkat, the Mayor of Jerusalem intended to speak on April 6, 2016; (2) the alleged exclusion of the Hillel organization from a "Know Your Rights" Fair in February 2017.  The Complaint contains no allegations that Dr. Abdulhadi was involved in either of these incidents and merely alleges, on information and belief, that she did not properly direct the campus student group she advises, the General Union of Palestinian Students GUPS).[2]

Curiously, Plaintiffs attribute other actions to Dr. Abdulhadi unrelated to these two events.  Plaintiffs complain that Dr. Abdulhadi is:

**(1)** Director of the "Arab and Muslim Ethnicities and Diasporas Initiative (AMED)" at which she is a senior scholar.  FAC at 9/26-27;

**(2)** is a SFSU "Associate Professor of Ethnic Studies/Race and Resistance Studies."  FAC at 14/18-19;

**(3)** "conscripted" students to demand increased funding for the College of Ethnic Studies (COES).  FAC at 1/25 & 45/13-15;

**(4)** was "integrally involved" or a keynote speaker at academic conferences the Plaintiffs don't like FAC at 16/3-4 and 16/16-21;

---

[2] In the "Know Your Rights Fair" incident Plaintiffs admit that GUPS was only one of ten different organizations to organize the event.   FAC at 56/11-15.  In the other, (the Barkat speech), the "independent review" which Plaintiffs cite at FAC 22/2-6 and FAC 23/8-19 notes that the protest was aimed at Barkat, not at the students listening to him, and that some of student protesters were Jewish and some were members of groups other than GUPS.

---

**(5)** "spearheaded the establishment of a formal collaboration…" and student exchange program between SFSU and An-Najah National University…"  FAC at 54/24-55/4;

**(6)** was awarded a research grant to travel to the Middle East on a trip which was joined by at least one other faculty colleague, but "the real purpose of [the]… trip was to meet with representatives of designated Islamist terror organizations…."  FAC at 54/6-14;

**(7)** co-founded the U.S. Campaign for the Academic and Cultural Boycott of Israel FAC at 15/14-16;

**(8)** ***drafted*** a brochure to commemorate the unveiling of a mural that was "designed to" include an image Plaintiffs believe represented "the destruction of Israel as a Jewish state and… a violent means to target Jews…," but which did not include the image when it was put on display.  FAC at 16/8-15;

**(9)** has an academic profile page which Plaintiffs do not describe or reproduce but which they claim includes an image calling for "a terrorist mutiny by Palestinians against Jews in Israel."  FAC at 24/2-4;  **(10)** was mentioned in a social media post in which a third-person said he had been invited on the trip to Palestine "that culminated in" a memorandum of understanding regarding the student exchange program between SFSU and An-Najah National University. FAC at 55/5-12; **(11)** on information and belief, required students to pass an anti-Zionism "political litmus test…" to succeed in her class.  FAC at 55/13-15; and **(12)** wrote an article stating that the "Know Your Rights" Fair organizers excluded Hillel from the Fair.  FAC 62/20-24.

1

2    **IV.    ARGUMENT**[3]

3        The "allegations in a complaint  . . . must be sufficiently detailed to give fair notice to the

4    opposing party of the nature of the claim so that the party may effectively defend against it."

5    Starr v. Baca, 633 F.3d 1191, 1204 (9th Cir. 2011).  As the FAC fails to meet these standards it

6    should be dismissed. Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

7        **A)    Plaintiffs' Charging Allegations Against Dr. Abdulhadi Do Not Give Rise to**
            **Any Feasible Cause of Action.**

8

9        Plaintiffs seek to inflict "massive punishments" upon Dr. Abdulhadi[4] for the following

10   sins: (1) being a faculty adviser to a registered campus student group, the GUPS; (2) traveling to

11   the Middle East with another faculty colleague to conduct research; (3) helping develop a student

12   exchange program between SFSU and An-Najah National University in Palestine; (4) co-

13   founding an academic group they dislike, being involved with political events; and (5)

14   supposedly grading students (although not any of the Plaintiffs) in her class based on political

15   preferences rather than merit.

16

17       Even if every word were true, the only nexus Plaintiffs have alleged between Dr.

18   Abdulhadi and the two events at which they claim their rights were violated is on ***information***

19

20   ***and belief***.

21   _____

22       [3] The University and the individually named defendants in this matter have filed related
     motions to dismiss and strike.  To the extent favorable to Dr. Abdulhadi, Dr. Abdulhadi hereby

23   incorporates all of the defendants' arguments to the extent they are not inconsistent with the
     arguments asserted herein and limited to the first, second, third, fourth and sixth purported

24   causes of action.

25   [4] Speech by plaintiffs' counsel, Brooke Goldstein:  "The goal is … to send a message, a deterrent

26   message, that similar actions such as those that they engage in will result in massive
     punishments."  https://www.youtube.com/watch?v=iSm22DhzC6k, at 30:47-30:56 in the video.

27   Last accessed August 19, 2017.  Dr. Abdulhadi does not advance these remarks as a separate

28   basis for ordering dismissal, but to reveal to the Court the assumptive bases of the FAC.

Plaintiffs do not show that any of Dr. Abdulhadi's alleged conduct caused them harm. On this basis alone, the FAC fails as to Dr. Abdulhadi.  The first four causes of action are all grounded in 42 U.S.C. §1983, to which charges of vicarious liability are simply inapplicable. Defendants never allege that Dr. Abdulhadi played any role in depriving them of their rights. Jones v Williams, 297 F.3d 930, 934 (9th Cir. 2002).   The Plaintiffs must allege facts sufficient to raise the allegation that Dr. Abdulhadi's conduct was the actionable cause of their claimed injuries.  Tahoe-Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency, 216 F.3d 764, 783 (9th Cir.) 2000.  The Plaintiffs have failed to allege any nexus between Dr. Abdulhadi and the alleged denial of their civil rights, a required element of these cases.  Arnold v. International Business Machines Corp., 637 F.2d 1350, 1356-1357 (9th Cir. 1981).  Accord, Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 838, fn. 5 (9th Cir. 1999).

Plaintiffs allege that state actors have infringed their civil rights under the First and Fourteenth Amendments and bring suit under 42 U.S.C. §1983.  There is no vicarious liability for §1983 claims and Dr. Abdulhadi is not liable for the acts of others.  Jett v. Dallas Indep. Sch. Dist. 491 U.S. 701 736 (1989).   Plaintiffs must plead specific facts showing that Dr. Abdulhadi, "***through [her] own individual actions***, has violated the constitution." Hydrick v. Hunter, 669 F.3d 937, 942 (9th Cir. 2012) (emphasis added). "Conclusory allegations and generalities without any allegation of the specific wrong-doing by each Defendant" are not sufficient. Id.

Although "a complaint need not contain detailed factual allegations . . . it must plead enough facts to state a claim to relief that is plausible on its face." Cousins v. Lockyer, 568 F.3d 1063, 1067-68 (9th Cir. 2009) (internal quotation marks and citations omitted).  A claim is facially plausible only when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009)

(internal quotation marks omitted). "[C]onclusory allegations of law and unwarranted inferences are insufficient to avoid . . . dismissal" under this standard.  Cousins, 568 F.3d at 1067 (internal quotation marks omitted).  A court may reject as implausible, allegations that are too speculative to warrant further factual development.  Dahlia v. Rodriguez, 735 F.3d 1060, 1076 (9th Cir. 2013)

Although the Court must accept Plaintiffs' allegations as true and draw all reasonable inferences in favor of the plaintiff, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. (internal quotation marks omitted) Sepehry-Fard v. Department Stores Nat'l Bank 15 F.Supp.3d 984, 987 (N.D. Cal. 2014)   (Dismissing with prejudice Plaintiff's second amended complaint for failure to allege facts amounting to violations of the federal Fair Debt Collection Practices Act and the Telephone Consumer Protection Act.)   This Court in Sepehry-Fard noted that the plaintiff in that case failed to allege the content of any of the allegedly harassing calls, failed to allege when they were made, the number to which they were made, or even whether they were prerecorded, all elements of the torts involved.  Id. at 987-988.  Plaintiffs' allegations against Dr. Abdulhadi are just as murky, ambiguous and inadequate.

Dr. Abdulhadi, through her motion to dismiss the original complaint, already explained to the Plaintiffs why their pleading was deficient (Docket #044).  Nevertheless, like Sepehry-Fard, these Plaintiffs are unable to plead facts sufficient to make a cognizable legal theory plausible. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011).  Instead of pleading actual facts, Plaintiffs have simply guessed.  They make thirty-seven of their allegations on "information and belief".  Unable to honestly plead that Dr. Abdulhadi urged or even acquiesced in antisemitic activity or even the disruption of the Barkat speech, Plaintiffs simply claim that

1   "***on information and belief***" she "chose to disregard these advisor requirements as they applied

2   to GUPS' conduct surrounding the Barkat event, in violation of Plaintiff's rights."  FAC at 28/3-

3   5 (emphasis added).[5]

4

5        Plaintiffs guess that Dr. Abdulhadi knew there was going to be a protest to Mayor

6   Barkat's speech, guess she knew that the protest would involve a disruption of the speech, and

7   guess she went along with it – all without a wisp of real facts.

8        "The absence of specifics is significant because, to establish individual liability under 42

9   U.S.C. § 1983, "a plaintiff must plead that each Government-official defendant, through the

10  official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948.  Even

11  under a "deliberate indifference" theory of individual liability, the Plaintiffs must still allege

12  sufficient facts to plausibly establish the defendant's "knowledge of" and "acquiescence in" the

13  unconstitutional conduct of his subordinates.  Starr, 652 F.3d at 1206-07.  In short, Plaintiffs'

14  "bald" and "conclusory" allegations are insufficient to establish individual liability under 42

15  U.S.C. § 1983. See Iqbal, 129 S. Ct. at 1950-53; *cf.* Starr, 652 F.3d at 1216-17." Hydrick v.

16  Hunter, 669 F.3d at 942

17

18

19

20  _____

21      [5]  Plaintiffs ignore the fact that advisors merely *advise*.  They have not shown how Dr.
    Abdulhadi, in her advisory role, was in charge of directing a student group.  Plaintiffs
22  disingenuously fail to mention that the same SFSU documents stress that "[T]he advisor is a non-
    voting member and serves strictly in an advisory role . . . While the influence of the advisor is
23  necessary and valuable, *they are not responsible for the actions of the individual members or the
    organization as a whole.*"   "Overview of Faculty/Staff/Advisor Roles & Responsibilities"
24  http://www.sfsu.edu/~sicc/advisors.html, last accessed September 9, 2017.
25
26      Plaintiffs similarly omit the facts that, the University's Student Organization Advisor
    Orientation cautioned Dr. Abdulhadi to "[R]emember that organizations are for the students, the
27  role of the advisor is to advise in their decisions …." (p. 13) and that "[S]tudent orgs CAN voice
    whatever opinion they like following 1st amendment." (p. 21, emphasis in original.)
28

_____

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

Just as the stunning absence of facts is fatal to Plaintiffs' first and second causes of action for the alleged First Amendment violations, it is equally fatal to the third and fourth causes of action for the alleged Fourteenth Amendment violations.  In the eight pages the FAC devotes to the "Know Your Rights" Fair, the best the Plaintiffs can manage is to again allege "on inform-ation and belief" that Dr. Abdulhadi chose to disregard the same advisor "requirements".   FAC at 63/14-19 (emphasis added).    Plaintiffs again pile guess upon guess.  Plaintiffs again fail to tell the Court that according to the University, Dr. Abdulhadi's role as an advisor is to *advise*, not to direct, control, or supervise.  (Plaintiffs likewise fail to disclose that Dr. Abdulhadi's articles discussing this are review articles published in July 2017, nearly five months after the Fair.)

Yet again, instead of facts, we have guesses – the very "bald" and "conclusory" allegations that the Ninth Circuit in Hydrick and Supreme Court in Iqbal abjured.  The third and fourth causes of action against Dr. Abdulhadi fail and should be dismissed.

In sum, the stated allegations on their face fail to implicate adverse legal interests and fail to establish Dr. Abdulhadi's role in injuring Plaintiffs.  For this reason, the Court should dismiss the entire FAC as to Dr. Abdulhadi without leave to amend.

**B)    The Remainder of Plaintiffs' Allegations Against Dr. Abdulhadi Are Irrelevant and Do Not Give Rise to Any Feasible Cause of Action.**

### 1)    Co-Founding a Political Organization

Plaintiffs complain that Dr. Abdulhadi "co-founded the U.S. Campaign for the Academic and Cultural Boycott of Israel." Although it is entirely unclear how this allegation could conceivably create a cause of action against Dr. Abdulhadi especially since this organization does not appear anywhere else in the FAC, it speaks volumes about why Dr. Abdulhadi has been sued – to punish her for advocating justice for/in Palestine.

---

### 2) "Integral involvement" in Academic and Political  Events

Plaintiffs complain that Dr. Abdulhadi has criticized Israel and apparently want to enjoin her from speaking out in the future in a way that is not consistent with their political beliefs.  The irony that a lawsuit demanding relief for violations of civil rights is merely a cloak to suppress freedom of expression reveals the inherent frivolity of Plaintiffs' claims.

Plaintiffs object to three of Dr. Abdulhadi's alleged political actions: (a) speaking at an academic conference; (b) drafting a brochure in honor of the inauguration of the Palestinian mural (which the FAC admits was not published); (c) being "integrally involved" (without explaining how) in other academic conferences (that occurred in 2009) that Plaintiffs describe as anti-Israeli.

These are classic examples of Dr. Abdulhadi exercising her First Amendment rights. Plaintiffs have not and cannot allege that such actions are illegal or constitute other established exceptions to freedom of speech and expression.  Plaintiffs' complain about a brochure Dr. Abdulhadi allegedly ***drafted*** without explaining how this violates their civil rights.  In a subsequent admission that reveals the absurdity of Plaintiffs' claims, the very paragraph in which this allegation appears admits that the image complained about by the nebulously defined "Jewish Community" was never even painted after objections were voiced.  Plaintiffs' implicit claim that they represent this undefined "Jewish Community" is unsupported, and is impossible to assess since Plaintiffs fail to identify which of them objected to the mural at all.  It is equally mystifying how Plaintiffs could have been harmed by a brochure that Plaintiffs admit was never even published.

Finally, the allegation that Dr. Abdulhadi was "integrally involved" with other academic conferences has nothing to do with any alleged civil rights violation and runs afoul of Dr.

---

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

Abdulhadi's First Amendment rights.  Bare assertions and conclusory allegations that amount only to a formulaic recitation of the elements of a claim are insufficient Iqbal, at 678.  Although here Plaintiffs failed to do even that.  "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content' and reasonable inferences from content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  Moss v. United States Secret Service 572 F.3d 969, 969 (9th Cir. 2009). *See also* al-Kidd v. Ashcroft, 580 F.3d, 949, 956 (9th Cir. 2009).

### 3)  Research in the Middle East

Plaintiffs attack an academic who is a recognized expert on Palestinian, Arab, Muslim and Middle East affairs for traveling to the Middle East with a faculty colleague to conduct her research.  Plaintiffs complain that this research included meetings with representatives of designated terrorist organizations.  Dr. Abdulhadi's role as an academic is to conduct research even if that research involves meeting and interviewing individuals who Plaintiffs do not like.[6] The First Amendment also protects such actions.  Further, Plaintiffs never explain how they were harmed by Dr. Abdulhadi meeting with people they do not like.

### 4)  Student Exchange Program

Allegations that Dr. Abdulhadi arranged a student exchange program are not actionable for the same reasons as her research in the Middle East.  Namely, there are no allegations that this planned exchange program harmed Plaintiffs.  Plaintiffs may argue that this program puts them in danger.  However, if this were the standard, then pro-Palestinian students could sue CSU

___

[6] Although plaintiffs complain that Dr. Abdulhadi met with members of terrorist groups, they do not state whether they are similarly upset that one of their counsel has also "interviewed leaders of terrorist organizations, Hamas, al Aqsa, Islamic Jihad . . ."  Video of Brooke Goldstein speech, https://www.youtube.com/watch?v=iSm22DhzC6k   28:37-28:43 , last accessed August 18, 2017

___

for allowing former IDF soldier Shachar Ben-David to attend SFSU. (FAC at 52/12-14 concedes that this individual attended SFSU). If the standard, which Plaintiffs insist that the Court adopts were implemented, then students who sympathize with Palestine could have sued SFSU for allowing Mayor Barkat to come to campus and there should be an additional lawsuit filed in this matter.

### 5) Faculty Adviser of GUPS

Although Plaintiffs allege that some students who were members of GUPS were disciplined as the result of a May 2002 incident and allege various other wrongdoings against GUPS throughout the FAC, they never advance a single fact showing that Dr. Abdulhadi was involved in these alleged wrongdoings. No possible amendment could save this allegation, since Dr. Abdulhadi did not even join the faculty until 2007, five years after this alleged incident, and Plaintiffs simply advance guesses about the 2016-17 incidents.

### 6) Politicizing Grades

In addition to being pled on information and belief, there are no explanations of how the Plaintiffs were harmed by this alleged practice in Dr. Abdulhadi's class or that Plaintiffs were even *in* any of her classes. Strikingly, not even these Plaintiffs alleged that any discrimination had a religious basis. As such, Plaintiffs have failed to allege prejudice and therefore, have not established standing to sue on this ground.

### C) Plaintiffs Do Not Even Meet the Threshold Test of Establishing That They Have Standing to Sue

The basic principles of standing obligate plaintiffs to clearly demonstrate an injury in fact that fairly can be traced to the challenged action and is likely to be redressed by a

favorable decision.  <u>Imagineering v. Kiewit Pacific</u>, 976 F.2d 1303, 1307-08 (9th Cir.

1992).  The FAC fails to establish standing.

The <u>first and second causes of action</u> incorporate by reference the "information

and belief" allegation that Dr. Abdulhadi, as a faculty advisor, disregarded (and by

implication, did not enforce) a SFSU non-discrimination policy as it applied to an alleged

GUPS disruption of the Nir Barkat event.  FAC at 27/24-28/5, 65/21-22 & 67/16-17.  The

<u>third and fourth causes of action</u> incorporate by reference the "information and belief"

allegation that as a faculty advisor, Dr. Abdulhadi disregarded a SFSU non-discrimination

policy as it applied to an alleged GUPS attempt to exclude Hillel from a "Know Your

Rights" fair.  FAC at 27/24-28/5, 62/20-24 & 63/12-19.   The FAC fails, however, to set

forth facts that establish a distinct and concrete injury suffered by Plaintiffs traced to Dr.

Abdulhadi's purported disregard of a non-discrimination policy – at best, the FAC

describes an abstract injury attributable to third parties who Dr. Abdulhadi was supposed

to *advise* – not direct.  There are simply no alleged facts that link Dr. Abdulhadi's conduct

to any harm Plaintiffs may have suffered.  Since Plaintiffs have failed to establish standing

to assert claims against Dr. Abdulhadi the FAC should be dismissed.

> **D)    The Plaintiffs Are Barred by the Eleventh Amendment**
> **From Suing Dr. Abdulhadi in her Official Capacity**

Although the FAC at 1/28 (fn. 1) purports to name Dr. Abdulhadi in her individual

capacity as well as her official capacity, the principal charging allegation against Dr. Abdulhadi

concerns her role as a faculty advisor to a student group.  She was obligated to implement and

enforce a CSU/SFSU non-discrimination policy.  FAC at 27/24-27 and 63/14-18.  Since the FAC

is premised on the claim that she acted as an agent of CSU, As such, the FAC is in all respects a

suit against CSU – i.e., a suit against the State of California.  <u>Mitchell v. Los Angeles Community College District</u>, 861 F.2d 198, 201 (9th Cir. 1988) & <u>Jackson v. Hayakawa</u>, 682 F.2d 1344, 1350 (9th Cir. 1982).  For this added reason, the FAC fails as to Dr. Abdulhadi.[7]

        **E)**        **Dr. Abdulhadi is Also Entitled to Qualified Immunity Because Plaintiffs Cannot Allege She Violated a Clearly Established Constitutional Right or Caused Others Acting Under Color of Law to Do So**

        Dr. Abdulhadi is entitled to qualified immunity because her conduct has not violated "clearly established statutory or constitutional civil rights of which a reasonable person would have known." <u>Moss v. United States Secret </u>Service, 711 F.3d 941, 956 (9th Cir. 2013), quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982).  Yet here Plaintiffs are hard-pressed to articulate any colorable civil rights theory, and are forced to import (and to exaggerate) a State Department definition which has been rejected by Stanford and other universities, and which has never been adopted by a federal court.   The first question for this Court is whether, taken in the light most favorable to Plaintiffs, a constitutional right has actually been violated, and, if so, "whether the right was *clearly established in light of the specific context of the case."* <u>al-Kidd</u> , *id.*, at 964 (emphasis added.)  So novel and indeed controversial a theory, that criticism of a government is tantamount to ethno-religious hatred is very far from "clearly established".

_____

[7] The FAC includes a request for injunctive relief, which cannot stand absent irreparable injury. <u>Weinberger v. Romero-Barcelo</u>, 456 U.S. 305, 312 (1982); <u>Stanley v. University Of Southern Calif.</u>, 13 F.3d 1313, 1320 (9th Cir. 1994).  Moreover, the risk of irreparable injury must be immediate <u>Caribbean Marine v. Baldridge</u>, 844 F.2d 668, 674 (9th Cir. 1988) and real – not conjectural. <u>Orantes-Hernandez v. Thornburgh</u>, 919 F.2d 549, 557 (9th Cir. 1990).  "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief…." <u>Steel Co. v. Citizens For A Better Environment</u>, 523 U.S. 83, 109 (1998).

The second question for this Court is whether, in the specific context of this case whether it is reasonable to hold Dr. Abdulhadi liable for the conduct of third parties when there are no facts suggesting she knew in advance of any planned denial of constitutional rights. And the very University documents which plaintiffs cite (but do not scruple to attach) repeatedly tell faculty advisors that their role is to advise, not direct, and that they are not liable for the conduct of the student groups or the groups' individual members. It is impossible to fairly say that Dr. Abdulhadi had a clearly established duty to control the students as a group or individually.

Although the question of qualified immunity normally arises at summary judgment, it can and should be granted on a 12(b)(6) motion where the facts are established on the face of the complaint without further need for factual review. Groten v. California, 251 F.3d 844, 851 (9th Cir. 2001). Compare Williams v. Alabama State Univ., 102 F.3d 1179, 1182 (11th Cir. 1997) with Courtright v. City of Battle Creek, 839 F.3d 513, 518 (6th Cir. 2016).

**F) Because the First Through the Fourth Causes of Action Fail, Plaintiffs Cannot Seek Declaratory Judgement Against Dr. Abdulhadi**

Ex Parte Young 209 U.S.123 (1908) teaches that the Eleventh Amendment does not bar actions against state officials if the action seeks to enjoin the state official from enforcing an unconstitutional state law. Ex Parte Young at 160 & 166. In application this permits actions for prospective equitable relief against state officials acting in their official capacities. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 & fn 10 (1989); Jackson v. Hayakawa, 682 F.2d 1344, 1351 (9th Cir. 1982). Thus the application of Ex Parte Young "has been tailored to conform as precisely as possible to those specific situations in which… a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past…." Papasan v. Allain, 478 U.S. 265, 276-77 (1986).

---

To bring a claim for equitable relief, each plaintiff must individually establish that he or she has standing with respect to both damages and equitable relief. <u>Hodgers-Durgin v. De La Vina</u>, 199 F.3d 1037, 1040-1042 (9th Cir. 1999). All plaintiffs seeking equitable relief must show that (1) they are likely to suffer future injury; (2) they are likely to suffer such injury at the hands of the defendant against whom such relief has been sought; and (3) that the relief sought will likely prevent such injury from occurring. <u>Cone Corp. v. Florida Dep't of Transp.</u>, 921 F.2d 1190, 1203-1204 (11th Cir. 1991) (citing, inter alia, <u>Whitmore v. Arkansas</u>, 495 U.S. 149. 155-156 (1990).

Standing to seek injunctive relief requires not only injury-in-fact, traceability of causation, and redressability. It also requires a sufficient likelihood that each plaintiff will be wronged in a similar way in the future. For instance, <u>Ervine v. Desert View Regional Medical Center Holdings, LLC</u>, 753 F.2d 862, 867 (9th Cir. 2014) denied standing where the plaintiff could not establish a real and immediate threat of future similar harm.

In this case, the face of the FAC demonstrates that Plaintiffs' claims against Dr. Abdulhadi fall outside the protective ambit of <u>Ex Parte Young</u>. All allegations about Dr. Abdulhadi pertain strictly to past events. The FAC is devoid of allegations of ongoing and continuous misconduct of the type necessary to trigger <u>Ex Parte Young</u> protection. Absent ongoing and continuous violations of federal law, Plaintiffs are not entitled to any form of relief against Dr. Abdulhadi. Under these circumstances, the FAC should be dismissed insofar as it asserts official capacity claims against Dr. Abdulhadi. Injunctive relief is unavailable to defendants who cannot show a likelihood of future harm, <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 105 (1983), and for declaratory relief, such a case is unripe and cannot be heard. <u>Abbott Labs. v. Gardner</u>, 387 U.S. 136, 148 (1967).

1
2
3
4
5
6
7
8
9
10
11
12

That the Sixth Cause of Action purports to seek relief under the Declaratory Judgment

Act rather than 42 U.S.C. §1983 does not allow plaintiffs to strip Dr. Abdulhadi of her immunity

because the Declaratory Judgement Act merely authorizes a remedy where another cognizable

violation has occurred.  It cannot be used to bootstrap jurisdiction where this is none.  The Act is

a "procedural device that was designed to provide a new remedy to the federal courts' arsenal" in

a case of actual controversy. It does not, by itself, confer jurisdiction on a court to hear a case.

Chevron Corp. v. Camacho Naranjo, 667 F.3d 232, 244-245 (2nd Cir. 2012) [declaratory

judgment requires an independent, separate, valid legal predicate].  Accord, Del Monte Int'l

GmbH v. Del Monte Corp., 995 F.Supp.2d 1107, 1124 (C.D. Cal. 2014); Hummel v. Northwest

Trustee Servs. 180 F.Supp.3d 798, 810 (W.D. Wash. 2016)

13
14

Thus, the failures fatal to the first four causes of action are also fatal to the sixth

purported cause of action.

15
16

**G)        Plaintiffs Fail to Establish Subject Matter Jurisdiction.**

17
18
19
20
21
22

The essential allegation upon which Plaintiffs base their complaint is the allegation that

Defendants engaged in anti-Semitic actions. FAC at 10/9-28.  In this regard, Plaintiffs rely upon

a distorted[8] U.S. State Department definition of anti-Semitism.  At a basic level, the definition is

not an element of any cause of action and is thus irrelevant and subject to a motion to strike

(which Dr. Abdulhadi has also filed concurrently with the present motion).

23
24
25
26
27
28

_____

[8] As explained at length in Dr. Abdulhadi's accompanying Motion to Strike, Plaintiffs'
misrepresent the U.S. State Department definition of anti-Semitism in their FAC.

_____

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

Case No. 3:17-CV-03511-WHO

1

2

**H)    The First Amended Complaint Should Be Dismissed Because It Attacks Fundamental First Amendment Rights and Academic Freedoms**

3

4    The stated allegations, even if assumed to be true, are entirely unmoored from any

5    claimed constitutional violation and fail to establish any constitutional injury suffered by

Plaintiffs at the hands of Dr. Abdulhadi.

6

7    In other words, the allegations have no material or concrete application to a justiciable

8    controversy.   Broadly read, the FAC simply alleges that Plaintiffs and Dr. Abdulhadi have

9    different political views that largely concern the Israeli-Palestinian conflict.  Needless to say,

10   political speech is afforded First Amendment protection.  Buckley v. Valeo, 424 US 1, 14

11   (1976).  That speech is especially important on a college campus. See, e.g., Healy v. James, 408

12   U.S. 169, I 80 (1972); Keyishian v. Bd. of Regents, Univ. of State of N.Y, 385 U.S. 589, 603

13   (1967); Sweezy v. State of New Hampshire., 354 U.S. 234, 250 (1957). For First Amendment

14   purposes "civil liability…is treated no less stringently than direct regulation on speech." In re

15   Orthopeadic Bone Screw Litigation, 193 F.3d 781, 792 (3rd Cir. 1999).  "[R]equiring [a

16   defendant] to stand trial… predicated solely on [the defendants'] exercise of its First Amendment

17   freedoms could generally chill the exercise of the freedom of association by those who wish to

18   contribute to, attend meetings of, and otherwise associate with…organizations that engage in

19   public advocacy and debate."  In re Asbestos School Litigation, 46 F.3d 1284, 1295-96 (3rd Cir.

20   1994).

21

22   **I)    Plaintiffs Do Not Deserve to Leave to Amend.**

23

24   FRCP 15(a)(2) provides that the "court should freely give leave [to amend] *when justice*

25   *so requires*." (emphasis added).  District courts generally consider four factors in deciding

26   whether to deny leave to amend: "bad faith, undue delay, prejudice to the opposing party, and the

27

28

---

futility of amendment." <u>Kaplan v. Rose</u>, 49 F.3d 1363, 1370 (9th Cir. 1994); <u>Bahn v. Korean Airlines Co. (In re Korean Air Lines Co.)</u>, 642 F.3d 685, 701 (9th Cir. 2011).

When confronted with Dr. Abdulhadi's motion to the original complaint Plaintiffs simply invented facts they imagine occurred "on information and belief". To conceal this weakness Plaintiffs have littered the Complaint with invective that is utterly irrelevant to the gravamen of the Complaint (i.e. the Mayor Barkat incident and Hillel's exclusion from the "Know Your Rights" Fair). Worse yet, the allegations against Dr. Abdulhadi ironically (yet revealingly) seek to do the very thing that Plaintiffs claim to have suffered at SFSU: deny Dr. Abdulhadi her freedom of expression. Such hypocrisy in pleading, even at this early stage, should be abjured. Indeed, the FAC comes no closer to stating a claim against Dr. Abdulhadi than did the Original Complaint.

Since Plaintiffs fall so short of meeting the applicable pleading standards, granting leave to amend would be futile and would frustrate, rather than serve the ends of justice by continuing to harass Dr. Abdulhadi for constitutionally protected acts and smear her reputation. Accordingly, the Court should grant the present Motion without leave to amend.

## V.   **<u>CONCLUSION</u>**

Plaintiffs appear to have forgotten the very purpose of the academy. Namely that differing opinions and viewpoints are expressed on university campuses. Such differences should be debated and embraced rather than litigated. Plaintiffs cloak this in a civil rights lawsuit claiming that their First Amendment rights have been violated. Ironically, however, once one scratches the surface, it is clear that the Plaintiffs seek to conscript the judicial process in giving them the upper hand in a political debate by demanding that this Court suppress Dr.

1   Abdulhadi's First Amendment rights.  Accordingly, the Court should dismiss the First Amended

2   Complaint as to Dr. Abdulhadi without leave to amend.

3   DATED:  September 14, 2017           RESPECTFULLY SUBMITTED

4                                       **LAW OFFICE OF MARK ALLEN KLEIMAN**

5

6                                       By:   /s/ Mark Allen Kleiman, Esq.

7                                       Mark Allen Kleiman, Esq.

8                                       **LAW OFFICES OF BEN GHARAGOZLI**
                                        Ben Gharagozli, Esq.
9

10                                      **GAVIN, CUNNINGHAM & HUNTER**
                                        Alan F. Hunter, Esq.
11                                      Elizabeth Gong Landess, Esq.
                                        Attorneys for Dr. Abdulhadi
12

13                                      **LAW OFFICE OF ELIOT LEE GROSSMAN**
                                        Eliot Lee, Grossman, Esq.
14                                      Of Counsel

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

Case No. 3:17-CV-03511-WHO