| | |
|---|---|
| Robb C. Adkins (SBN 194576) | Lawrence M. Hill (*pro hac vice*) |
| radkins@winston.com | lhill@winston.com |
| Krista M. Enns (SBN 206430) | Alexa Perlman (*pro hac vice*) |
| kenns@winston.com | aperlman@winston.com |
| Seth Weisburst (SBN 259323) | WINSTON & STRAWN LLP |
| sweisburst@winston.com | 200 Park Avenue |
| WINSTON & STRAWN LLP | New York, NY 10166-4193 |
| 101 California Street, 35th Floor | Telephone:  (212) 294-6700 |
| San Francisco, CA  94111-5840 | Facsimile:  (212) 294-4700 |
| Telephone:  (415) 591-1000 | |
| Facsimile:  (415) 591-1400 | |
| | |
| Steffen N. Johnson (*pro hac vice*) | Brooke Goldstein (*pro hac vice*) |
| sjohnson@winston.com | brooke@thelawfareproject.org |
| Lowell D. Jacobson (*pro hac vice*) | Amanda Berman (*pro hac vice*) |
| ljacobson@winston.com | amanda@thelawfareproject.org |
| Adrianne Rosenbluth (*pro hac vice*) | THE LAWFARE PROJECT |
| arosenbluth@winston.com | 633 Third Avenue, 21st Floor |
| WINSTON & STRAWN LLP | New York, NY 10017 |
| 1700 K Street, N.W. | Telephone:  (212) 339-6995 |
| Washington, D.C.  20006-3817 | |
| Telephone:  (202) 282-5000 | |
| Facsimile:  (202) 282-5100 | |

Attorneys for Plaintiffs
JACOB MANDEL, CHARLES VOLK,
LIAM KERN, MASHA MERKULOVA,
AARON PARKER, and STEPHANIE ROSEKIND

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB MANDEL, CHARLES VOLK, LIAM KERN, MASHA MERKULOVA, AARON PARKER, and STEPHANIE ROSEKIND,<br><br>Plaintiffs,<br><br>v.<br><br>BOARD OF TRUSTEES of the CALIFORNIA STATE UNIVERSITY, SAN FRANCISCO STATE UNIVERSITY, and, in their official and individual capacities, LESLIE WONG, MARY ANN BEGLEY, LUOLUO HONG, LAWRENCE BIRELLO, REGINALD PARSON, OSVALDO DEL VALLE, KENNETH MONTEIRO, RABAB ABDULHADI, BRIAN STUART, ROBERT NAVA, MARK JARAMILLA, VERNON PICCINOTTI, and SHIMINA HARRIS,<br><br>Defendants. | **Case No**. **3:17-CV-03511-WHO**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT RABAB ABDULHADI'S MOTION TO STRIKE ALLEGATIONS OF COMPLAINT [ECF 44]**<br><br>Date: November 8, 2017<br>Time: 2:00 p.m.<br>Location: Courtroom 2 (17th floor)<br>Judge: William H. Orrick<br><br>Complaint Filed: June 19, 2017<br>First Am. Complaint Filed: August 31, 2017 |

## I. INTRODUCTION

With her motion to strike, Defendant Rabab Abdulhadi seeks to excise Paragraph 43 of the Plaintiffs' First Amended Complaint ("FAC") in its entirety. But motions to strike are a "drastic remedy." *Reed v. Avis Budget Grp.*, No. 09-CV-01480 CW, 2009 WL 1299122, at *1 (N.D. Cal. May 11, 2009). Therefore, as the movant, Dr. Abdulhadi carries a heavy burden in showing that Paragraph 43 should be stricken. As explained below, she has not met her burden and she cannot. Therefore, her motion should be denied.

## II. BACKGROUND

This case proceeds on the FAC. ECF 57. While the initially filed complaint was pending, Dr. Abdulhadi filed a motion to strike Paragraph 42 thereof. ECF 44. After Plaintiffs filed the FAC, the parties agreed—and the Court so-ordered—that Dr. Abdulhadi need not re-file the motion to strike. ECF 74. However, the paragraph numbers changed in the FAC; therefore, the motion to strike challenges Paragraph 43 of the FAC. *Id.* Paragraph 43 of the FAC reproduces two items from the State Department website titled "Defining Anti-Semitism." One is the definition of anti-Semitism. The other is a series of examples of anti-Semitism.

According the Statement of Issues to Be Decided, the motion presents only a single issue: whether Paragraph 43 should be stricken because it has a "distorted version of the U.S. State Department's definition of Anti-Semitism." Mot. at 3:2-3. But the definition of anti-Semitism that appears on the State Department's website has been accurately quoted. *Compare* FAC *with* https://www.state.gov/s/rga/resources/267538.htm (visited Oct. 5, 2017). It appears that Dr. Abdulhadi's actual complaint about Paragraph 43 is threefold. First, she believes Plaintiffs have "distorted" certain examples of anti-Semitism listed on the State Department's website. More specifically, she argues that Plaintiffs "improperly conflate examples of Anti-Semitism that the Department of State lists with those [examples] the Department of State indicates ***could*** be instances of anti-Semitism." Mot. at 4:16-19 (emphasis in original). Second, Dr. Abdulhadi objects to the inclusion of the definition in the FAC at all, claiming that it is "immaterial and impertinent for the pleading stage as there is no legal authority indicating that the State Department's definition is binding upon this Court." *Id.* at 4:12-15. Third, in a parenthetical in her conclusion, Dr. Abdulhadi

1 summarily asserts that Plaintiffs have "fail[ed] to tell this Court that the definition's primary author
2 entirely opposes [the definition's] use in university environments." *Id.* at 5:8-10.  As to each of these
3 grounds, the motion to strike should be denied.

## III. LEGAL STANDARD

While Rule 12(f) allows a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter," motions to strike are disfavored, and "'should not be granted unless the matter to be stricken clearly *could have no possible bearing on the subject matter of the litigation*.'"  *San Francisco Herring Assoc. v. Pacific Gas and Elec. Co.*, No. 14-CV-04393-WHO, 2015 WL 8482187, at *1 (N.D. Cal. Dec. 10, 2015) ("*San Francisco Herring*") (emphasis added, citation omitted). Given their disfavored status, "courts often require some showing of prejudice by the moving party before granting a motion to strike." *Synopsys, Inc. v. Ubiquiti Networks, Inc.,* No. 17-CV-00561-WHO, 2017 WL 3485881, at *6 (N.D. Cal. Aug. 15, 2017).   Indeed, "[w]here the moving party cannot adequately demonstrate such prejudice, courts frequently deny motions to strike even though the offending matter literally [was] within one or more of the categories set forth in Rule 12(f)."  *New York City Emps. Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009).  To that end, "[i]n resolving a motion to strike, the pleadings must be viewed in the light most favorable to the nonmoving party." *Synopsis*, 2017 WL 3485881, at *6.

## IV. DR. ABDULHADI'S MOTION TO STRIKE SHOULD BE DENIED

As noted above, Dr. Abdulhadi's motion ostensibly raises three grounds for striking Paragraph 43.  The motion fails to meet its burden as to each.  For example, while the motion contends that that the FAC improperly omits the words "taking into account the overall context could include" when listing the final three examples of anti-Semitism Plaintiffs list in Paragraph 43, the motion is devoid of any argument as to why the omission was improper and/or why it merits striking Paragraph 43.  Instead, the motion simply claims that the omission is "reprehensibl[e]," "in violation of well-established ethical rules," and "self-serving."  Mot. at 3:15-2, 4:15.  Absent a showing that these three examples clearly could have no possible bearing on the subject matter of the litigation and/or that Dr. Abdulhadi would be prejudiced if they are left in the FAC, there is no basis for this Court to strike them (or any other part of Paragraph 43 for that matter).

2
PLAINTIFFS' OPPOSITION TO DEFENDANT RABAB ABDULHADI'S MOTION TO STRIKE
Case No. 3:17-CV-03511-WHO

Setting aside the absence of any actual argument on this ground—which merits denial of the motion in and of itself—the omission is of no moment. The FAC accurately sets forth that all of the examples listed are: "[a]mong the examples of anti-Semitism listed by the State Department on its website are . . . ." FAC ¶ 43. In addition, having a "could include" qualifier in front of three of the eight examples does not change that the State Department website *explicitly includes* these accurately quoted examples of anti-Semitism.

The motion also attacks Paragraph 43 on the ground that the State Department's definition itself is "immaterial and impertinent for the pleading stage." Mot. at 4:12-13. The sum total of Dr. Abdulhadi's argument on this point is "there is no legal authority indicating that [it] is binding upon this Court." Mot. at 4:14-15. Again, this is insufficient to meet her burden. For example, the motion cites no authority suggesting that because a definition may not be binding on the Court, it must be stricken from a complaint. Nor could it. The fact that a complaint includes language or information that is not binding on the Court does not require that language to be stricken from the complaint, where that information is not offered as binding authority but rather for any "persuasive value" it might have. *Shorts v. Palmer*, 155 F.R.D. 172, 176 (S.D. Ohio 1994) (denying motion to strike attorney letters that were not binding on the court). Indeed, where a non-binding document is "*offered for whatever assistance [it] might provide the Court in interpreting the relevant statutes, [that] purpose is completely permissible*." *Id.* (emphasis added).

Moreover, to meet her burden in showing that the definition is "immaterial" or "impertinent," the motion must establish that, respectively, the definition "has no essential or important relationship to the claim for relief or the defenses being plead" and/or "consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993) (citation omitted), *rev'd on other grounds,* 510 U.S. 517 (1994). It has done neither. Nor could it. The definition has an important relationship to Plaintiffs' claims because it provides an established and recognized lens through which to analyze Plaintiffs' allegations. So too, the definition is highly relevant to the issues in question. According to the State Department's Office to Monitor and Combat Anti-Semitism, "this definition provides an adequate initial guide by which

anti-Semitism can eventually both be defined and combated."[1]  In a 2015 book entitled "The Definition of Anti-Semitism," Kenneth Marcus, president of the Louis D. Brandeis Center for Human Rights Under Law and former acting Assistant Secretary for Civil Rights Enforcement at the U.S. Department of Education, wrote that the definition is crucial to "address[ing] resurgent anti-Semitism" and "protecting the rights of Jewish American college students."[2]  According to Mr. Marcus, without a definition of anti-Semitism, investigators are "powerless[]" and "ill-equipped to recognize anti-Semitism when [they] see[] it."[3]  Further, Dr. Abdulhadi has not shown—and cannot show—why these three example are prejudicial.

In a parenthetical in her conclusion, Dr. Abdulhadi summarily asserts that Plaintiffs have "fail[ed] to tell this Court that the definition's primary author entirely opposes its use in university environments."  Mot. at 5:8-10.  Even if this summary assertion were sufficient to meet her burden—which it is not—this is, at best, an argument as to the amount of weight to be given to the State Department's definition (or its applicability writ large), not whether it should be stricken from the FAC.  When the portion of a complaint that a defendant seeks to strike raises an issue of fact or law, "the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits.'"  *San Francisco Herring*, 2015 WL 8482187, at *1.  Assuming Dr. Abdulhadi is referring to Kenneth Stern—because the other moving defendants cite to him directly—Plaintiffs do not agree with the characterization that Mr. Stern "entirely opposes the definition's use in university environments."  Mot. at 5:8-10.  Further, any opinions Mr. Stern may have about the definition's proper use do not alter the definition's validity, its broader acceptance, its potential to assist in the analysis of Plaintiffs' claims, or the case law demonstrating that there is no valid basis to strike Paragraph 43 of the FAC.

---

[1] U.S. State Department Fact Sheet, Office to Monitor and Combat Anti-Semitism (Feb. 8, 2007), available at https://2001-2009.state.gov/g/drl/rls/56589.htm.
[2] *See* http://www.politico.com/agenda/story/2017/01/government-crack-down-anti-semitism-college-campuses-000272.
[3] *Id.* The State Department's definition has been adopted nearly verbatim by the International Holocaust Remembrance Alliance ("IHRA") in May 2016, and by the European Parliament in June 2017.  *See* https://holocaustremembrance.com/sites/default/files/fact_sheet_working_definition_of_antisemitism_2.pdf (visited October 10, 2017).  The IHRA definition has been formally adopted by the United Kingdom, Austria, Israel, Scotland, Romania, and as of September 20, 2017, Germany.  *See id.*

Finally, Dr. Abdulhadi joins in the other Defendants' motion to strike. Mot. at 3:21-27. Joining that motion is unavailing because, as illustrated in the opposition to that motion, that motion to strike should be denied as well.

## V. CONCLUSION

Any claim that Paragraph 43 of the FAC could have no possible bearing on the subject matter of the litigation overreaches. Nor has Dr. Abdulhadi's motion met its burden to show otherwise. Separately, the motion has not shown—and cannot show—that if Paragraph 43 remains in the FAC, Dr. Abdulhadi will be prejudiced. For these reasons and as discussed above, the motion to strike should be denied.

Dated: October 11, 2017                         WINSTON & STRAWN LLP

                                                By:  */s/ Robb C. Adkins*

                                                     Robb C. Adkins
                                                     Lawrence M. Hill (*pro hac vice*)
                                                     Krista M. Enns
                                                     Steffen N. Johnson (*pro hac vice*)
                                                     Lowell Jacobson (*pro hac vice*)
                                                     Seth Weisburst
                                                     Alexa Perlman (*pro hac vice*)
                                                     Adrianne Rosenbluth (*pro hac vice*)
                                                     WINSTON & STRAWN LLP

                                                     Brooke Goldstein (*pro hac vice*)
                                                     Amanda Berman (*pro hac vice*)
                                                     THE LAWFARE PROJECT

                                                     Attorneys for Plaintiffs
                                                     JACOB MANDEL, CHARLES VOLK, LIAM KERN, MASHA MERKULOVA, AARON PARKER, and STEPHANIE ROSEKIND