MARK ALLEN KLEIMAN (SBN 115919)
**Law Office of Mark Allen Kleiman**
2907 STANFORD AVE
VENICE, CA 90292
TELEPHONE: (310) 306-8094
FACSIMILE: (310) 306-8491
EMAIL: mkleiman@quitam.org

BEN GHARAGOZLI (SBN 272302)
**Law Offices of Ben Gharagozli**
18336 SOLEDAD CANYON RD, #2241
CANYON COUNTRY, CA 91386
TELEPHONE: (661) 607-4665
FACSIMILE: (855) 628-5517
EMAIL: ben.gharagozli@gmail.com

ALAN F. HUNTER (SBN 99805)
ELIZABETH GONG LANDESS (SBN 138353)
**Gavin, Cunningham and Hunter**
1530 THE ALAMEDA STE 210
SAN JOSE, CA 95126
TELEPHONE: (408) 294-8500
FACSIMILE: (408) 294-8596
EMAIL: hunter@gclitigation.com
      landess@gclitigation.com

Attorneys for RABAB ABDULHADI

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB MANDEL, CHARLES VOLK, LIAM KERN, MASHA MERKULOVA, AARON PARKER, and STEPHANIE ROSEKIND;<br><br>    Plaintiffs,<br>    v.<br><br>BOARD OF TRUSTEES of the CALIFORNIA STATE UNIVERSITY, SAN FRANCISCO STATE UNIVERSITY, et al.;<br><br>    Defendants. | Case No.: 3:17-CV-03511-WHO<br><br>REPLY IN SUPPORT OF MOTION TO STRIKE ALLEGATIONS OF COMPLAINT<br><br>(Filed Concurrently with Reply in Support of Motion to Dismiss)<br><br>Date:     November 8, 2017<br>Time:     2:00 p.m.<br>Location: Courtroom 2 (17th floor)<br>Judge:    William H. Orrick<br>Original Action Filed: June 19, 2017 |

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs, in their opposition to Dr. Abdulhadi's motion to strike, make two basic arguments: (1) that their omissions of the Department of State definition of Anti-Semitism in Paragraph 43 of their First Amended Complaint ("FAC") is not improper; (2) that the distorted definition in Paragraph 43 of the FAC should not be stricken because it assists the Court in interpreting a relevant statute. Both arguments are without merit.

### A) Plaintiffs' Omissions of the Portions of the Department of State Definition Amount to Self-Serving Distortion of the Definition.

Plaintiffs insist that they can assert and rely upon a definition of Anti-Semitism while hiding various qualifiers that the definition clearly determined were important enough to include. This poses a logical dilemma that Plaintiffs are unable to overcome: if, as Plaintiffs maintain, the Department of State definition is sufficiently authoritative for the Plaintiffs to urge the Court to adopt, why not include the full definition?

Perversely, the omissions distort the very definition Plaintiffs urge the Court to adopt. Plaintiffs conflate two different lists of examples of anti-Semitism that the Department of State definition provides: one list provides examples of Anti-Semitism that are without qualification The second list provides examples of things that ***"could"*** be anti-Semitic, "***taking into account the overall context***." (emphasis added). The major qualification which frames the second list is especially critical, when, for example, a Jewish columnist for Haaretz, a major Israeli daily newspaper wrote a column comparing Israel's Justice Minister with Mussolini.[1]

---

[1] "Israeli Justice Minister Takes After Mussolini", by Rogel Alpher, Sept. 20, 2017. https://www.haaretz.com/opinion/.premium-1.811399  Site last visited October 24, 2017.

During intense and serious political debate, what is or is not anti-Semitism can depend heavily on the context. To conflate one list that included "calling for, aiding, or justifying the killing or harming of Jews" with vigorous debate over Israeli government policies without *<u>taking into account the overall context</u>* patently constitutes a self-serving distortion that is intended to mislead and does not belong in a pleading filed with the Court.

### B) The Self-Servingly Distorted Definition of Anti-Semitism Does Not Assist the Court in Interpreting any Relevant Statute.

Plaintiffs then insist that their self-servingly distorted definition of anti-Semitism should not be stricken because it has been offered to assist the Court in interpreting relevant statutes. However, Plaintiffs do not and cannot identify which statutes their self-servingly distorted definition assists the Court in interpreting. The inclusion of this extraneous matter is an invitation to mischief and should be rejected.

Accordingly, the Court should strike Paragraph 43.

DATED: October 25, 2017          RESPECTFULLY SUBMITTED

**LAW OFFICES OF BEN GHARAGOZLI**

By: [signature]

Ben Gharagozli, Esq.

**LAW OFFICE OF MARK ALLEN KLEIMAN**

By:  /s/ Mark Allen Kleiman, Esq.

Mark Allen Kleiman, Esq.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**GAVIN, CUNNINGHAM & HUNTER**
Alan F. Hunter, Esq.
Elizabeth Gong Landess, Esq.

Attorneys for Dr. Abdulhadi