Robb C. Adkins (SBN 194576)
radkins@winston.com
Krista M. Enns (SBN 206430)
kenns@winston.com
Seth Weisburst (SBN 259323)
sweisburst@winston.com
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Steffen N. Johnson (*pro hac vice*)
sjohnson@winston.com
Lowell D. Jacobson (*pro hac vice*)
ljacobson@winston.com
Adrianne Rosenbluth (*pro hac vice*)
arosenbluth@winston.com
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

Lawrence M. Hill (*pro hac vice*)
lhill@winston.com
Alexa Perlman (*pro hac vice*)
aperlman@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Brooke Goldstein (*pro hac vice*)
brooke@thelawfareproject.org
Amanda Berman (*pro hac vice*)
amanda@thelawfareproject.org
THE LAWFARE PROJECT
633 Third Avenue, 21st Floor
New York, NY 10017
Telephone: (212) 339-6995

Attorneys for Plaintiffs
JACOB MANDEL, CHARLES VOLK,
LIAM KERN, MASHA MERKULOVA,
AARON PARKER, and STEPHANIE ROSEKIND

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACOB MANDEL, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BOARD OF TRUSTEES of the CALIFORNIA STATE UNIVERSITY, et al.,<br><br>    Defendants. | **Case No. 3:17-CV-03511-WHO**<br><br>**PLAINTIFFS' OPPOSITION TO JEWISH STUDIES SCHOLARS' MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF [ECF 100]** |

On October 25, 2017, six non-parties referring to themselves as the "Jewish Studies Scholars" filed a Motion for Leave to File Amicus Curiae Brief.[1] ECF 100 (the "Motion").  Since the Motion does not comply with Local Rule 7-2(a)'s notice requirements, Plaintiffs[2] assume that it is a motion for administrative relief.  Regardless, because of the procedural and substantive flaws discussed below, the Motion should be denied.

## I. BACKGROUND

With the Motion, six non-parties to the case seek permission "for leave to file an amicus curiae brief in support of the motion to dismiss and motion to strike filed by Prof. Rabab Abdulhadi."  Motion at 2:3-5.  According to the Motion, Professor Abdulhadi has consented to the filing of both the Motion and the accompanying brief.  *Id.* at 2:5-7.  The Motion makes no mention of whether the non-parties conferred with the Plaintiffs (they did not) or any of the other Defendants.  In addition, in violation of Local Rule 7-11(a), the Motion is not accompanied by either a stipulation or by a declaration that explains why a stipulation could not be obtained.

In the Motion, the six non-parties state that the reason they want to file an amicus brief in this case is to "demonstrate the unacceptability of the so-called 'State-Department Definition of Antisemitism' that plaintiffs seek to employ in establishing the viability of their complaint."  Motion at 2:6-8.  Of course, they recognize—as they must—that the parties have already addressed this issue.  *Id.* at 6:3-5; *see also* Dr. Abdulhadi's Motion to Strike (ECF 44) at 1-5; Dr. Abdulhadi's Motion to Dismiss (ECF 79) at 1:8-10, 14:12-15, 17:18-22; Defendants' Motion to Strike (ECF 81) at 8:1-14; Plaintiffs' Opposition to Defendants' Motion to Strike (ECF 85) at 9:1-10:2; Plaintiffs' Opposition to Dr. Abdulhadi's Motion to Dismiss (ECF 86) at 20:1-11; Plaintiffs' Opposition to Dr. Abdulhadi's Motion to Strike (ECF 87) at 1:1-5:9; Dr. Abdulhadi's Reply in support of her Motion to Strike (ECF 101) at 2:1-3:16; Defendants' Reply regarding their Motion to Strike (ECF 103) at 5:2-6:2, notes 5, 10.  To that end, they promise to "not unduly repeat those arguments."  Motion at 5:4.  The operative word, of course, is "unduly" because two of the four arguments in their proposed

---

[1] Although the first line of the motion refers to "five Jewish studies scholars" (Motion at 2:2), there are actually six (*id.* at 2:20-5:13).

[2] The term "Plaintiffs" refers collectively to the plaintiffs in this case: Jacob Mandel, Charles Volk, Liam Kern, Aaron Parker, Masha Merkulova, and Stephanie Rosekind.

1

1  brief in fact are repeat-arguments that one or more of the Defendants already has made.  *Compare*
2  Exhibit A at 10:14-12:6 (arguing the First Amended Complaint misrepresents the State Department
3  definition); *with* Dr. Abdulhadi's Motion to Strike (ECF 44) at 4:9-5:5 (same); *compare also* Exhibit
4  A at 14:9-15:10 (raising Kenneth S. Stern's criticism of the State Department definition); *with*
5  Defendants' Motion to Strike (ECF 81) at 8:9-16 (same).

6  But the real reason the six non-parties want to make a submission in this case is that they
7  believe that "[t]he present lawsuit is but the latest front in an all-out offensive by groups determined
8  to stigmatize and when possible, suppress advocacy for Palestinian rights and its corollary, criticism
9  of Israeli policies and U.S. support for them."  Exhibit A (ECF 100-1) at 4:14-17; *see also* Motion at
10 2:14-16 (alleging there are "current attempts to redefine [anti-Semitism] for certain political ends"
11 and that "such an effort is a key element of the controversy brought in the current complaint"); *see*
12 *also id.* at 4 n.1 (stating that a recent study makes findings "all contrary to the picture drawn by The
13 Lawfare Project"); Ex. A at 10:12-13 (referring to "the Lawfare complaint").

14 **II.     THE SCHOLARS' MOTION SHOULD BE DENIED**

15 Where an administrative motion fails to comply with Local Rule 7-11(a), it may be denied
16 without reaching the merits.  *See*, *e.g.*, *Tri-Valley CAREs v. U.S. Dept. of Energy*, 671 F.3d 1113,
17 1131 (9th Cir. 2012) (affirming denial of a motion for administrative relief because of a failure to
18 include a stipulation or declaration explaining why a stipulation could not be obtained as required by
19 N.D. Cal. L.R. 7-11).  Here the Motion fails to comply with Local Rule 7-11(a) in at least one
20 critical respect.  It is not accompanied by "either a stipulation . . . or by a declaration that explains
21 why a stipulation could not be obtained."  The Court would be well within its discretion to deny the
22 motion for this reason alone.  *See id.* ("Denial of a motion as the result of a failure to comply with
23 local rules is well within a district court's discretion.").

24 A court has discretion to deny leave to file an amicus brief where the information proffered is
25 untimely.  *Coleman v. Schwarzenegger*, No. CIV S-90-0520 LKK JFM P, C-01-1351 TEH, 2007
26 WL 4276552, at *1 (N.D. Cal and E.D. Cal. Nov. 30, 2007); *see also California Trout v. Norton*,
27 No. C 97-3779 SI, 2003 WL 23413688 at *8 (N.D. Cal. Feb. 26, 2003) (finding a request to submit
28 an amicus declaration untimely where applicants could have sought amicus status earlier in the

1  litigation). Here, non-parties submitted their Motion and proposed brief on October 25, 2017, more
2  than two months after one of the motions they seek to support was filed, and six weeks after Dr.
3  Abdulhadi filed the other motion.  The non-parties waited more than four months after Plaintiffs
4  filed the original complaint—which included the State Department definition on which they are
5  focused—before seeking amicus status.  Were the Court to grant the Motion immediately, Plaintiffs
6  would have ten days (or less) before the November 8 hearing to evaluate the proposed brief in detail
7  and prepare a substantive response.  For these reasons, the Motion should be denied as untimely.

8        Setting aside the procedural flaws, the Motion also fails on the merits.  Where a party seeks
9  leave to file an amicus brief, it bears the burden of showing that its "participation is useful to or
10 otherwise desirable to the court."  *In re Dynamic Random Access Memory (DRAM) Antitrust
11 Litigation*, No. M 02-1486 PJH, 2007 WL 2022026, at *1 (N.D. Cal. Jul. 9, 2007).  Here, the non-
12 parties' Motion fails on both accounts.  Indeed, the Motion's section entitled "Reasons Why the
13 Motion Should Be Granted" makes no showing as to either required point—it merely provides a
14 number of legal cites and then concludes that if allowed to file their brief, the non-parties "will fulfill
15 'the classic role of amicus curiae.'"  Motion at 5:23:25.

16       Ostensibly, the non-parties wish to present argument "to demonstrate the unacceptability of
17 the so-called 'State Department Definition of antisemitism.'"  *Id.* at 6:6-7.  But on this issue, the
18 proposed amicus brief does nothing more than reprise and attempt to amplify arguments the
19 Defendants have already raised in *three* pending Motions which now been fully briefed.  As this
20 Court explained in *DRAM Antitrust Litigation*, where the putative amici are "seeking to litigate the
21 issues raised by the actual parties to the instant action," rather than "offering useful or advisory
22 arguments," this is "not consistent with the role of an amicus."  2007 WL 2022026, at *1.
23 Moreover, proposed amici cannot meet their burden of showing that they will provide the Court with
24 help "beyond the help that the lawyers for the parties are able to provide."  *Merritt v. McKenney*, No.
25 C 13-01391 JSW, 2013 WL 4552672, at *4 (N.D. Cal. Aug. 27, 2013) (holding amicus briefs may
26 be appropriate where a party is not represented by counsel); *see also Goldberg v. Philadelphia*, No.
27 Civ. A 91-7575 (E.D. Pa. July 14, 1994) ("If the court feels that the parties are adequately
28 represented so that amicus participation is neither necessary nor helpful, it should deny amicus

1  curiae participation.")  Here, the Motion in no way demonstrates how the non-parties' participation
2  would be useful to or otherwise desirable to the Court in its analysis of the already submitted
3  briefing regarding the U.S. State Department's definition of anti-Semitism prompted by Dr.
4  Abdulhadi's motion to strike and her motion to dismiss.  Further, there is no reason to believe that a
5  brief submitted by the non-parties will provide help beyond which the *four different law firms* which
6  represent Dr. Abdulhadi are able to provide.

7  Nor have the proposed amici shown that the brief submitted will be useful or desirable vis-à-
8  vis Dr. Abdulhadi's motion to dismiss.  Motion at 2:2-5.  With her motion to dismiss, Dr. Abdulhadi
9  put at issue whether there is a "failure to state a claim upon which relief can be granted."  Fed. R.
10  Civ. P. 12(b)(6).  Therefore, any merits-based arguments—such as highlighting a recent study and
11  claiming it reaches conclusions "all contrary to the picture drawn by The Lawfare Project" (Motion
12  at 4 n.1)—are inappropriate here.

13  The Motion's remaining points all fail to show how the proposed amicus brief will be useful
14  or desirable to the Court in considering Dr. Abdulhadi's motion to dismiss.  The Motion argues that
15  the non-parties' knowledge "about the origins, history and *importance of antisemitism* – including
16  current attempts to redefine it for certain political ends" is "highly relevant to the question of
17  whether [the First Amended Complaint] should be dismissed for lack of a legal basis" because the
18  effort to redefine anti-Semitism is "a key element of the controversy brought in the current
19  complaint."  *Id.* at 2:12-17 (emphasis added).  The non-parties are wrong (in several ways).  The
20  non-parties' theories—about what is or is not an appropriate definition of anti-Semitism, what is or
21  is not a "key element of the controversy," or what motivation is behind asserting the claims—are not
22  useful or desirable to the determination of *whether Plaintiffs have stated their claims in the First*
23  *Amended Complaint* (the "FAC").  Therefore, the Motion should be denied.

24  Although the Motion fails to analyze Plaintiffs' actual claims, it is helpful to do so here.  The
25  FAC alleges that Dr. Abdulhadi and her co-Defendants, under color of state law, deprived Plaintiffs
26  of their First Amendment rights related to both the April 6, 2016 shutdown of the Mayor Barkat and
27  the February 28, 2017 intentional exclusion of Hillel from the "Know Your Rights" Fair.  *See* FAC
28  ¶¶ 61-113, 170-81 (re: the Barkat event shutdown); ¶¶ 142-62, 197-211 (re: the exclusion from the

1  "Know Your Rights" Fair). Plaintiffs' allegations in support of these claims (Counts 1 and 3) do not require alleging a motivation (of anti-Semitism or any other). Therefore there is no way the non-parties' theories on the definition of anti-Semitism could be useful to the question of whether Plaintiffs have stated a claim as to Counts 1 and 3.

Regarding Claims 2 and 4, Plaintiffs allege that Dr. Abdulhadi and her co-Defendants, under color of state law, deprived Plaintiffs—as Jews—of their rights to equal protection related to both events. *See id.* ¶¶ 61-113, 182-96 (re: the Barkat event shutdown); ¶¶ 142-62, 212-227 (re: the exclusion from the "Know Your Rights" Fair). Claim 6 seeks relief under the Declaratory Judgment Act, based on Dr. Abdulhadi's conduct alleged regarding Claims 1-4. *Id.* ¶¶ 244-48. Dr. Abdulhadi is *not* a Defendant as to Plaintiffs' Title VI claim regarding SFSU's hostile environment for Jewish students (Claim 5). The debate over the definition of anti-Semitism is totally irrelevant to the question of whether Plaintiffs have stated their claims against Dr. Abdulhadi. This is because Plaintiffs allege that Dr. Abdulhadi's denial of their equal protection rights was based on their Jewish identity (*see id.* ¶¶ 188, 217), and the only question at issue under Rule 12(b)(6) is whether Plaintiffs have stated a claim.

For all of these reasons, Plaintiffs respectfully request that the Court deny the Motion.

Dated: October 29, 2017                    WINSTON & STRAWN LLP

By:  */s/ Seth Weisburst*

Robb C. Adkins
Lawrence M. Hill (*pro hac vice*)
Krista M. Enns
Steffen N. Johnson (*pro hac vice*)
Lowell Jacobson (*pro hac vice*)
Seth Weisburst
Alexa Perlman (*pro hac vice*)
Adrianne Rosenbluth (*pro hac vice*)
WINSTON & STRAWN LLP

Brooke Goldstein (*pro hac vice*)
Amanda Berman (*pro hac vice*)
THE LAWFARE PROJECT

Attorneys for Plaintiffs
JACOB MANDEL, CHARLES VOLK, LIAM KERN, MASHA MERKULOVA, AARON PARKER, and STEPHANIE ROSEKIND

5