David L. Mandel (SBN 152271)
c/o Jewish Voice for Peace
1611 Telegraph Ave, Suite 1020,
Oakland, CA 94612
Phone: 916 769-1641
Fax: 510 465-1616
dlmandel@gmail.com

Attorney for Amici Curiae
Jewish Studies Scholars

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JACOB MANDEL, et al.<br>Plaintiffs,<br><br>vs.<br><br>BOARD OF TRUSTEES OF THE<br>CALIFORNIA STATE UNIVERSITY,<br>SAN FRANCISCO STATE<br>UNIVERSITY, et al.,<br>Defendants. | CASE NO. 3:17-CV-03511-WHO<br><br>**AMICI'S REPLY<br>TO PLAINTIFFS' OPPOSITION<br>TO JEWISH STUDIES SCHOLARS'<br>MOTION FOR LEAVE TO FILE<br>AMICUS CURIAE BRIEF** |

On October 29, 2017, Plaintiffs' counsel filed an opposition to the Motion for Leave to File Amicus Curiae Brief filed in the referenced case on October 25, 2017, by six Jewish studies scholars in support of Defendants' Motions to Dismiss and to Strike. Plaintiffs' opposition relies on several procedural issues and one substantive issue.

Amici hereby reply to Plaintiffs' opposition.

## I. Substantive Issues

### A. Either the amicus brief speaks to relevant allegations relied upon by Plaintiffs' claims or the vast majority of those allegations are irrelevant and should be stricken.

Plaintiffs' objection to Amici's motion for leave to file can be summed up in their statement:

> The non-parties' theories – about what is or is not an appropriate definition of anti-Semitism, what is or is not a "key element of the controversy," or what motivation is behind asserting the claims – are not useful or desirable to the determination of *whether Plaintiffs have stated their claims in the First Amended Complaint*.[1]

But the Plaintiffs' FAC is full of discourse regarding allegations of antisemitism and its definition. As they note, in "claims 2 and 4, Plaintiffs allege that Dr. Abdulhadi and her co-Defendants, under color of state law, deprived Plaintiffs – as Jews – of their rights to equal protection."[2] Throughout these sections of the FAC, they argue for adoption – by defendant

---

[1] Plaintiffs' Opposition to Jewish Studies Scholars' Motion for Leave to File Amicus Curiae Brief (ECF No. 106), at 5:19-23.

[2] Ibid, at 5:5-6.

California State University and by the Court – of the so-called State Department definition of antisemitism to guide them as to whether those claims are supported.

Indeed, the very first factual allegation pleaded by Plaintiffs in the Factual Background section is their so-called "Definition of Anti-Semitism," in which Plaintiffs incorporate the U.S. State Department definition. *See* FAC (ECF No. 57), ¶ 43. The FAC repeatedly refers back to this definition, both implicitly and explicitly. *See, e.g.*, FAC (ECF No. 57), ¶¶ 45-59, 73-78. Furthermore, each of the FAC's causes of action realleges and incorporates by reference the preceding allegations, including the State Department definition. *See* FAC (ECF No. 57), ¶¶ 170, 182, 197, 212, 228, 244. Accordingly, the entire FAC itself belies Plaintiff's statement that the "debate over the definition of anti-Semitism is totally irrelevant to the question of whether Plaintiffs have stated their claims against Dr. Abdulhadi."[3]

The Plaintiffs can't have it both ways. Either the amicus brief speaks to these relevant allegations relied upon in the complaint and incorporated into Plaintiffs' claims – or the vast majority of those allegations are irrelevant and should be stricken.

**B. The Amicus Brief is not superfluous.**

Plaintiffs further allege that the Amici's discourse on the definition of antisemitism is superfluous because it repeats arguments made in Defendants' motions to dismiss and strike.

Amici concede that like the Defendants, they are troubled by the Plaintiffs' seemingly knowing misstatement of what the State Department said and by their proposed use of the definition to gauge whether speech or acts on campus are anti-Jewish. But Amici submit that

---

[3] Ibid, at 5:11-12.

even on this "repetitive" point, they place before the Court an analysis more nuanced and more penetrating than the Defendants themselves have offered.

For example, Amici explain why, contrary to the State Department definition, it is not necessarily anti-Jewish to "compare" certain actions of the Israeli government with those of Nazis, noting that other governments are regularly compared with the Nazis, especially since to "compare" two things means to analyze both similarities and differences. Amici also point out that senior U.S. administration officials, for example Ambassador Friedman, have themselves compared their critics, including their Jewish critics, to Nazis.

Amici also help explain to the Court why the relative newness of Israel as a state and its claim to represent worldwide Jewry makes it challenging to develop and evaluate a vocabulary for criticizing the Israeli government that does not at least touch on the question of criticism of Jews. This serious issue highlights *why* there is debate within the community of Jewish studies scholars over appropriate ways to define antisemitism.

Finally, where Defendants merely cite legal authority to demonstrate that a *de facto* hate speech code is a violation of constitutional principles, Amici seek to help the Court understand *why* such a code makes for dangerous policies.

Amici are academics, not litigators, but it appears to them that the Plaintiffs cannot simultaneously insist that the scholars are chasing irrelevant, chimerical aspects of the debate over the definition of antisemitism – yet rely on those very arguments as the basis for accusing others of fostering or turning a blind eye toward antisemitism.

Indeed, the question of whether the Plaintiffs have stated at least two of their claims hinges on issues Plaintiffs are attempting, in opposing leave to file the amicus brief, to dismiss as irrelevant.

## II.  Procedural Matters

Amici and their counsel apologize to the Court and the parties for the inadvertent violation of the Local Rules and entrust the fate of this brief to the sound discretion of the Court (which the Court possesses, as Plaintiffs agree in their opposition (2:21-23).

Amici intended the brief they have offered to be helpful to the Court's understanding of a significant issue raised by Plaintiffs, and believe that the fervor of Plaintiffs' opposition illustrates exactly why the brief *is* helpful.

In the meantime, counsel for defendant Rabab Abdulhadi have filed their consent to the scholars' motion. And in their opposition, counsel for Plaintiffs convey their lack of consent. These developments constitute a clear explanation of why a stipulation to admit the amicus brief is not possible to obtain.

Plaintiffs cite *Coleman v. Schwarzenegger*, No. CIV S-90-0520 LKK JFM P, C-01-1351 TEH, 2007, WL 4276552, at *1 (N.D. Cal and E.D. Cal. Nov. 30, 2007), and *California Trout v. Norton,* No. C 97-3779 SI, 2003 WL 23413688 at *8 (N.D. Cal. Feb. 26, 2003), in support of their allegation that the amicus filing is untimely. But *Coleman* merely reiterates that "the privilege of being heard amicus rests in the discretion of the court which may grant or refuse leave according [to whether] it deems the proffered information timely, useful, or otherwise," offering no reason for the court's denial of leave in that instance, and containing no mention of that amicus motion's timeliness. *Cal. Trout* contains no mention whatsoever of a proposed amicus brief, let alone its timeliness.

Next, citing *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, No. M 02-1486 PJH, 2007 WL 2022026, at *1 (N.D. Cal. Jul. 9, 2007), Plaintiffs' opposition correctly states that a party seeking leave to file an amicus brief must show that its "participation is useful

to or otherwise desirable to the court." But Plaintiffs could not have chosen a less applicable example than *DRAM*, in which the court rejected an attempt by the state of California to "relitigate" in the guise of an amicus brief an issue that had already been decided.

In the current case, nothing has yet been decided; the proposed amicus brief relates directly to a core issue in the pending motions.

In their Motion for Leave, Amici state precisely why their participation would be useful to the Court: "Amici will draw upon their knowledge of Jewish history and antisemitism to demonstrate the unacceptability of the so-called "State Department Definition of Antisemitism" that Plaintiffs seek to employ in establishing the viability of their complaint."

In the accompanying brief, Amici properly expand on this issue.

For these reasons, the Amici respectfully request that the Court use its discretion to grant leave to file the amicus brief.

Dated: November 2, 2017

Respectfully submitted,

 /s/ David L. Mandel_____

DAVID L. MANDEL,

Attorney for Amici Curiae
