| | |
|---|---|
| Robb C. Adkins (SBN 194576) | Lawrence M. Hill (*pro hac vice*) |
| radkins@winston.com | lhill@winston.com |
| Krista M. Enns (SBN 206430) | Alexa Perlman (*pro hac vice*) |
| kenns@winston.com | aperlman@winston.com |
| Seth Weisburst (SBN 259323) | WINSTON & STRAWN LLP |
| sweisburst@winston.com | 200 Park Avenue |
| WINSTON & STRAWN LLP | New York, NY 10166-4193 |
| 101 California Street, 35th Floor | Telephone:   (212) 294-6700 |
| San Francisco, CA 94111-5840 | Facsimile:    (212) 294-4700 |
| Telephone:   (415) 591-1000 | |
| Facsimile:    (415) 591-1400 | |
| | |
| Steffen N. Johnson (*pro hac vice*) | Brooke Goldstein (*pro hac vice*) |
| sjohnson@winston.com | brooke@thelawfareproject.org |
| Lowell D. Jacobson (*pro hac vice*) | Amanda Berman (*pro hac vice*) |
| ljacobson@winston.com | amanda@thelawfareproject.org |
| Adrianne Rosenbluth (*pro hac vice*) | THE LAWFARE PROJECT |
| arosenbluth@winston.com | 633 Third Avenue, 21st Floor |
| WINSTON & STRAWN LLP | New York, NY 10017 |
| 1700 K Street, N.W. | Telephone:   (212) 339-6995 |
| Washington, D.C. 20006-3817 | |
| Telephone:   (202) 282-5000 | |
| Facsimile:    (202) 282-5100 | |

Attorneys for Plaintiffs
JACOB MANDEL, CHARLES VOLK,
LIAM KERN, MASHA MERKULOVA,
and STEPHANIE ROSEKIND

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACOB MANDEL, et al. | **Case No. 3:17-CV-03511-WHO** |
| Plaintiffs, | |
| vs. | **JOINT STATEMENT RE DISCOVERY DISPUTE** |
| BOARD OF TRUSTEES of the CALIFORNIA STATE UNIVERSITY, SAN FRANCISCO STATE UNIVERSITY, et al., | Complaint Filed:          June 19, 2017<br>First Am. Complaint Filed:   August 31, 2017 |
| Defendants. | Judge:   Hon. William H. Orrick<br>Dept:     Courtroom 2, 17th Floor |

Plaintiffs Jacob Mandel, et. al. ("Plaintiffs") and Defendants Board of Trustees of the California State University, San Francisco State University, et al. (the "Administration Defendants") (together, the "Parties") submit this Joint Statement pursuant to this Court's Standing Order for Civil Cases ("Standing Order") to address a discovery dispute that has arisen. Plaintiffs served their First Request for Production of Documents from Administration Defendants (Nos. 1-4) on the Administration Defendants on October 26 (re-sending the same set on November 9, 2017). The Administration Defendants have not responded to the discovery requests, other than to advise Plaintiffs' counsel by email that they believe no response is currently required because, according to the Administration Defendants' counsel's email, "where a complaint is dismissed for failure to state a claim, the plaintiff is not entitled to discovery." The parties' respective positions are set forth below.

**1.     Plaintiffs' Position**

Plaintiffs attempted to meet and confer with the Administration Defendants regarding their failure to submit any responses or objections to the First Request for Production of Documents. On December 26, 2017, lead counsel for the Administration Defendants stated that he was out of the office, "but in any event I do not see a need to meet and confer in light of the clear holding of Iqbal."

Under Federal Rule of Civil Procedure 26, once the initial discovery conference has taken place, discovery may begin. Fed. R. Civ. P. 26(d). Here, the parties completed their initial discovery conference months ago, and, also months ago, Plaintiffs served on the Administration Defendants a First Request for Production of Documents that has four requests. To date, the Administration Defendants have failed to respond.

Of course, "[t]he general rule [is] that discovery may proceed while motions to dismiss are pending." Gideon Mark, *Federal Discovery Stays*, 45 U. MICH J. L. REFORM 405, 409-10 (2012). This makes sense because the "Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Ministerio Roca Solida v. United States Dep't of Fish & Wildlife*, 288 F.R.D. 500, 502 (D. Nev. Jan. 14, 2013); *see also Ciuffitelli v. Deloitte & Touche LLP*, 2016 WL 6963039, at *4 (D. Or. Nov. 28, 2016) ("[d]istrict courts in [the Ninth Circuit] have rejected the general proposition that a pending

1

dispositive motion justifies a stay of discovery").

Relying on *Iqbal*, and quoting from it selectively below, the Administration Defendants contend the rule is otherwise. They are wrong. As one court has explained where a defendant moved for a stay of discovery, "*Twombly* and *Iqbal* do not dictate that a motion to stay should be granted every time a motion to dismiss is placed before the Court." *Tamburo v. Dworkin*, 2010 WL 4867346, at *1 (N.D. Ill. 2010). If *Twombly* and *Iqbal* do not dictate that a stay should be granted every time a defendant files a motion to dismiss, they cannot support the position that where a motion to dismiss is pending, a defendant can simply ignore discovery. That the Court has indicated that it will grant the pending motions to dismiss does not change the analysis because the Court is going to give Plaintiffs leave to amend. Transcript of Proceedings, November 8, 2017 at 33:17, 37:17. Moreover—and as the Court already has recognized—when this case moves forward it will be on a compressed deadline. *Id.* at 37:21-38:4. Further, even if the Administration Defendants' position had merit—which it does not—their failure to respond to the Rule 34 request within the time permitted *waived all objections* to that request. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). Therefore, the Court should enter an order that the Administration Defendants must respond to the document requests served months ago.

## 2. **Defendants' Position**

Plaintiffs have omitted from their discussion – and refused to include in the joint statement at the beginning of this document – the fact that, before any discovery responses would have been due, this Court ruled that Plaintiffs have not stated a claim for relief and that the amended complaint should be dismissed. On November 8, 2017, the Court held that it would grant the Administration Defendants' motion to dismiss the entire complaint with leave to amend and took the Case Management Conference off calendar. No amended complaint has been filed. When Plaintiffs' counsel sought to meet and confer regarding Plaintiffs' discovery requests, Defendants' counsel advised Plaintiffs' counsel that no responses were required in light of the Court's ruling on the motion to dismiss and the holding in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), that, when a plaintiff has failed to state a claim, he is not entitled to discovery. When Plaintiffs' counsel sought to meet and confer further, Defendants' counsel stated that, in light of *Iqbal*, no further meet-and-confer was

2

1 necessary.

2     The authorities Plaintiffs cite to support their position are irrelevant, as they address whether
3 and when discovery is allowed while a motion to dismiss is pending but has not been decided.  The
4 authorities do not address whether discovery is allowed after a court has held, as the Court has here,
5 that a motion to dismiss should be granted because plaintiffs have failed to state a claim.  The
6 Supreme Court held in *Iqbal* that, when a plaintiff has failed to state a claim for relief, "he is not
7 entitled to discovery, cabined or otherwise." 556 U.S.at 686.  The Ninth Circuit has expressly found
8 that *Iqbal* means "that plaintiffs must satisfy the pleading requirements of Rule 8 *before* the
9 discovery stage, not after it." *Mujica v. AirScan,Inc.*, 771 F.3d 580, 593 (9th Cir. 2014) (emphasis in
10 original); *see also id*. at 593 n.7 ("To the extent that any [out-of-circuit] decision[] suggests that that
11 courts retain discretion to permit discovery whenever a plaintiff has failed to satisfy Rule 8's
12 plausibility standard, it is simply incompatible with *Iqbal* and [*Bell Atl. Corp. v. Twombly*, 550 U.S.
13 544 (2007)].").

14     Moreover, the Ninth Circuit has made clear that, even while a motion to dismiss is still
15 pending, "[d]iscovery is only appropriate where there are factual issues raised by a Rule 12(b)
16 motion." *Jarvis v. Regan*, 833 F.2d 149, 155 (1987).  Where, as here, a district court has accepted as
17 true the factual allegations in a complaint but found them deficient as a matter of law, the "complaint
18 d[oes] not raise factual issues that require[] discovery for their resolution." *Id.*; *see also Wagh v.*
19 *Metris Direct, Inc.*, 363 F.3d 821, 829-30 (2003), *overruled on other grounds*, *Odom v. Microsoft*
20 *Corp.*, 486 F.3d 541, 551 (9th Cir. 2007) (en banc); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir.
21 1984).

22     If and when Plaintiffs file an amended complaint and the Court denies Defendants' motion to
23 dismiss, Defendants will respond appropriately to Plaintiffs' discovery requests.

24
25
26
27
28

| | | |
|---|---|---|
| Dated: February 5, 2018 | | WINSTON & STRAWN LLP |
| | By: | */s/ Robb C. Adkins* |
| | | Robb C. Adkins |
| | | Lawrence M. Hill (*pro hac vice*) |
| | | Krista M. Enns |
| | | Steffen N. Johnson (*pro hac vice*) |
| | | Lowell D. Jacobson (*pro hac vice*) |
| | | Seth Weisburst |
| | | Alexa Perlman (*pro hac vice*) |
| | | Adrianne Rosenbluth (*pro hac vice*) |
| | | WINSTON & STRAWN LLP |
| | | |
| | | Brooke Goldstein (*pro hac vice*) |
| | | Amanda Berman (*pro hac vice*) |
| | | THE LAWFARE PROJECT |
| | | |
| | | Attorneys for Plaintiffs |
| | | JACOB MANDEL, CHARLES VOLK, LIAM KERN, MASHA MERKULOVA, and STEPHANIE ROSEKIND |

| | | |
|---|---|---|
| Dated: February 5, 2018 | | MUNGER, TOLLES & OLSON LLP |
| | By: | */s/ Bradley S. Phillips* |
| | | Bradley S. Phillips |
| | | Adele M. El-Khouri (*pro hac vice*) |
| | | MUNGER, TOLLES & OLSON LLP |
| | | |
| | | Attorneys for Defendants |
| | | BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, LESLIE WONG, MARY ANN BEGLEY, LUOLUO HONG, LAWRENCE BIRELLO, REGINALD PARSON, OSVALDO DEL VALLE, KENNETH MONTEIRO, BRIAN STUART, ROBERT NAVA, MARK JARAMILLA, VERNON PICCINOTTI, and SHIMINA HARRIS |

Attestation Regarding Signature: This document is being filed electronically under my ECF User ID and Password. Pursuant to Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other Signatories to this document.

*/s/ Robb C. Adkins*
Robb C. Adkins