1    BRADLEY S. PHILLIPS (State Bar No. 085263)
     MUNGER, TOLLES & OLSON LLP
2    355 South Grand Avenue, 35th Floor
     Los Angeles, CA 90071-1560
3    Telephone:    (213) 683-9100
     Facsimile:    (213) 687-3702
4

5    ADELE M. EL-KHOURI (Admitted *pro hac vice*)
     MUNGER, TOLLES & OLSON LLP
6    1155 F Street, NW, 7th Floor
     Washington, D.C. 20004
7    Telephone:    (202) 220-1100
     Facsimile:    (202) 220-2300

8    Attorneys for Defendants
     BOARD OF TRUSTEES OF THE CALIFORNIA
9    STATE UNIVERSITY; LESLIE WONG; MARY
     ANN BEGLEY; LUOLUO HONG; LAWRENCE
10   BIRELLO; REGINALD PARSON; OSVALDO
     DEL VALLE; KENNETH MONTEIRO; BRIAN
11   STUART; AND MARK JARAMILLA

12                UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14   JACOB MANDEL, et al.              CASE NO. 3:17-cv-03511-WHO

15            Plaintiffs,          **NOTICE OF MOTION AND MOTION TO**
16                            **DISMISS SECOND AMENDED**
         vs.                     **COMPLAINT OF DEFENDANTS BOARD**
17                            **OF TRUSTEES OF THE CALIFORNIA**
         BOARD OF TRUSTEES OF THE      **STATE UNIVERSITY; LESLIE WONG;**
18   CALIFORNIA STATE UNIVERSITY,   **MARY ANN BEGLEY; LUOLUO HONG;**
         SAN FRANCISCO STATE         **LAWRENCE BIRELLO; REGINALD**
19   UNIVERSITY, et al.,           **PARSON; OSVALDO DEL VALLE;**
                           **KENNETH MONTEIRO; BRIAN**
           Defendants.        **STUART; AND MARK JARAMILLA**
20

21                          Judge:       Hon. William Orrick III
                            Dept:        Courtroom 2, 17th Floor
22                          Date:        July 18, 2018
                            Time:        2:00 p.m.
23

24

25

26

27

28

# TABLE OF CONTENTS

**Page(s)**

I.      INTRODUCTION ............................................................................................................1

II.     ARGUMENT ...................................................................................................................2

     A.      PLAINTIFFS' FIRST AMENDMENT CLAIMS (1, 3, AND 5) SHOULD
         BE DISMISSED ....................................................................................................2

     B.      PLAINTIFFS' EQUAL PROTECTION CLAIMS (2, 4, AND 6) SHOULD
         BE DISMISSED ....................................................................................................3

     C.      PLAINTIFFS' TITLE VI CLAIMS (7 AND 8) SHOULD BE DISMISSED..........4

     D.      PLAINTIFFS' CLAIMS FOR DECLARATORY AND INJUNCTIVE
         RELIEF SHOULD BE DISMISSED.......................................................................8

III.    CONCLUSION ................................................................................................................8

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**FEDERAL CASES**

4

*Cole v. Oroville Union High Sch. Dist.*,

5

    228 F.3d 1092 (9th Cir. 2000)....................................................................................8

6

*Felber v. Yudof*,
    851 F.Supp.2d 1182 (N.D. Cal. 2011) ......................................................................6

7

**FEDERAL STATUTES**

8

28 U.S.C. § 2201, *et seq*...........................................................................................8

9

**FEDERAL RULES**

10

Fed. R. Civ. P. 12(b)(6)..............................................................................................1

11

**CONSTITUTIONAL PROVISIONS**

12

First Amendment...............................................................................................2, 5, 6, 7

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:17-CV-03511-WHO

1

## NOTICE OF MOTION AND MOTION TO DISMISS

2       PLEASE TAKE NOTICE that on July 18, 2018 at 2:00 p.m., before the Honorable

3   Williams Orrick III in Courtroom 2 on the 17th Floor of the above-entitled Court, Defendants

4   Board of Trustees of the California State University ("the University" or "SFSU"),[1] Leslie Wong,

5   Mary Ann Begley, Luoluo Hong, Lawrence Birello, Reginald Parson, Osvaldo Del Valle,

6   Kenneth Monteiro, Brian Stuart, and Mark Jaramilla (collectively, "Defendants") will and hereby

7   do move pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to

8   dismiss all claims brought against them in Plaintiffs' Second Amended Complaint ("SAC"), filed

9   March 29, 2018.  This motion is based on this Notice of Motion and Motion, the Memorandum of

10  Points and Authorities, the Court's Order Granting Motions to Dismiss dated March 9, 2018, all

11  pleadings and papers on file, and such other matters as may be presented to this Court.

12

## MEMORANDUM OF POINTS AND AUTHORITIES

13  **I.      INTRODUCTION**

14      This Court dismissed Plaintiffs' First Amended Complaint ("FAC"), holding that "[t]he

15  FAC is at once far too long, repetitive and full of barely relevant material, and yet so conclusory

16  regarding the causes of action asserted that it does not state a plausible claim for relief against any

17  defendant at this juncture."  Dkt. 124 at 2.  Plaintiffs' Second Amended Complaint ("SAC") cures

18  none of the defects identified by the Court.

19      Indeed, Plaintiffs have made very few material changes from the dismissed FAC.  They

20  have eliminated many, although not all, of the FAC's irrelevant allegations concerning alleged

21  historical anti-Semitism at SFSU.  They have broken their claims about the Mayor Barkat event

22  into two parts, one about the alleged "removal" of the event to a different campus location and

23  another about the alleged "shut down" of the event.  Plaintiffs have added a Title VI claim on

24  behalf of what they characterize as the "Israeli Plaintiffs."  And they have added a few conclusory

25  allegations in a transparent effort to "paper over" the defects identified by the Court.  Plaintiffs

26  have not, however, added any factual allegations that would change the Court's prior conclusion

27

28  [1] Plaintiffs purport to name as a defendant "San Francisco State University," but that is not a legal entity separate from the Board of Trustees of California State University.

1    that they have failed to state any plausible claim for relief.  The SAC should now be dismissed

2    without leave to amend.

3    **II.    ARGUMENT**

4         **A.    Plaintiffs' First Amendment Claims (1, 3, and 5) Should Be Dismissed**

5         With respect to Plaintiffs' First Amendment claim concerning the Barkat event, this Court

6    wrote:

7         The key factual allegations regarding the right of association claim are that
         the Administration Defendants violated the Student and Community Plaintiffs'
8         rights of association by consigning the Barkat event to a space far from the center
         of campus, charging Hillel a fee for that space, and then failing to enforce the
9         SFSU Student Code of Conduct policies—namely no disruption of events and no
         use of amplified sound—and instructing the police to "stand down" and not
10        remove the protestors.  *This does not add up to a cognizable claim.*

11   Dkt. 124 at 17.  The two First Amendment claims in the SAC concerning the Barkat event

12   (Claims 1 and 3) are based on these same factual allegations.  The only even arguable difference

13   is that Plaintiffs now allege, in wholly conclusory fashion, that the Barkat event was moved

14   pursuant to "an unwritten, unannounced, never-before-enforced and entirely discretionary,

15   standardless policy of moving 'controversial speakers' away from CCSC and to a remote and

16   poorly-known location."  SAC ¶ 60.  Plaintiffs allege no *facts* that suggest the existence of such a

17   policy—other than the fact that the Barkat event itself was moved.  If that were sufficient to

18   allege a "policy," *every* claim against a state official based on a single incident could be supported

19   by the existence of a purported "policy."  In fact, however, the arithmetic does not change due to

20   this conclusory allegation; Plaintiffs' factual allegations still do not add up to cognizable First

21   Amendment claims.

22        The Court dismissed Plaintiffs' First Amendment claims concerning the "Know Your

23   Rights" Fair ("KYR Fair") because "[t]here are no facts alleged to support the assertion that the

24   Administration Defendants *played any role* in the denial of Hillel's ability to participate in the

25   KYR Fair" and because "[i]nvidious discrimination requires evidence of specific intent by each

26   defendant, not just knowledge about someone else's actions," which Plaintiffs had failed to

27   allege.  Dkt. 124 at 20, 22 (emphasis in original).  Again, there are no new factual allegations

28

1    supporting Claim 5 of the SAC that could justify changing these conclusions.  Plaintiffs' addition

2    of the conclusory assertion that "Defendants Begley and Monteiro consciously and intentionally

3    knew of and permitted Hillel's exclusion," SAC ¶ 119, is insufficient to show either that they

4    played a role in the decision or that they acted with specific intent of their own to discriminate

5    against Plaintiffs based on their religion or national origin.

6              **B.     Plaintiffs' Equal Protection Claims (2, 4, and 6) Should Be Dismissed**

7              With respect to Plaintiffs' equal protection claims concerning the Barkat event, the Court

8    identified two fundamental defects:

9              First, Student and Community Plaintiffs fail to allege any facts showing that in
             materially similar circumstances—*i.e.*, events where speakers would likely draw
10           protests and scheduled when classes are ongoing—other groups who are not
             identified as Jewish (by race, ethnicity, or religion) were offered more centrally
11           located or fee-free rooms.  Second, plaintiffs fail to allege any facts that in
             materially similar circumstances—an open event where protestors had access,
12           protestors started to disrupt the event, and protestors used prohibited
             amplification—the Administration Defendants present at the event acted
13           differently.

14   Dkt. 124 at 24.  The facts alleged in the SAC remain the same.  Plaintiffs' only purported effort to

15   address the defects identified by the Court are two conclusory allegations, made "[o]n

16   information and belief," that "no other events were banished to for-fee locales on the outskirts of

17   campus based on concerns about controversial speakers drawing protest activity" and that "'stand

18   down' orders were not promulgated to the UPD for events where other viewpoints were

19   expressed."  SAC ¶¶ 154, 171.  But, tellingly, Plaintiffs do *not* allege that there *were* any other

20   specific events that were materially similar to the Barkat event and as to which Defendants acted

21   differently.  That omission is fatal to their equal protection claims 2 and 4.

22             The Court dismissed Plaintiffs' equal protection claim concerning the KYR Fair because

23   "[w]hile there are general allegations that certain Administration Defendants had responsibility

24   for 'student events,' the more specific allegations admit that it was the student organizers who

25   accidentally invited and then prevented Hillel from participating."  Dkt. 124 at 25.  The Court

26   emphasized that there were no alleged facts showing either that any of the Defendants had the

27   power to "require the students to admit Hillel or force the student organizers to cancel the Fair" or

28

1    that they "acted with the specific intent to deprive the Student Plaintiffs of their equal protection

2    rights because of their Jewish identity."  Dkt. 124 at 25-26.  This remains true of Plaintiffs' claim

3    6.  Plaintiffs do now allege, in wholly conclusory fashion, that certain Defendants had the

4    "authority" to compel the inclusion of Hillel in the KYR Fair.  SAC ¶¶ 122, 127.  But there is no

5    allegation that those Defendants decided not to exercise that alleged authority specifically for the

6    purpose of discriminating against Plaintiffs based on their Jewish identity.  And there is no

7    allegation that, when other student groups organized materially similar events, the Administration

8    Defendants prohibited those private groups from deciding which other campus organizations to

9    invite.  At most, Plaintiffs have alleged that Defendants allowed the KYR Fair organizers to

10   decide who would be invited.  That does not suffice for an equal protection claim.

11          **C.     Plaintiffs' Title VI Claims (7 and 8) Should Be Dismissed**

12          This Court dismissed Plaintiffs' Title VI claim for several reasons.  First, the Court held

13   that their "Title VI claim based on direct discrimination suffers from the same defects described

14   [concerning the other claims] because the constitutional claims have not been adequately

15   alleged."  Dkt. 124 at 28.  That remains true of the SAC: for the same reasons that Plaintiffs have

16   failed to allege equal protection violations, they have failed to allege direct discrimination in

17   violation of Title VI.

18          Second, the Court held that Plaintiffs had failed to allege a "hostile environment."  Dkt.

19   124 at 28-30.  The Court found that "the only *current* allegations of peer-to-peer harassment that

20   might support a hostile environment claim are [the Barkat event and the KYR Fair event]."  Dkt.

21   124 at 28.  But, as the Court held, "[t]hose two claims—standing alone—do not show that Jewish

22   students at SFSU suffered such severe, pervasive, and objectively offensive discrimination to be

23   actionable under Title VI, especially when … the alleged incidents of discrimination have not

24   been shown to have emanated from affirmative acts by the Administration Defendants."  Dkt. 124

25   at 28-29.  The Court further rejected Plaintiffs' reliance on "other current events that in plaintiffs'

26   view set a tone that SFSU tolerates, if not promotes, anti-Semitism," because "[t]here are no

27   details with respect to time, frequency of occurrence, who was involved, and in some instances

28

1   whether the acts were aimed at Student Plaintiffs or otherwise known to Student Plaintiffs."  Dkt.

2   124 at 29.

3       Third, the Court ruled that Plaintiffs had "fail[ed] to allege facts that plausibly show that

4   SFSU made "an official decision not to remedy [any] violation" and that its responses [were]

5   clearly unreasonable," and they had therefore failed to allege deliberate indifference.  Dkt. 124 at

6   30-32.  The Court emphasized both that Plaintiffs admitted "that SFSU *has* taken steps in

7   response to both the Barkat and [KYR] Fair events" and that the University did not have the

8   authority to prohibit or punish others' exercise of their First Amendment rights.  *Id*. at 31.

9   Indeed, the Court held that "the facts actually alleged appear to show the Entity Defendants'

10  responses were objectively reasonable."  Dkt. 124 at 32.

11      Finally, the Court held that Plaintiffs had "fail[ed] to allege facts showing they were

12  denied educational benefits."  *Id*.   "[T]he frustration of the Student Plaintiffs' asserted rights to

13  hear Mayor Barkat and right to represent Hillel at the KYR Fair do not, standing alone, equate to

14  an actionable deprivation of educational opportunities."  *Id*.  Further, individual Plaintiffs had not

15  pleaded sufficient details about their experiences "to plausibly show a concrete, negative effect on

16  [their] education."  *Id*.  at 33.

17      None of Plaintiffs' additions to the SAC, singly or together, remedy these defects.  Indeed,

18  one addition further bolsters this Court's conclusion that Defendants were not deliberately

19  indifferent to the alleged exclusion of Hillel from the KYR Fair.  Plaintiffs now allege that the

20  result of SFSU's internal investigation of the incident was the conclusion "that SFSU Hillel was

21  improperly excluded from the Know Your Rights Fair based on assumed status as Zionists and in

22  retaliation for their decision to invite Mayor Barkat to campus."  SAC ¶ 135.  This hardly

23  constitutes deliberate indifference.

24      Plaintiffs now rely extensively on allegations about the "BDS movement" and a "policy of

25  anti-normalization" at SFSU."  *E.g.*, SAC ¶¶ 37-39, 120.  But there are no factual allegations

26  showing that any of the Administrator Defendants, as opposed to Professor Abdulhadi, subscribed

27  to such a movement or policy.  In any event, the SAC on its face shows that the "BDS

28  movement" and  "anti-normalization" are political viewpoints entitled to First Amendment

1   protection, which SFSU could not have suppressed regardless of its own viewpoint.  *See* SAC

2   ¶ 36 (describing the "BDS" movement as "call[ing] for the boycott, divestment, and sanctions

3   against Israel, and for targeted economic discrimination against Israeli Jews, aiming to isolate,

4   delegitimize and ultimately bankrupt the Jewish state and economically marginalize Jewish

5   people"; and describing the movement's "anti-normalization" mandate as "require[ing] that

6   activists disrupt, isolate, and silence all opposing viewpoints, even moderate opinions such as

7   those acknowledging Israel's actual existence, right to existence, or advocating for a peaceful

8   two-state solution to the Arab/Israeli conflict").  While these viewpoints may be extreme and

9   offensive in the eyes of many, they are nonetheless fully protected by the First Amendment and

10  may not be used as the basis for a Title VI claim.  *See Felber v. Yudof*, 851 F. Supp. 2d 1182,

11  1188 (N.D. Cal. 2011) (reasoning, in rejecting Title VI claim, that " a very substantial portion of

12  the conduct to which plaintiffs object represents pure political speech and expressive conduct, in a

13  public setting, regarding matters of public concern, which is entitled to special protection under

14  the First Amendment").

15      Plaintiffs have also added allegations concerning Plaintiff Ben-David's concerns about

16  threatening social media postings in 2013 by Mohammad Hammad, the then-President of GUPS.

17  SAC ¶¶ 44-49.  Even assuming that any of Hammad's postings were sufficiently threatening to

18  specific individuals to fall within the "true threat" exception to the usual First Amendment

19  protection for political speech (they were not), the allegations do not support a Title VI claim.

20  Plaintiffs affirmatively allege that Defendants were *not* deliberately indifferent to Ben-David's

21  concerns: they allege that she was allowed to take her final exam in a separate room, away from

22  Hammad, and that she was offered a psychological referral and a campus security escort.  SAC

23  ¶¶ 47, 48.  While this may not be the response that Plaintiffs preferred, it does not support an

24  inference that Defendants made "an official decision not to remedy the violation" or that their

25  decision was "clearly unreasonable."  Nor does Ben-David adequately allege any concrete,

26  negative effect on her education; to the contrary, she alleges that she graduated from SFSU in

27  three years.  SAC ¶ 14.

28

1    Plaintiffs have added vague allegations about Mandel's and Volk's reactions to being

2  "scowled" or "stared" at by members of GUPS.  SAC ¶¶ 89, 90.  Even assuming that "scowls"

3  and "stares" were not protected by the First Amendment (they are), and that allegations about a

4  Plaintiff's subjective interpretation of the import of other students' facial expressions could

5  support a Title VI claim, Plaintiffs do not allege that they reported these "scowling" and "staring"

6  incidents to Defendants in sufficient detail to allow Defendants to do anything about them;

7  Plaintiffs do not, for example, allege that they told anyone at SFSU the identity of any allegedly

8  "scowling" or "staring" GUPS member.

9    Plaintiffs have further added allegations concerning President Wong's alleged "refus[al]

10 to affirm that Zionists were welcome at SFSU."  SAC ¶¶ 111, 129.  Plaintiffs' lengthy, single-

11 spaced quotations from letters drafted by Jewish Studies professors and Jewish students,

12 containing vague and general accusations against President Wong and SFSU, are immaterial.  *Id.*

13 ¶¶ 129, 130.  But Plaintiffs do allege, correctly, that President Wong did precisely what the

14 Jewish professors had asked that he do, which was to retract his comment about Zionists.  *Id.*

15 ¶¶ 129, 130.  Moreover, Plaintiffs allege that, after Professor Abdulhadi posted a message on

16 Facebook attacking President Wong for this retraction and his welcoming of Zionists to

17 campus—which she characterized as a "racist, Islamophobic, and colonialist statement"—SFSU

18 "asked that [her] post be removed to ensure there can be no implication that the views expressed

19 are those of the University," and President Wong issued a statement that, "[w]hile [Abdulhadi] is

20 entitled to voice her own opinion, it cannot be done in a way that implies university endorsement

21 or association."  *Id*. ¶ 130.  While Plaintiffs allege that "the post remains on the AMED Facebook

22 page" and that Abdulhadi remains a tenured professor at SFSU, they do not (and could not) allege

23 that Defendants had the ability either to remove the post themselves or to strip Abdulhadi of her

24 tenure based on the post, which was undoubtedly an expression of her viewpoint that is protected

25 by the First Amendment.  Yet again, while Plaintiffs might have wanted SFSU to do something

26 different, its actions certainly did not constitute "deliberate indifference" for purposes of  Title

27 VI.

28

1    In sum, Plaintiffs' additions to the SAC do not change the fact that they have not plausibly

2    alleged direct discrimination by Defendants, a pervasively hostile environment, deliberate

3    indifference by Defendants, and concrete negative effects on their education.  Their Title VI

4    claim therefore still fails.

5            **D.      Plaintiffs' Claims for Declaratory and Injunctive Relief Should Be Dismissed**

6            Plaintiffs have again requested relief under the Declaratory Judgment Act, 28 U.S.C. §

7    2201, *et seq*, (Claim 9) and injunctive relief based on their § 1983 and Title IX claims.  SAC ¶¶

8    233-36, Request for Relief ¶¶ a, b.  Plaintiffs are not entitled to these remedies, as their

9    substantive claims fail as a matter of law for the reasons stated above.

10           Additionally, Plaintiffs Mandel and Ben-David lack standing to seek declaratory and

11   injunctive relief.  "It is well-settled that once a student graduates, he no longer has a live case or

12   controversy justifying declaratory and injunctive relief against a school's action or policy."  *Cole*

13   *v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1098 (9th Cir. 2000).  Because Plaintiffs

14   Mandel and Ben-David have graduated from SFSU, SAC ¶¶  10, 14, they do not have standing to

15   seek declaratory or injunctive relief with respect to the school's actions or policies.  Moreover,

16   Plaintiff Volk lacks standing to seek such relief because he is no longer a student at SFSU, SAC

17   ¶ 11, and does not allege that he is even a member of the local Jewish community.

18   **III.   Conclusion**

19           For the foregoing reasons, Defendants respectfully request that the Court dismiss all of

20   Plaintiffs' claims without leave to amend.

21

22

23

24

25

26

27

28

1    DATED: April  27, 2018                      Respectfully submitted,

2                                                MUNGER, TOLLES & OLSON LLP
                                                   BRADLEY S. PHILLIPS
3                                                  ADELE M. EL-KHOURI

4
                                                 By:    /s/ *Bradley S. Phillips*
5                                                          BRADLEY S. PHILLIPS

6                                                Attorneys for Defendants
                                                 BOARD OF TRUSTEES OF THE
7                                                CALIFORNIA STATE UNIVERSITY;
                                                 LESLIE WONG; MARY ANN BEGLEY;
8                                                LUOLUO HONG; LAWRENCE BIRELLO;
                                                 REGINALD PARSON; OSVALDO DEL
9                                                VALLE; KENNETH MONTEIRO; BRIAN
                                                 STUART; and MARK JARAMILLA
10   38500628.1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOT. AND MOT. TO DISMISS SECOND AMENDED COMPLAINT