Mark Allen Kleiman (SBN 115919)
Law Office of Mark Allen Kleiman
2907 Stanford Avenue
Venice, CA 90292
Telephone: (310) 306-8094
Facsimile: (310) 306-8491
Email: mkleiman@quitam.org

Ben Gharagozli (SBN 272302)
Law Offices of Ben Gharagozli
2907 Stanford Avenue
Marina Del Rey, CA 90292
Telephone: (661) 607-4665
Facsimile: (855) 628-5517
Email: ben.gharagozli@gmail.com

Alan F. Hunter (SBN 99805)
Elizabeth Gong Landess (SBN 138353)
GAVIN, CUNNINGHAM & HUNTER
1530 The Alameda Suite 210
San Jose, CA 95126
Telephone: (408) 294-8500
Facsimile: (408) 294-8596
Email: hunter@gclitigation.com
landess@gclitigation.com

Attorneys for RABAB ABDULHADI

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

JACOB MANDEL, CHARLES VOLK, LIAM KERN, SHACHAR BEN-DAVID, MICHAELA GERSHON, MASHA MERKULOVA, and STEPHANIE ROSEKIND,

Plaintiffs,

v.

BOARD OF TRUSTEES of the CALIFORNIA STATE UNIVERSITY, SAN FRANCISCO STATE UNIVERSITY, RABAB ABDULHADI, in her individual capacity, and LESLIE WONG, MARY ANN BEGLEY, LUOLUO HONG, LAWRENCE BIRELLO, REGINALD PARSON, OSVALDO DEL VALLE, KENNETH MONTEIRO, BRIAN STUART, and MARK JARAMILA, in their official and individual capacities,

Defendants.

Case No.: 3:17-CV-03511-WHO

**NOTICE OF MOTION AND MOTION TO STRIKE ALLEGATIONS SECOND AMENDED COMPLAINT**

**(Filed concurrently with Motion to Dismiss and [Proposed] Order)**

Date: July 18, 2018
Time: 2:00 p.m.
Location: Courtroom 2, 17th Floor
Judge: William H. Orrick
Original Action Filed: June 19, 2017

**NOTICE OF MOTION AND MOTION TO STRIKE ALLEGATIONS**

PLEASE TAKE NOTICE that on July 18, 2018 at 2:00 p.m. before the Honorable William H. Orrick in Courtroom #2 on 17th floor of the above-entitled Court, RABAB ABDULHADI ("Dr. Abdulhadi") will move pursuant to Rule 12(f) of the Federal Rules of Civil Procedure to strike various allegations of the Plaintiffs' Second Amended Complaint ("SAC") filed on June 19, 2017.

Dr. Abdulhadi respectfully moves the Court to strike the following portions of the Plaintiffs' Complaint pursuant to Rule 12(f):

(1) Paragraph 33 of Plaintiffs' Complaint whereby the Plaintiffs provide the Court with a distorted version of the U.S. State Department's definition of Anti-Semitism.

This Motion is based upon the Memorandum of Points and Authorities included herein, the existing record in this matter, and any such additional authority and argument as may be requested in Abdulhadi's reply and at the hearing on this Motion.

DATED: April 30, 2018

RESPECTFULLY SUBMITTED

**LAW OFFICE OF MARK ALLEN KLEIMAN**

By: /s/ Mark Allen Kleiman

Mark Allen Kleiman, Esq.

**LAW OFFICES OF BEN GHARAGOZLI**
Ben Gharagozli, Esq.

**GAVIN, CUNNINGHAM & HUNTER**
Alan F. Hunter, Esq.
Elizabeth Gong Landess, Esq.

Attorneys for Dr. Abdulhadi

# MEMORANDUM OF POINTS AND AUTHORITIES

## I) INTRODUCTION

In a 51-page SAC, Plaintiffs demand legal and equitable relief for purported civil rights violations without addressing the many deficiencies that the Court identified in the Plaintiff's First Amended Complaint.

Plaintiffs' SAC intentionally distorts the U.S. Department of State's definition of anti-Semitism for a third time. This is a distortion at best and a misrepresentation at worse. While the previous instances may have been inadvertent, it is difficult to believe that the present distortion was not intentional.

## II) ARGUMENT

Federal Rule of Civil Procedure (FRCP) 12(f) provides in pertinent part that a "court may strike from a pleading …any redundant, immaterial, impertinent, or scandalous matter" either on its own motion or upon motion by a party. The function of a 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010).

### A) The Court Should Strike Plaintiffs Distortion of the Department of State's Definition of Anti-Semitism.

Paragraph 33 of the Plaintiffs' Complaint urges the Court to adopt what Plaintiffs claim to be the U.S. State Department's definition of Anti-Semitism. The definition is immaterial and impertinent for the pleading stage as there is no legal authority indicating that the State Department's definition is binding upon this Court. What is more, paragraph 33 is a self-serving distortion of the Department of State's definition.

Specifically, Plaintiffs misstate the examples of Anti-Semitism that the Department of State definition provides:

The first example Plaintiffs provide from the Department of State definition states:

"Calling for, aiding, or justifying the killing or harming of Jews (often in the name of a radical ideology or an extremist view of religion."

However, the Department of State's example actually states this example as follows:

"Calling for, aiding, or justifying the killing or harming of Jews in the name of a radical ideology or an extremist view of religion."

The distortion is material because whereas the Plaintiffs' version indicates that this is ***often*** in the name of a radical ideology or an extremist view of religion, the language from the Department of State website categorically requires that the enumerated actions be in the name of a radical ideology or an extremist view of religion. Accordingly, Plaintiffs seek to broaden this example to include more than what the Department of State definition envisioned.

The second example that Plaintiffs distort states:

"Accusing Jews as a people of being responsible for real or imagined wrongdoing committed by a single Jewish person or group, the state of Israel, or even for acts committed by non-Jews."

However, the Department of State's example actually states this example as follows:

"Accusing Jews as a people for being responsible for real or imagined wrongdoing committed by a single Jewish person or group, or even for acts committed by non-Jews."

The distortion is material because while the Department of State's example is limited to Jews, Plaintiffs broaden the example to the state of Israel. Interestingly, Plaintiff's attempt to equate Zionism and Jewishness is one of the central and inherent flaws of Plaintiff's lawsuit as a whole.

In short, Plaintiffs urge the Court to adopt a non-binding definition of anti-Semitism and then distort that very definition by misrepresenting (in a self-serving manner) the examples that the definition provides.

B) The State Department Definition is Too Ephemeral to be Relied Upon.

In the four months between the hearing on Plaintiffs' First Amended Complaint and the filing of their latest effort, the State Department definition has changed in significant ways. Plaintiffs, who earlier urged this Court to accept the earlier version as definitive, now urge the Court to embrace the newer version. Nothing could better illustrate the perils of relying on government administrative agencies to determine matters directly affecting constitutional doctrine. This alteration, by itself, shows why the Court should form its own conclusions.

## III) CONCLUSION

Plaintiffs have materially misstated the Department of State's definition of anti-Semitism for the third time. The misstatement on an issue as fraught with controversy as this one ought not remain in the records and should be stricken.

DATED: April 30, 2018 RESPECTFULLY SUBMITTED

**LAW OFFICE OF MARK ALLEN KLEIMAN**

By: /s/ Mark Allen Kleiman

Mark Allen Kleiman, Esq.

**LAW OFFICES OF BEN GHARAGOZLI**
Ben Gharagozli, Esq.

**GAVIN, CUNNINGHAM & HUNTER**
Alan F. Hunter, Esq.
Elizabeth Gong Landess, Esq.

Attorneys for Dr. Abdulhadi