Robb C. Adkins (SBN 194576)
radkins@winston.com
Krista M. Enns (SBN 206430)
kenns@winston.com
Seth Weisburst (SBN 259323)
sweisburst@winston.com
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Steffen N. Johnson (*pro hac vice*)
sjohnson@winston.com
Lowell D. Jacobson (*pro hac vice*)
ljacobson@winston.com
Adrianne Rosenbluth (*pro hac vice*)
arosenbluth@winston.com
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

Lawrence M. Hill (*pro hac vice*)
lhill@winston.com
Alexa Perlman (*pro hac vice*)
aperlman@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Brooke Goldstein (*pro hac vice*)
brooke@thelawfareproject.org
Amanda Berman (*pro hac vice*)
amanda@thelawfareproject.org
THE LAWFARE PROJECT
633 Third Avenue, 21st Floor
New York, NY 10017
Telephone: (212) 339-6995

Attorneys for Plaintiffs
JACOB MANDEL, CHARLES VOLK,
LIAM KERN, SHACHAR BEN-DAVID,
MICHAELA GERSHON, MASHA MERKULOVA,
and STEPHANIE ROSEKIND

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACOB MANDEL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BOARD OF TRUSTEES of the CALIFORNIA STATE UNIVERSITY, et al., <br><br> Defendants. | Case No. 3:17-CV-03511-WHO <br><br> **PLAINTIFFS' OPPOSITION TO "JEWISH STUDIES SCHOLARS'" MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF [ECF NOS. 138, 139]** |

On May 18, 2018, twelve non-parties referring to themselves as the "Jewish Studies Scholars" filed a Motion for Leave to File Amicus Curiae Brief.  ECF No. 138 (the "Motion").  Since the Motion does not comply with Local Rule 7-2(a)'s notice requirements, Plaintiffs[1] assume that it is a motion for administrative relief under Local Rule 7-11.  Regardless, for the reasons set forth below, the Motion should be denied.

## I. BACKGROUND

During the last round of briefing in this case, "[a] select group of Jewish studies scholars" sought leave to file an amicus brief.  "Jewish Studies Scholars'" Motion for Leave to File Amicus Curiae Brief (ECF No. 100) at 3:2.  Their stated purpose was "to demonstrate the unacceptability of the so-called State Department Definition of Antisemitism."  *Id.* at 6:6-7.  Defendants also challenged the inclusion of the State Department definition of anti-Semitism in the First Amended Complaint and sought to strike it.  Mar. 9, 2018 Order (ECF No. 124) 14:3-10.  But the Court denied the defendants' motions to strike.  Specifically, the Court set forth:

> ***I agree the definition is not binding on me***.  But while its primary author may have expressed concerns about its application in a university environment, ***it is – when viewed in its full context – a potentially relevant definition***.

*Id.* at 14:14-16 (emphasis added).  This holding by the Court is now law of the case.

The "Jewish Studies Scholars" have added to their ranks—there are 12 now whereas before there were six—and are back again moving "for leave to file an amicus curiae brief in support of the motions to dismiss and to strike" filed by Defendants.  Motion at 2:3-6.[2]  Once again, the 12 non-parties seek to "demonstrate the unacceptability of the so-called 'State-Department Definition of Antisemitism.'"  Motion at 3:12-15. Of course, in addition to the Court's holding above, the Parties have already addressed this issue, which is the sole subject of Dr. Abdulhadi's pending Motion to Strike (ECF No. 125).  The issue of the definition is also addressed in Dr. Abdulhadi's Motion to Dismiss (ECF No. 136) at 18:22-19:8, and will be addressed in the remaining briefing on the Rule

---

[1] The term "Plaintiffs" refers collectively to the plaintiffs in this case:  Jacob Mandel, Charles Volk, Liam Kern, Michaela Gershon, Shachar Ben-David, Masha Merkulova, and Stephanie Rosekind.

[2] In violation of Local Rule 7-11(a), the Motion is not accompanied "by either a stipulation under L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained."  Where an administrative motion fails to include such a declaration or stipulation, it may be denied without reaching the merits.  *See*, *e.g.*, *Tri-Valley CAREs v. U.S. Dept. of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) (affirming denial of administrative motion on these grounds).

12 motions. To that end, the "Jewish Studies Scholars" promise to "not unduly repeat those arguments." Motion at 3:10-12. But these non-parties not only seek to repeat the Parties' arguments—the arguments they repeat have already been ruled on by the Court.

## II. THE MOTION SHOULD BE DENIED

### A. The Motion should be denied because the Court already ruled that the State Department definition is not binding and potentially relevant.

As mentioned above, on March 9, 2018, the Court denied two separate motions to strike which sought to strike the paragraph of the First Amended Complaint regarding the State Department definition of anti-Semitism. ECF No. 124. The Court held that the definition is "not binding," and that despite concerns "its primary author may have expressed" about its application at universities, it is "a potentially relevant definition" when viewed in context. *Id.* at 14:3-10.

The proposed brief has three arguments—each of which is directly thwarted and made irrelevant by this established law of the case from the Court's March 9, 2018 Order. *First*, the non-parties seek to argue that the meaning of anti-Semitism is "deeply contested" and therefore "[a] judge should not create legal authority" on this issue. Ex. A to Mot. at 16:5-18:22. The non-parties are mistaken if they believe that denying a motion to dismiss has the effect of the Court's adopting the definition (or any of the allegations) as factual or legal "authority." The Court has already held that the definition is "not binding." ECF No. 124 at 14:3-10. *Second*, the non-parties seek to argue that the definition of anti-Semitism in the SAC is overly expansive due to its references to Israel. Ex. A to Mot. at 18:23-24:2. But the Court has already ruled on this in denying the prior motions to strike, holding that the definition is "a potentially relevant definition" when "viewed in its full context." ECF No. 124 at 14:3-10. *Third*, the non-parties seek to argue that the definition "has no place on campus as speech code" and that "the author of the definition opposes its application to campuses." Ex. A to Mot. at 24:4-25:11. But Plaintiffs do not seek to impose any "speech code" based on the definition or otherwise—this lawsuit is actually, in part, about the suppression of *Plaintiffs'* free speech rights, which the non-parties entirely ignore. More importantly for this Opposition, however, is the fact that the Court has already held that the definition is potentially

1  relevant despite any concerns by its "primary author."[3]  ECF No. 124 at 14:3-10.

**B.     The Motion does not show that filing the proposed brief would be useful to the Court generally or with regard to Dr. Abdulhadi's motion to strike.**

Where a party seeks leave to file an amicus brief, it bears the burden of showing that its "participation is useful to or otherwise desirable to the court."  *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, No. M 02-1486 PJH, 2007 WL 2022026, at *1 (N.D. Cal. Jul. 9, 2007).  Here, the non-parties' Motion fails on both accounts.  Indeed, the Motion makes no showing as to either how the non-parties' participation would be useful or otherwise desirable—it merely provides a number of legal cites and then concludes that if allowed to file their brief, the non-parties "will fulfill 'the classic role of amicus curiae by assisting in a case of general public interest [and] supplementing the efforts of counsel.'"  Motion at 2:23-9.

The non-parties wish to "demonstrate the unacceptability of the so-called 'State Department Definition of antisemitism.'"  *Id.* at 6:6-7.  But on this issue, the proposed amicus brief does nothing more than reprise and attempt to amplify arguments the Defendants have already raised.  As this Court explained in *DRAM Antitrust Litigation*, where the putative amici are "seeking to litigate the issues raised by the actual parties to the instant action," rather than "offering useful or advisory arguments," this is "not consistent with the role of an amicus."  2007 WL 2022026, at *1.  Moreover, proposed amici cannot meet their burden of showing that they will provide the Court with help "beyond the help that the lawyers for the parties are able to provide."  *Merritt v. McKenney*, No. C 13-01391 JSW, 2013 WL 4552672, at *4 (N.D. Cal. Aug. 27, 2013) (holding amicus briefs may be appropriate where a party is not represented by counsel); *see also Goldberg v. Philadelphia*, No. Civ. A 91-7575, 1994 WL 369875 (E.D. Pa. July 14, 1994) ("If the court feels that the parties are adequately represented so that amicus participation is neither necessary nor helpful, it should deny amicus curiae participation.")  Here, the Motion in no way demonstrates how the non-parties' participation would be useful to or otherwise desirable to the Court in its analysis of the already submitted briefing regarding the U.S. State Department's definition of anti-Semitism prompted by Dr. Abdulhadi's Rule 12 motions.  Further, there is no reason to believe that the non-parties will

---

[3] Despite their claimed expertise on this issue, the "Jewish Studies Scholars" only refer to Kenneth Stern as "the author" of the definition, suggesting he is the only author, when their own cited sources reflect that this is not the case. Ex. A to Motion at 24:6-25:5, nn. 30, 32.

1  provide help beyond that provided by the *three different law firms* representing Dr. Abdulhadi.

2  In reviewing the Motion and its Exhibit A, it is apparent that the non-parties have not taken the time to review or consider the motions they hope to support—in fact, the proposed brief reveals that the non-parties seek to support a motion that does not exist: "Together, the 11 [*sic*] scholars in the field of Jewish studies identified above respectfully submit this amicus curiae brief in support of Defendant Rabab Abdulhadi's and the Board of Trustees of California State University, San Francisco State University's (SFSU) motions to dismiss and ***motions to strike*** in the referenced case." Ex. A to Motion at 7:2-6 (emphasis added). But there is only one pending motion to strike, filed by Dr. Abdulhadi. The "Jewish Studies Scholars" reveal here that they are simply trying to stir up a political debate that does not relate to Plaintiffs' actual claims or to the actual pending motions in this action. Their attempt to convince the Court that their presence will be useful is clearly undermined by the evidence throughout their Motion and proposed brief that they have barely taken the time to review the filings in this case, including the SAC and the motions they seek to support.

### C. The Motion does not show that filing the proposed brief would support Defendants' argument that Plaintiffs' SAC fails to state a claim.

Nor have the proposed amici shown that the brief submitted will be useful or desirable vis-à-vis the two motions to dismiss they say they hope to support. Motion at 2:2-6. The motions to dismiss put at issue whether there is a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Therefore, any merits-based arguments, or irrelevant political arguments—such as highlighting a recent study and claiming it reaches conclusions "all contrary to the picture drawn by The Lawfare Project" (Ex. A to Motion at 13 n.11), or claiming that "Israel-aligned groups already have a history of flooding officials, including legislators, state attorneys general and especially, university administrators..." (*id.* at 7:11-13)—are inappropriate here.

The Motion entirely fails to show how the proposed brief will be useful or desirable to the Court in considering the motions to dismiss. The non-parties' theories—about what is or is not an appropriate definition of anti-Semitism, or what motivation is purportedly behind asserting the claims—are not useful to the determination of *whether Plaintiffs have stated their claims in the SAC.*

A review of the proposed brief and motion reveals that the "Jewish Studies Scholars" have

not taken the time to review or consider the actual allegations and claims by Plaintiffs—which show a highly disturbing pattern of violations of their civil rights, and other targeting, discrimination, and hostile and deliberately indifferent actions by Defendants. Plaintiffs' allegations in support of the SAC's First Amendment claims (Causes of Action ("COAs") 1, 3, and 5) do not require alleging a motivation (of anti-Semitism or any other). As for COAs 2 and 4, the definition of anti-Semitism is also irrelevant because these Fourteenth Amendment claims allege that certain individual Defendants, under color of state law, interfered with Plaintiffs' exercise of fundamental rights. Therefore there is no way the non-parties' theories on the definition of anti-Semitism could be useful to the question of whether Plaintiffs have stated a claim as to the First through Fifth COAs. The 6th COA alleges that certain individual Defendants, under color of state law, deprived Plaintiffs—as Jews—of their rights to equal protection related to the "Know Your Rights" Fair. The 7th COA is a Title VI claim regarding SFSU's hostile environment for Jewish students, and the Eighth COA is a Title VI claim regarding SFSU's hostile environment for certain Plaintiffs based on their national origin.[4] Regarding the 6th and 7th COAs, the issue is *whether Plaintiffs have stated a claim*, not whether the cited definition of anti-Semitism is proper; regarding the 8th COA, the claim is focused entirely on national origin—therefore the definition of anti-Semitism is not relevant to that claim.

The non-parties unfortunately seek to cast this action as a political dispute and an attempt by Plaintiffs' counsel to impact the rights of others while entirely ignoring the actual claims by *these individual Plaintiffs* on *this campus*, the deprivation of *Plaintiffs' rights* by Defendants at issue here, and the very real impact of Defendants' conduct on these Plaintiffs. The Motion seeks leave to file a brief that entirely mischaracterizes the Second Amended Complaint and its motivations, and is further based on the false presumption that a Court *adopts* the contents of a complaint simply by denying a motion to dismiss. The non-parties' brief will not be useful to the Court.

### III. CONCLUSION

For all of these reasons, Plaintiffs respectfully request that the Court deny the Motion.

---

[4] Dr. Abdulhadi is not a Defendant as to either of the Title VI claims, so any debate over the definition of anti-Semitism is irrelevant to whether Plaintiffs have stated their claims against her.

Dated: May 22, 2018                      WINSTON & STRAWN LLP

                                         By: */s/ Seth Weisburst*

                                         Robb C. Adkins
                                         Lawrence M. Hill (*pro hac vice*)
                                         Krista M. Enns
                                         Steffen N. Johnson (*pro hac vice*)
                                         Lowell Jacobson (*pro hac vice*)
                                         Seth Weisburst
                                         Alexa Perlman (*pro hac vice*)
                                         Adrianne Rosenbluth (*pro hac vice*)
                                         WINSTON & STRAWN LLP

                                         Brooke Goldstein (*pro hac vice*)
                                         Amanda Berman (*pro hac vice*)
                                         THE LAWFARE PROJECT

                                         Attorneys for Plaintiffs
                                         JACOB MANDEL, CHARLES VOLK, LIAM
                                         KERN, MICHAELA GERSHON, SHACHAR
                                         BEN-DAVID, MASHA MERKULOVA, and
                                         STEPHANIE ROSEKIND