| | |
|---|---|
| Robb C. Adkins (SBN 194576) | Lawrence M. Hill (*pro hac vice*) |
| radkins@winston.com | lhill@winston.com |
| Krista M. Enns (SBN 206430) | Alexa Perlman (*pro hac vice*) |
| kenns@winston.com | aperlman@winston.com |
| Seth Weisburst (SBN 259323) | WINSTON & STRAWN LLP |
| sweisburst@winston.com | 200 Park Avenue |
| WINSTON & STRAWN LLP | New York, NY 10166-4193 |
| 101 California Street, 35th Floor | Telephone:   (212) 294-6700 |
| San Francisco, CA  94111-5840 | Facsimile:    (212) 294-4700 |
| Telephone:   (415) 591-1000 | |
| Facsimile:    (415) 591-1400 | |
| | |
| Steffen N. Johnson (*pro hac vice*) | Brooke Goldstein (*pro hac vice*) |
| sjohnson@winston.com | brooke@thelawfareproject.org |
| Lowell D. Jacobson (*pro hac vice*) | Amanda Berman (*pro hac vice*) |
| ljacobson@winston.com | amanda@thelawfareproject.org |
| Adrianne Rosenbluth (*pro hac vice*) | THE LAWFARE PROJECT |
| arosenbluth@winston.com | 633 Third Avenue, 21st Floor |
| WINSTON & STRAWN LLP | New York, NY 10017 |
| 1700 K Street, N.W. | Telephone:   (212) 339-6995 |
| Washington, D.C.  20006-3817 | |
| Telephone:   (202) 282-5000 | |
| Facsimile:    (202) 282-5100 | |

Attorneys for Plaintiffs
JACOB MANDEL, CHARLES VOLK,
LIAM KERN, SHACHAR BEN-DAVID,
MICHAELA GERSHON, MASHA MERKULOVA,
and STEPHANIE ROSEKIND

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB MANDEL, et al., | **Case No**. **3:17-CV-03511-WHO** |
| Plaintiffs, | |
| v. | **PLAINTIFFS' OPPOSITION TO OPEN HILLEL'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF [ECF NO. 141]** |
| BOARD OF TRUSTEES of the CALIFORNIA STATE UNIVERSITY, et al., | |
| Defendants. | |

As the party seeking leave to file an amicus curiae brief, Open Hillel has the burden of showing that its "participation is useful to or otherwise desirable to the court." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. M 02-1486 PJH, 2007 WL 2022026, at *1 (N.D. Cal. Jul. 9, 2007). Open Hillel cannot meet its burden. The entire purpose of its proposed amicus brief is to challenge the truth of a single allegation of Plaintiffs' Second Amended Complaint ("SAC") regarding Hillel's acceptance and representation of all Jews on campus at San Francisco State University ("SFSU"). But, on a motion to dismiss, allegations must be accepted as true. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). As such, Open Hillel's proposed amicus brief is completely irrelevant to the motions currently pending before the Court. Absent any relevance to these motions, Open Hillel cannot show that its participation is useful or desirable. Therefore, for this and the other reasons discussed herein, Open Hillel's Motion should be denied.

## I. BACKGROUND

Prospective amicus Open Hillel filed the instant motion on May 25, 2018. Motion for Leave to File Amicus Curiae Brief (ECF No. 141) (the "Motion"). It is represented by the "local" counsel of the other putative amicus participants, the "Jewish Studies Scholars." Application for Admission of Attorney *Pro Hac Vice* (ECF No. 95) (identifying Mr. Siegel as "local co-counsel in this case" for the "Jewish Studies Scholars"). Since the Motion does not comply with Local Rule 7-2(a)'s notice requirements, Plaintiffs assume that it is a motion for administrative relief under Local Rule 7-11.

According to the Motion, the primary reason Open Hillel seeks leave to file its proposed amicus brief is that it is "uniquely positioned to inform the Court why Hillel does not represent all Jewish students." Motion at 5:8-9. As the proposed brief explains, Open Hillel seeks to participate in this proceeding because it believes that "plaintiffs' statement that 'Hillel is the only Jewish organization that represents all Jews on campus as Jews, regardless of political ideology, gender, and national origin, or any other characteristic' is false." Proposed Brief of Amicus Curiae (ECF 141-1) (the "Proposed Brief") at 6:12-14 (quoting and removing emphasis from SAC ¶ 34).

## II. THE MOTION SHOULD BE DENIED BECAUSE IT DOES NOT SHOW THAT FILING THE PROPOSED BRIEF WOULD BE USEFUL OR DESIRABLE

As noted above, where a party seeks leave to file an amicus brief, it bears the burden of

1

showing that its "participation is useful to or otherwise desirable to the court." *In re DRAM Antitrust Litig.*, *supra*, 2007 WL 2022026, at *1. For a number of reasons, Open Hillel fails to meet its burden.[1]

*First*, as mentioned above, the entire purpose of Open Hillel's Proposed Brief is to challenge the truth of one allegation in the operative complaint, namely that "Hillel is the only Jewish organization that represents all Jews on campus *as Jews*, regardless of political ideology, gender, national origin, or any other characteristic." SAC ¶ 34. This purpose is improper at the pleading stage, because all allegations—including this one—must be accepted as true for purposes of a motion to dismiss. *Lazy Y Ranch Ltd., supra,* 546 F.3d at 588. Because the Proposed Brief's essential purpose makes it not useful to the Court, the Motion should be denied.

But even if this were not the case, the sum and substance of Open Hillel's argument is that, because of certain statements by Hillel International, any Hillel campus affiliate should be considered a political organization, not a Jewish organization. Of course, the positions Hillel International takes—political or otherwise—do not make either Hillel International or any Hillel campus affiliate any more or less a Jewish organization. Indeed, Open Hillel never disputes that Hillel is a Jewish organization. Rather, it complains that Hillel is an exclusionary Jewish organization and to that end, it "aims to eliminate Hillel International's Standards of Partnership for Israeli Activities." Proposed Brief at 7:2-3.

But the authority on which Open Hillel relies does not support its conclusion. That is, it

---

[1] The Motion should also be denied on procedural grounds for failing to meet either requirement of Local Rule 7-11(a), which mandates that the Motion be accompanied "by a proposed order and by either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained." No proposed order, declaration, or stipulation was filed. Open Hillel did not even wait to hear back from the CSU Defendants' counsel before proceeding. Motion at 4:3-4. Where an administrative motion fails to comply with Local Rule 7-11(a), it may be denied without reaching the merits. *See*, *e.g.*, *Tri-Valley CAREs v. U.S. Dep't. of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012). The Court would be well within its discretion to deny the motion for this reason alone. *See id.* ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."). Open Hillel failed to meet these procedural requirements even though its own *co-counsel* filed a similar motion less than two weeks ago, and Plaintiffs' opposition to that motion clearly identified the Rule 7-11 requirements. Jewish Studies Scholars' Motion to File a Proposed Amicus Curiae Brief (ECF No. 138); Plaintiffs' Opposition to "Jewish Studies Scholars'" Motion for Leave to File Amicus Curiae Brief (ECF No. 140) at 1 n.1 (setting forth the Rule 7-11 requirements); Application for Admission of Attorney *Pro Hac Vice* (ECF No. 95) ("Jewish Studies Scholars" counsel's identification of Mr. Siegel, Open Hillel's counsel, as his "local co-counsel in this case").

1  claims that Hillel International's Standards of Partnership (the "Standards") "exclude Jewish
2  students who dissent from a singular ideological view in support of Israeli policy." Motion at 4:10-
3  11. Even a cursory review of the Standards illustrates that this is not the case. The Standards set
4  forth that "Hillel will not ***partner with, house, or host organizations, groups or speakers***" that do
5  not support Israel's right to exist as a Jewish and democratic state, that support boycotts of,
6  divestment from, or sanctions against Israel, or that delegitimize, demonize, or apply a double
7  standard to Israel. *See* Proposed Brief at 7:12-20 (emphasis added). The Standards say nothing
8  about excluding any ***students*** from membership or participation in events based on an ideological
9  litmus test or based on a student's political viewpoints. Further, Open Hillel resorts to a discussion
10 of campuses other than SFSU to support the point it is trying to make. But those campuses are not at
11 issue here. The case is focused on SFSU. And, to the extent that the assertion that Hillel at SFSU is
12 exclusionary is an issue in this case—an assertion Plaintiffs unequivocally dispute—that assertion
13 has no bearing on the motions currently pending before the Court.
14       The motions to dismiss before the Court ask only whether there is a "failure to state a claim
15 upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court's inquiries are bound by the
16 allegations as stated in the SAC, which are accepted as true and construed in the light most favorable
17 to the Plaintiffs. *Lazy Y Ranch, supra,* 546 F.3d at 588. Accordingly, factual disputes—whether
18 brought by a defendant or a proposed amicus—are not to be resolved at the motion to dismiss phase.
19 *See Cement & Concrete Workers Dist. Council Pension Fund v. Hewlett Packard Co.*, 964 F. Supp.
20 2d 1128, 1145 (N.D. Cal. 2013) (questions of fact will not be resolved by the court on a motion to
21 dismiss); *Great Am. Ins. Co. v. Chang*, No. 12-00833-SC, 2012 WL 3660005, at *2 (N.D. Cal. Aug.
22 24, 2012) (factual disputes not resolvable on motion to dismiss). Open Hillel's Motion therefore is,
23 at best, premature.
24       ***Second***, the Proposed Brief does nothing more than present a series of alleged actions and
25 statements of other, non-SFSU Hillel chapters and Hillel International leaders, generating a factual
26 dispute that is wholly irrelevant to issues at bar. This narrative about the ostensible activities of
27 other, non-SFSU Hillel chapters has no bearing whatsoever on the claims presented in this case. As
28 such it is irrelevant, and amicus curiae briefs that are irrelevant to the issues in litigation are not

proper. *See U.S. v. Bd. of Cty. Comm'rs of the Cty. Of Otero*, 184 F. Supp. 3d 1097, 1118 (D.N.M. 2015) (denying a motion for leave to file an amicus brief that "contains no argument relevant to the disposition of this case"); *Korrow v. Aaron's Inc.*, Civ. Act. No. 10-6317 (MAS) (LHG), 2015 WL 7720491, at *11-12 (D.N.J. Nov. 30, 2015) (amici who provided an argument that was "not relevant" had "failed to show that its appearance would be useful to the Court"); *Cty. Of Boyd v. US Ecology, Inc.*, 858 F. Supp. 960, 970 (D. Neb. 1994) (denying a motion to appear as amicus curiae because the evidence offered "was not relevant to the question then before [the judge]").

*Third*, there is no reason to believe that the Proposed Brief's author, Open Hillel, can offer "unique expertise and perspective" relevant to the Court. Motion at 5:1. Open Hillel has no presence on SFSU's campus and the Proposed Brief merely presents innuendos and unsupported inference. During the course of this case, any factual dispute can be capably raised by one or more of the *four separate law firms* representing Defendants[2] here. As the Motion recognizes, district courts welcome amicus briefs if the party "has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *NGV Gaming, Ltd. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (quoting *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003)). Here, while the Motion states that Open Hillel "represent[s] students from campuses across the country, including San Francisco State University," Motion at 4:7-8, Open Hillel is not listed as a recognized Student Organization on SFSU's Student Involvement and Career Center Student Organization Directory.[3] Nor does Open Hillel's Academic Council include a representative from SFSU.[4] Furthermore, Open Hillel's "unique information or perspective" is simply a repackaging of the same arguments already presented by Defendants' competent counsel, and therefore does not add anything "beyond the help that the lawyers for the parties are able to provide." *See Goldberg v. Philadelphia*, No. Civ. A 91-7575, 1994 WL 369875,

---

[2] The term "Defendants" refers collectively to the defendants in this case: Board of Trustees of the California State University, San Francisco State University, Rabab Abdulhadi in her individual capacity, and Leslie Wong, Mary Ann Begley, Luoluo Hong, Lawrence Birello, Reginald Parson, Osvaldo Del Valle, Kenneth Monteiro, Brian Stuart, and Mark Jaramilla in their official and individual capacities.

[3] San Francisco State University, *Student Organization Directory*, available at http://www.sfsu.edu/~sicc/organizationdirectory.html.

[4] Open Hillel, *Academic Council*, available at http://www.openhillel.org/academic-council/.

at *1 (E.D. Pa. July 14, 1994) ("If the court feels that the parties are adequately represented so that amicus participation is neither necessary nor helpful, it should deny amicus curiae participation."). For each of these reasons, the Motion fails to show that the Proposed Brief would be useful or desirable to the Court.

## III. CONCLUSION

For the reasons discussed above, Plaintiffs respectfully request that the Court deny the Motion.

Dated: May 29, 2018							WINSTON & STRAWN LLP

By:  */s/ Seth Weisburst*

Robb C. Adkins
Lawrence M. Hill (*pro hac vice*)
Krista M. Enns
Steffen N. Johnson (*pro hac vice*)
Lowell Jacobson (*pro hac vice*)
Seth Weisburst
Alexa Perlman (*pro hac vice*)
Adrianne Rosenbluth (*pro hac vice*)
WINSTON & STRAWN LLP

Brooke Goldstein (*pro hac vice*)
Amanda Berman (*pro hac vice*)
THE LAWFARE PROJECT

Attorneys for Plaintiffs
JACOB MANDEL, CHARLES VOLK, LIAM KERN, MICHAELA GERSHON, SHACHAR BEN-DAVID, MASHA MERKULOVA, and STEPHANIE ROSEKIND

5
OPPOSITION TO OPEN HILLEL'S MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF
Case No. 3:17-CV-03511-WHO