| | |
|---|---|
| Robb C. Adkins (SBN 194576)<br>radkins@winston.com<br>Krista M. Enns (SBN 206430)<br>kenns@winston.com<br>Seth Weisburst (SBN 259323)<br>sweisburst@winston.com<br>WINSTON & STRAWN LLP<br>101 California Street, 35th Floor<br>San Francisco, CA 94111-5840<br>Telephone: (415) 591-1000<br>Facsimile: (415) 591-1400 | Lawrence M. Hill (*pro hac vice*)<br>lhill@winston.com<br>Alexa Perlman (*pro hac vice*)<br>aperlman@winston.com<br>WINSTON & STRAWN LLP<br>200 Park Avenue<br>New York, NY 10166-4193<br>Telephone: (212) 294-6700<br>Facsimile: (212) 294-4700 |
| Steffen N. Johnson (*pro hac vice*)<br>sjohnson@winston.com<br>Lowell D. Jacobson (*pro hac vice*)<br>ljacobson@winston.com<br>Adrianne Rosenbluth (*pro hac vice*)<br>arosenbluth@winston.com<br>WINSTON & STRAWN LLP<br>1700 K Street, N.W.<br>Washington, D.C. 20006-3817<br>Telephone: (202) 282-5000<br>Facsimile: (202) 282-5100 | Brooke Goldstein (*pro hac vice*)<br>brooke@thelawfareproject.org<br>Amanda Berman (*pro hac vice*)<br>amanda@thelawfareproject.org<br>THE LAWFARE PROJECT<br>633 Third Avenue, 21st Floor<br>New York, NY 10017<br>Telephone: (212) 339-6995 |

Attorneys for Plaintiffs
JACOB MANDEL, CHARLES VOLK,
LIAM KERN, SHACHAR BEN-DAVID,
MICHAELA GERSHON, MASHA MERKULOVA,
and STEPHANIE ROSEKIND

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACOB MANDEL, CHARLES VOLK, LIAM KERN, SHACHAR BEN-DAVID, MICHAELA GERSHON, MASHA MERKULOVA, and STEPHANIE ROSEKIND,<br><br>    Plaintiffs,<br><br>  v.<br><br>BOARD OF TRUSTEES of the CALIFORNIA STATE UNIVERSITY, SAN FRANCISCO STATE UNIVERSITY, RABAB ABDULHADI, in her individual capacity, and LESLIE WONG, MARY ANN BEGLEY, LUOLUO HONG, LAWRENCE BIRELLO, REGINALD PARSON, OSVALDO DEL VALLE, KENNETH MONTEIRO, BRIAN STUART, and MARK JARAMILLA, in their official and individual capacities,<br><br>    Defendants. | **Case No. 3:17-CV-03511-WHO**<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SUPPLEMENT TO SECOND AMENDED COMPLAINT [ECF 145] PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(D)**<br><br>Date: July 18, 2018<br>Time: 2:00 p.m.<br>Location: Courtroom 2 (17th floor)<br>Judge: William H. Orrick |

PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENT TO SECOND AMENDED COMPLAINT
Case No. 3:17-CV-03511-WHO

# NOTICE OF MOTION AND MOTION FOR LEAVE TO SUPPLEMENT SECOND AMENDED COMPLAINT

PLEASE TAKE NOTICE that on July 18, 2018 at 2:00 p.m., before the Honorable William H. Orrick III in Courtroom 2 on the 17th Floor of the above-entitled Court, Plaintiffs Jacob Mandel, Charles Volk, Liam Kern, Shachar Ben-David, Michaela Gershon, Masha Merkulova, and Stephanie Rosekind (collectively "Plaintiffs") will and hereby do move pursuant to Rule 15(d) of the Federal Rules of Civil Procedure for leave to file the proposed Supplement to the Second Amended Complaint (attached hereto as Exhibit A).  This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Court's June 6, 2018 Order (ECF 144), all pleadings and papers on file, and such other matters as may be presented to this Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs seek leave to supplement the operative Second Amended Complaint (the "SAC," ECF 145) by alleging additional relevant facts in support of Plaintiffs' claims under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.* (the Seventh and Eighth Causes of Action).  The facts Plaintiffs include in the proposed Supplement further demonstrate Defendants San Francisco State University's ("SFSU") and Board of Trustees of the California State University's ("CSU") (collectively, the "Title VI Defendants") continuous and pervasively hostile climate towards both Jewish students (the Seventh Cause of Action) and Israeli students (the Eighth Cause of Action) on the basis of their religious, ethnic, ancestral and national backgrounds. As explained in the proposed Supplement (Ex. A, Proposed Supplement), these allegations of the Title VI Defendants' conduct are based on Plaintiff Michaela Gershon's experiences which occurred after Plaintiffs filed the Second Amended Complaint on March 29, 2018.[1]  *See* Ex. A. Accordingly, with this Motion, Plaintiffs seek to supplement their complaint to introduce these facts pursuant to Rule 15(d) of the Federal Rules of Civil Procedure.

---

[1] Plaintiffs filed the First Amended Complaint on March 29, 2018 as ECF 125.  On June 6, 2018, pursuant to Stipulation and Order (ECF 144), a corrected Second Amended Complaint was filed *nunc pro tunc* as ECF 145.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Should the Court permit Plaintiffs to supplement the SAC with the proposed Supplement attached as Exhibit A, which sets out events related to Plaintiffs' Title VI claims that happened after the date Plaintiffs filed the SAC?

## III. FACTUAL BACKGROUND

On March 29, 2018, Plaintiffs filed the SAC. ECF 125. On April 27, 2018 and April 30, 2018, Defendants filed motions to dismiss the SAC which are set for hearing on July 18, 2018. ECF 131, 136. During April and May 2018, after Plaintiffs' filed the SAC, Plaintiff Michaela Gershon experienced certain events during the Spring semester at SFSU which form a further part of the Seventh and Eighth Causes of Action in the SAC asserted against SFSU and CSU.

Given the limited scope of the proposed Supplement and the fact that its allegations consist entirely of events which occurred after Plaintiffs filed the SAC, Plaintiffs asked SFSU and CSU if they would stipulate to the filing of the Supplement, which would obviate the need for the Court to decide this as a contested motion. On June 13, 2018, SFSU and CSU informed Plaintiffs that they refused to stipulate. This Motion followed.

## IV. LEGAL STANDARD

Rule 15(d) of the Federal Rule of Civil Procedure, "Supplemental Pleadings," states that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The Rule states further that "[t]he court may permit supplementation even though the original pleading is defective in stating a claim or defense." *Id.*
Rule 15(d) "is intended to give district courts broad discretion in allowing supplemental pleadings. *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). "The rule is a tool of judicial economy and convenience . . . [and] [i]ts use is therefore favored." *Id*. "Rule 15(d) enables a court to award complete relief, or more nearly complete relief, in one action and to avoid the cost, delay and waste of separate actions." *Yates v. Auto City 76*, 299 F.R.D. 611, 613 (N.D. Cal. 2013) (quoting *Keith*, 858 F.2d at 473). Facts alleged in supplemental pleadings need only "some relation" to the original

1  pleading and do not have to "arise out of the same transaction" of the original complaint." *Keith*,
2  858 F.2d at 474.

3  In determining whether to allow leave to supplement under Rule 15(d), the Court should
4  apply "the same as the standard for granting . . . a motion under Rule 15(a)." *Id* at 614.  The "factors
5  used to evaluate the propriety of a motion for leave to amend (and thus, a motion to supplement) are:
6  (1) undue delay, (2) bad faith, (3) repeated failures of previous amendments, (4) undue prejudice to
7  the opposing party, and (5) futility of the amendment." *Lyon v. U.S. Immigration & Customs Enf't*,
8  308 F.R.D. 203, 214 (N.D. Cal. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Absent
9  prejudice or a 'strong showing' of any one [of these factors], there is a presumption in favor of
10 granting leave to supplement." *Id*.

11 **V.  THE COURT SHOULD GRANT LEAVE TO FILE THE PROPOSED SUPPLEMENT**

12 The court should grant Plaintiffs' Motion because, as explained below, Plaintiffs' proposed
13 Supplement satisfies all of the factors courts consider when determining whether to grant leave to
14 file a supplemental pleading under Rule 15(d).

15 **A.  The proposed Supplement adds subsequently-arising facts that directly relate to the operative Second Amended Complaint.**

16 The Court should grant Plaintiffs' Motion because the facts alleged in the proposed
17 Supplement are closely related to the facts alleged in Plaintiffs' SAC. The proposed Supplement
18 does not add new parties, claims, or legal theories. Rather, the proposed Supplement provides
19 additional facts related to Defendants' continued discrimination against Plaintiffs on the basis of
20 Plaintiffs' Jewish and Israeli backgrounds in violation of Title VI of the Civil Rights Act, which is
21 set forth in the Seventh and Eighth Causes of Action in Plaintiffs' SAC.  *See* SAC ¶¶ 4, 19-20, 39-
22 51, 86-111, 200-31.  Specifically, the proposed Supplement provides additional facts as follows:

- That Plaintiff Michaela Gershon was singled out and harassed by her professor in her South Asian studies class (offered under the curriculum of the College of Ethnic Studies ("COES")) on the basis of her Jewish and Israeli background;
- That Michaela's professor, Simmy Makhijani, specifically targeted Ms. Gershon on the basis of her Jewish and Israeli background, consistent with the anti-Semitic and

3
PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENT TO SECOND AMENDED COMPLAINT
Case No. 3:17-CV-03511-WHO

anti-Israeli attitudes and behaviors that pervade COES and SFSU in general;

- That Prof. Makhijani used classical and contemporary anti-Semitic tropes to harass and intimidate Ms. Gershon and attempt, unsuccessfully, to pressure her into renouncing a core component of her Jewish identity;

- That, as a result of this harassment, Ms. Gershon's academic and experiential experience at SFSU was irreversibly polluted: Ms. Gershon was unable to engage in and benefit from the same educational opportunities and discussions as the other students, continually felt unwelcome and attacked in class, had to subject herself to the hostile environment of her class in order to ensure a passing grade, and has been made aware that she is fully unwelcome as an Israeli and a Jew in COES, a college at SFSU which offers classes she finds interesting but in which she is unwilling to subject herself to further targeting and discrimination.

Each of the facts alleged in the proposed Supplement occurred after Plaintiffs filed the SAC on March 29, 2018, as required by Rule 15(d). Further, each of the facts alleged in the SAC relates directly to Plaintiffs' Seventh and Eighth Causes of Action against the Title VI Defendants because they support the claims that SFSU and CSU have directly discriminated against Title VI Plaintiff Michaela Gershon and have also failed to prevent the harassment and intimidation of, and discrimination against her by SFSU faculty. The facts alleged in the proposed Supplement also relate directly to these causes of action because they support the claims that Title VI defendants acted with deliberate indifference towards the pervasively hostile, anti-Jewish and anti-Israeli environment that Title VI Jewish Plaintiffs and Title VI Israeli Plaintiffs face at SFSU. Moreover, the facts alleged in the proposed Supplement reinforce that the hostile environment at SFSU is sufficiently severe, persistent, and pervasive that it deprives Title VI Plaintiffs of equal access to the educational opportunities and benefits provided by CSU. *See* SAC ¶¶ 200-31. The facts alleged in the proposed Supplement need only "some relation" to the SAC for the Court to grant Plaintiffs' Motion. *Keith*, 858 F.2d at 474. Here, each of the facts alleged in the Supplement are inextricably linked to Plaintiffs' Title VI claims. Therefore, based on the Court's broad discretion in allowing

4
PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENT TO SECOND AMENDED COMPLAINT
Case No. 3:17-CV-03511-WHO

1  supplemental pleadings and the favored use of Rule 15(d), *id.* at 473, the Court should grant
2  Plaintiffs leave to file the proposed Supplement to the SAC.

3        **B.**      **The proposed Supplement will not cause undue delay.**

4  "[A] party unduly delays seeking amendment by failing to seek amendment reasonably
5  promptly after it 'knew or should have known' that amendment was called for." *Fresno Unified Sch.*
6  *Dist. v. K.U. ex rel. A.D.U.*, 980 F.Supp.2d 1160, 1176 (E.D. Cal. 2013). The proposed Supplement
7  identifies additional facts that occurred in April and May of 2018—Ms. Gershon's class at issue in
8  the proposed Supplement only recently concluded at the end of the spring semester at SFSU.
9  Further, the proposed Supplement would not lead to future delays, as a trial date is not yet assigned
10 and discovery has not begun. Plaintiffs have noticed this Motion for July 18, 2018, the same date
11 the Parties are scheduled to attend the hearing for Defendants' motions to dismiss the SAC.

12 Accordingly, Plaintiffs have acted promptly by moving to bolster the Second Amended
13 Complaint with the proposed Supplement, which includes some additional facts that occurred less
14 than a month before Plaintiffs filed this Motion. Although there has been no delay here, even
15 "undue delay, by itself, is not enough to deny an amendment to a pleading, there must also be, e.g.,
16 prejudice, bad faith, or futility." *Yates*, 299 F.R.D at 614 (citing *Bowles v. Reade*, 198 F.3d 752, 758
17 (9th Cir. 1999)). As explained further below, none of these factors are present. Therefore, the Court
18 should grant Plaintiffs' Motion.

19       **C.**      **The proposed Supplement is not in bad faith.**

20 Plaintiffs have not acted in bad faith. "Bad faith exists when the moving party seeks to
21 amend merely to prolong the litigation by adding 'new but baseless legal theories.'" *Fresno Unified*
22 *Sch. Dist.*, 980 F Supp.2d at 1178 (quoting *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 881
23 (9th Cir. 1999)). Examples of bad faith include "a party mak[ing] a claim without alleging any
24 newly discovered facts, mak[ing] a tactical decision to omit a claim to avoid summary judgment, or
25 includ[ing] a claim to harass or burden the other party." *Id.* at 1179.

26 There is no bad faith here. Plaintiffs' proposed Supplement updates the SAC by setting forth
27 new facts that occurred after Plaintiffs filed the SAC and directly support Plaintiffs' Title VI claims
28 (as discussed above). The proposed Supplement does not add legal theories, much less any baseless

ones. Rather, the Supplement adds to Plaintiffs' consistent allegations that Defendants SFSU and CSU have engaged in ongoing discrimination and fostered, cultivated and endorsed a pervasively hostile, anti-Jewish and anti-Israeli environment at SFSU. *See* SAC ¶¶ 200-31. Plaintiffs' proposed Supplement therefore squarely falls within the purpose of Rule 15(d). *See Kroll v. Incline Vill. Gen. Imp. Dist.*, 598 F.Supp.2d 1118, 1124 (explaining that "[t]he appropriate procedure for a plaintiff to follow to bring a case up to date with events that have taken place since the filing of an original pleading is to file a supplemental pleading pursuant to . . . Rule 15(d))." Accordingly, Plaintiffs' Motion should be granted because the proposed Supplement is not in bad faith.

### D. Defendants will not be unduly prejudiced.

The court should grant Plaintiffs' Motion because Defendants will not suffer any undue prejudice. Of the factors courts consider in determining when to grant a party leave to supplement, "consideration of prejudice to the opposing party . . . carries the greatest weight." *Nat. Res. Def. Council v. Kempthorne*, 2016 WL 8678051, at *9 (E.D. Cal. Apr. 22, 2016) (citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)). "Undue prejudice is not mere harm to the non-movant but a denial of the opportunity to present facts or evidence which would have been offered had amendment been timely." *Id.* at *14. Courts will "evaluate[] prejudice in terms of *e.g*., whether discovery cut-offs have passed, how close trial is, and so forth." *Yates*, 299 F.R.D. at 614.

Here, Defendants will suffer no prejudice, let alone undue prejudice. As discussed above, discovery has not yet begun and no trial date has been set. Defendants will have ample time to address the new facts presented in the proposed Supplement. *See id.* (explaining that a defendant could not argue undue prejudice because several months of discovery remained and the trial date was set for several additional months later). Further, the proposed Supplement is only four pages long, and only impacts claims brought against two Defendants. The Title VI Defendants will have two weeks to consider and respond to these allegations before filing any response to this Motion, and more than five weeks to prepare to address both Title VI claims, including the facts alleged in the supplement, during oral argument on July 18, 2018. Also, if necessary, the Court "may order that the opposing party plead to the supplemental pleading within a specified time." Fed. R. Civ. P. 15(d).

Finally, the proposed Supplement will not unduly prejudice Defendants because the proposed Supplement provides additional facts of continuing conduct related to the Plaintiffs' already-asserted Seventh and Eighth causes of action. *See* SAC ¶¶ 200-31. Accordingly, Defendants were already on notice of Plaintiffs' Title VI discrimination allegations from Plaintiffs' Second Amended Complaint. *See id*. For all of these reasons, Plaintiffs' proposed Supplement does not unduly prejudice Defendants, and lack of such prejudice weighs heavily in favor of granting Plaintiffs' Motion.

### E. The proposed Supplement is not futile.

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Lyon*, *supra*, 308 F.R.D. 203 at 216. Courts consider allegations of the supplemental complaint "together with the original allegations" contained in the prior operative complaint. *See Polansky v. Exec. Health Res., Inc.*, No. CV 12-4239, 2018 WL 1403433, at *5 (E.D. Pa. Mar. 19, 2018). The proposed Supplement, in conjunction with Plaintiffs' existing SAC, provides additional facts illustrating Defendants' ongoing wrongful conduct described in the Seventh and Eighth Causes of Action, Plaintiffs' Title VI claims. *See* SAC ¶¶ 4, 19-20, 39-51, 86-111, 200-31. Specifically, the conduct of an SFSU professor teaching in the College of Ethnic Studies, leveraging her position of power and invoking age-old anti-Semitic tropes to target and malign a Jewish and Israeli student, is consistent with the narrative and environment that exists in COES and on SFSU's campus more broadly as alleged in the operative SAC. *See* Ex. A. Further, while Plaintiffs have sufficiently pleaded each of their causes of action against Defendants in the SAC, even if that were not the case, "[t]he court may permit supplementation even though the original pleading is defective in stating a claim." Fed. R. Civ. P. 15(d). Plaintiffs' SAC does not depend on the additional facts alleged in the proposed Supplement—however, these additional facts regarding events that occurred after the SAC present the precise circumstances for which Rule 15(d) supplementation is available. For these reasons, futility is not an appropriate ground to deny Plaintiffs' Motion.

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion to for leave to file the proposed Supplement to the SAC.

Dated: June 13, 2018                WINSTON & STRAWN LLP

                                    By:  */s/ Seth Weisburst*

                                        Robb C. Adkins
                                        Lawrence M. Hill (*pro hac vice*)
                                        Krista M. Enns
                                        Steffen N. Johnson (*pro hac vice*)
                                        Lowell Jacobson (*pro hac vice*)
                                        Seth Weisburst
                                        Alexa Perlman (*pro hac vice*)
                                        Adrianne Rosenbluth (*pro hac vice*)
                                        WINSTON & STRAWN LLP

                                        Brooke Goldstein (*pro hac vice*)
                                        Amanda Berman (*pro hac vice*)
                                        THE LAWFARE PROJECT

                                        Attorneys for Plaintiffs
                                        JACOB MANDEL, CHARLES VOLK,
                                        LIAM KERN, SHACHAR BEN-DAVID,
                                        MICHAELA GERSHON, MASHA
                                        MERKULOVA, and STEPHANIE ROSEKIND