DAN SIEGEL, SBN 56400
SIEGEL, YEE & BRUNNER
475 14th Street, Suite 500
Oakland, CA. 94612-1925
Phone: 510 839-1200
Fax: 510 444-6698

Attorney for Amicus Curiae
OPEN HILLEL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JACOB MANDEL, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, *et al.*, <br><br> Defendants. | Case No. 3:17-CV-03511-WHO <br><br> **OPEN HILLEL'S REPLY TO PLAINTIFFS' OPPOSITION TO OPEN HILLEL'S MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF** |

## INTRODUCTION

On May 29, 2018, plaintiffs filed their opposition (Dkt. 141) to Open Hillel's Motion for Leave to File Amicus Curiae Brief. Plaintiffs' opposition argues (1) Open Hillel is merely disputing a factual allegation; and (2) the proposed amicus brief has no useful or unique information relevant to the allegations against San Francisco State University.

Open Hillel hereby explains why its proposed brief is useful and desirable to the Court's determination of whether plaintiffs have stated a plausible claim for relief.

*Mandel v. Board of Trustees*, Case No. 3:17-cv-03511-WHO
Reply in Support of Motion to File Amicus Brief - 1

# ARGUMENT

**1. Open Hillel's amicus brief addresses the central legal question of whether plaintiffs' allegations state a claim of discrimination.**

Open Hillel's proposed amicus brief is useful to the Court because it explains why plaintiffs' legal theory of discrimination is fundamentally flawed. Plaintiffs' case relies in major part on the allegation that Hillel was excluded from tabling at a campus Know Your Rights Fair *because* it is a *Jewish* organization, and that organizers of the Fair were motivated by hostility to Jews. Open Hillel disputes no facts, as amicus does not claim to have any knowledge of whether or why Hillel did not have a table at the event. Open Hillel's brief explains to the Court why plaintiffs' allegation of discrimination against Hillel as a Jewish organization is conclusory: the alleged *fact* of Hillel's exclusion is not the same as exclusion of Hillel *based on* its Jewish identity. If Hillel was excluded from tabling at the event, that does not lead to the conclusion that Hillel was excluded based on animus toward Jews. The allegation that Hillel was excluded from tabling at the campus Know Your Rights Fair is a factual allegation. But the assertion that the exclusion was based on anti-Jewish animus is conclusory. The Court need not accept allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sepehry-Fard v. Department Stores Nat'l Bank,* 15 F.Supp.3d 984, 987 (N.D. Cal. 2014).

Open Hillel was surprised by plaintiffs' claim that "Hillel is the only Jewish organization that represents all Jews on campus *as Jews*, regardless of political ideology." (SAC ¶ 34.) Plaintiffs' argument that Hillel's exclusion demonstrates animus against Jews relies on the misstatement that Hillel represents all Jewish students regardless of political views. Open Hillel disputes that claim.

Open Hillel's amicus brief is useful to the Court because it addresses the legal question of whether plaintiffs' allegations state a plausible claim of discrimination. The brief explains why plaintiffs' allegation of Hillel's exclusion from the Know Your Rights Fair does not, without more, state a claim of intent to discriminate against Jewish students.

Hillel's exclusionary policy and practices – at San Francisco State University and elsewhere – are fundamental to the determination of the legal question because they expose the

*Mandel v. Board of Trustees*, Case No. 3:17-cv-03511-WHO
Reply in Support of Motion to File Amicus Brief - 2

flawed logic in plaintiffs' attempt to state a claim of discrimination without stating facts that, if true, would support its theory.

> 2. **Open Hillel is uniquely positioned to explain why plaintiffs' core allegation is conclusory**.

Proposed amicus Open Hillel is uniquely positioned to explain why plaintiffs' central allegation is insufficient to allege anti-Jewish animus because it is an organization representing thousands of Jewish students, Jewish professors, and recent Jewish alumni. Open Hillel exists to contest the exclusionary policies and practices that apply to every Hillel International affiliate, including the chapter at San Francisco State. Open Hillel possesses unique knowledge of Hillel's character, policies and practices as an organization that, unfortunately, does not in fact represent all Jewish students. None of the defendants represents a Jewish organization with the same ability to explain plaintiffs' flawed legal theory.

> 3. **The proposed brief explains how Jewish students are systematically excluded from fully participating in Hillel based on political ideology**

Plaintiffs argue that Hillel's exclusionary policy and practices are not relevant to whether they have stated a claim for relief, but then go on to quibble with facts, stating disingenuously that Hillel policy does not exclude Jewish students as individuals from entering its facilities or participating in its programming. As the proposed amicus brief explains, Hillel International's Standards of Partnership on Israel require all Hillel affiliates, including San Francisco State's affiliate chapter, to exclude many Jewish students from the full benefits of membership in the Hillel community. For instance, as the brief explains, Hillel bars Jewish students from forming groups critical of Israeli policy, prohibits Jewish students from hosting speakers critical of Israeli policy, and retaliates against, fires, or otherwise marginalizes Jewish students who dissent from the Standards.

This discussion of Hillel's exclusionary policy and practices, and how they affect Jewish students, is useful to the Court because plaintiffs rely on the assertion that Hillel is the home for all Jewish students as a way to jump from a factual allegation that Hillel was excluded from tabling to a legal conclusion, that the exclusion was based anti-Jewish animus.

*Mandel v. Board of Trustees*, Case No. 3:17-cv-03511-WHO
Reply in Support of Motion to File Amicus Brief - 3

For these reasons, Open Hillel respectfully requests that the Court accept its amicus brief.

Dated: June 15, 2018

                                                  SIEGEL, YEE & BRUNNER

                                                  By: *Dan Siegel*

                                                  Attorneys for Amicus
                                                  OPEN HILLEL