| | |
|---|---|
| Robb C. Adkins (SBN 194576) | Lawrence M. Hill (*pro hac vice*) |
| radkins@winston.com | lhill@winston.com |
| Krista M. Enns (SBN 206430) | Alexa Perlman (*pro hac vice*) |
| kenns@winston.com | aperlman@winston.com |
| Seth Weisburst (SBN 259323) | WINSTON & STRAWN LLP |
| sweisburst@winston.com | 200 Park Avenue |
| WINSTON & STRAWN LLP | New York, NY 10166-4193 |
| 101 California Street, 35th Floor | Telephone: (212) 294-6700 |
| San Francisco, CA 94111-5840 | Facsimile: (212) 294-4700 |
| Telephone: (415) 591-1000 | |
| Facsimile: (415) 591-1400 | |
| | |
| Steffen N. Johnson (*pro hac vice*) | Brooke Goldstein (*pro hac vice*) |
| sjohnson@winston.com | brooke@thelawfareproject.org |
| Lowell D. Jacobson (*pro hac vice*) | Amanda Berman (*pro hac vice*) |
| ljacobson@winston.com | amanda@thelawfareproject.org |
| Adrianne Rosenbluth (*pro hac vice*) | THE LAWFARE PROJECT |
| arosenbluth@winston.com | 633 Third Avenue, 21st Floor |
| WINSTON & STRAWN LLP | New York, NY 10017 |
| 1700 K Street, N.W. | Telephone: (212) 339-6995 |
| Washington, D.C. 20006-3817 | |
| Telephone: (202) 282-5000 | |
| Facsimile: (202) 282-5100 | |

Attorneys for Plaintiffs
JACOB MANDEL, CHARLES VOLK,
LIAM KERN, SHACHAR BEN-DAVID,
MICHAELA GERSHON, MASHA MERKULOVA,
and STEPHANIE ROSEKIND

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACOB MANDEL, et al., | Case No. 3:17-CV-03511-WHO |
| Plaintiffs, | |
| v. | **PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE SUPPLEMENT TO SECOND AMENDED COMPLAINT** |
| BOARD OF TRUSTEES of the CALIFORNIA STATE UNIVERSITY, et al., | |
| Defendants. | Date: August 8, 2018 |
| | Time: 2:00 p.m. |
| | Location: Courtroom 2 (17th floor) |
| | Judge: William H. Orrick |

Plaintiffs submit this reply in support of their motion for leave to supplement the Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 15(d) (ECF 151, the "Motion"). Plaintiffs' Motion seeks to supplement the SAC with factual allegations in support of their claims under Title VI of the Civil Rights Act of 1964 (the Seventh and Eighth Causes of Action). The events alleged in the proposed supplement could not have been alleged in the SAC when it was filed because they took place in April and May 2017, after the SAC was filed on March 29, 2018. The Motion set forth the five factors used to evaluate a motion to supplement (at 3:3-10), and explained why an analysis of each factor supports granting the motion to supplement pursuant to Rule 15(d) (at 3:11-7:25, citing *Lyon v. U.S. Immigration & Customs Enforcement,* 308 F.R.D. 203, 214 (N.D. Cal. 2015)).

**I.   Defendants' Opposition Fails to Make the Necessary Strong Showing of Any Factor that Would Require Denial of Plaintiffs' Motion.**

Defendants[1] filed a one-page opposition that addressed one of the five factors: futility. ECF 157 (the "Opposition"). By not contesting the other four factors, Defendants concede that these factors favor granting Plaintiffs' Motion. As to futility, absent a "strong showing," there is a "presumption in favor of granting leave to supplement." *Lyon*, 308 F.R.D. at 214. The only case cited by Defendants, *Obregon v. Sessions,* is clearly distinguishable on its facts. Opposition at 1:1-6 (citing No. 17-cv-01463-WHO, 2017 WL 3478774 at *2 (N.D. Cal. August 14, 2017)). In *Obregon*, the petitioner sought leave to file a supplemental habeas petition after already being released from custody. *Id.* at *1-2. Because the petitioner's habeas claim was moot, her proposed supplement was futile. *Id.* at *4-6. Here, Plaintiffs' claims are not moot, and Defendants have not made any "strong showing" that their proposed supplement is futile. Therefore the Motion should be granted.

**A.   Defendants Fail to Show Futility with Arguments Regarding the SAC.**

Instead of considering the proposed supplement itself as required, Defendants make arguments about the purported deficiencies of the SAC. Opposition at 1:7-12. But the SAC is not

---

[1] While the two causes of action under Title VI of the Civil Rights Act which relate to the proposed supplement only name the Board of Trustees of the California State University (the "Board of Trustees") and San Francisco State University as Defendants, the Opposition was filed on behalf of the following Defendants: the Board of Trustees, Leslie Wong, Mary Ann Begley, Luoluo Hong, Lawrence Birello, Reginald Parson, Osvaldo del Valle, Kenneth Monteiro, Brian Stuart, and Mark Jaramilla.

1

defective for the reasons stated in Plaintiffs' oppositions to the pending motions to dismiss (ECF Nos. 147-48). Even if it were, Rule 15(d) specifically states that "[t]he court may permit supplementation even though the original pleading is defective in stating a claim or defense." Fed. R. Civ. Proc. 15(d). And even if the Court were to link the analysis of purported futility to the adequacy of the SAC itself (notwithstanding the language of Rule 15(d)), it would be premature to deem Plaintiffs' Motion futile because the parties' opposing dispositive motions are currently pending the Court's review. *See* ECF Nos. 147-48; *Enniss Family Realty I, LLC v. Schneider Nat. Carriers, Inc.,* 916 F.Supp.2d 702, 717-18 (S.D. Miss. 2013) (explaining that where the court did not have enough information to weigh the sufficiency of additional claims in a supplemental pleading "the better approach would be to allow the filing of a supplemental pleading and then have [the opposing party] . . . test the legal sufficiency of the claims 'in the context of a Rule 12(b)(6)'").

### B. Defendants Mischaracterize the Nature and Purpose of the Supplement.

To be clear, Plaintiffs do not aim to "cure" any purported defect in the SAC with the proposed supplement. Rather, Plaintiffs further strengthen the already sufficient Title VI claims outlined in the SAC with new facts illustrating both (1) the hostile environment and harassment on campus at San Francisco State University for Jewish and Israeli students, and (2) the interference with a student's ability to benefit from or equally access SFSU's resources and opportunities, both of which establish a valid claim under Title VI. *Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1033 (9th Cir. 1998) (re: the hostile environment); *Davis v. Monroe Cnty Bd. of Educ.*, 526 U.S. 629, 652 (1999) (re: harassment and hostile environment claims and the interference with a student's ability to benefit from the opportunities offered by a school). The supplement is appropriate because it includes "allegations regarding events that occurred after the original complaint was filed [which] are all properly permitted under Rule 15(d)"). *Lyon*, 308 F.R.D. 203 at 214. Indeed, courts favor supplemental pleadings for this reason – to "bring a case up to date with events that have taken place since the filing of an original pleading." *Kroll v. Incline Vill. Gen. Imp. Dist.*, 598 F.Supp.2d 1118, 1124 (D. Nev. 2009).

### C. The Court Should Disregard Defendants' Attempt to Contribute Their Own Factual Allegations to Attack the Element of "Deliberate Indifference."

Defendants argue that Plaintiffs' proposed supplement "fail[s] to disclose" purported efforts by SFSU to respond to the supplement's new and disturbing factual allegations. Opposition at 1:18. This is not a proper response to a motion to supplement a complaint, as the Court must accept the proposed supplement's well-pleaded facts as true at the pleading stage. *See Landers v. Quality Communications*, 771 F.3d 638, 639 (courts "accept as true all well pleaded facts in the complaint and construe them in the light most favorable to the nonmoving party"). Defendants' declared purpose in attempting to raise additional facts is to argue that the supplement could not support a claim of "deliberate indifference." While not the focus of the proposed supplement, the new allegations in the supplement support a claim of deliberate indifference, given the widespread discriminatory and hostile conduct that continues within SFSU's College of Ethnic Studies, despite repeated complaints, without being addressed by the Board of Trustees or SFSU in any way. More importantly, the proposed supplement does not add an additional cause of action. Rather, as the Motion makes clear (at 1:13-25), the supplemental allegations are "additional relevant facts in support of Plaintiffs' claims under Title VI"—as such they satisfy Rule 15(d) even if they do not pertain to or establish each element of the Title VI claims.

## II. Conclusion

Plaintiffs' proposed supplement bolsters the already sufficient Title VI claims in the SAC with new facts and allegations that occurred after the SAC was filed. Defendants fail to offer any showing—much less a strong one, as required—that would overcome the presumption favoring granting leave to supplement. As a result, the Court should grant Plaintiffs' Motion.

Dated: July 5, 2018

WINSTON & STRAWN LLP /
THE LAWFARE PROJECT

By: */s/ Seth Weisburst*

Attorneys for Plaintiffs
JACOB MANDEL, CHARLES VOLK,
LIAM KERN, SHACHAR BEN-DAVID,
MICHAELA GERSHON, MASHA
MERKULOVA, and STEPHANIE ROSEKIND

3