| | |
|---|---|
| Robb C. Adkins (SBN 194576)<br>radkins@winston.com<br>Krista M. Enns (SBN 206430)<br>kenns@winston.com<br>Seth Weisburst (SBN 259323)<br>sweisburst@winston.com<br>WINSTON & STRAWN LLP<br>101 California Street, 35th Floor<br>San Francisco, CA  94111-5840<br>Telephone:   (415) 591-1000<br>Facsimile:    (415) 591-1400 | Lawrence M. Hill (*pro hac vice*)<br>lhill@winston.com<br>Alexa Perlman (*pro hac vice*)<br>aperlman@winston.com<br>WINSTON & STRAWN LLP<br>200 Park Avenue<br>New York, NY 10166-4193<br>Telephone:   (212) 294-6700<br>Facsimile:    (212) 294-4700 |
| Steffen N. Johnson (*pro hac vice*)<br>sjohnson@winston.com<br>Lowell D. Jacobson (*pro hac vice*)<br>ljacobson@winston.com<br>Adrianne Rosenbluth (*pro hac vice*)<br>arosenbluth@winston.com<br>WINSTON & STRAWN LLP<br>1700 K Street, N.W.<br>Washington, D.C.  20006-3817<br>Telephone:   (202) 282-5000<br>Facsimile:    (202) 282-5100 | Brooke Goldstein (*pro hac vice*)<br>brooke@thelawfareproject.org<br>Amanda Berman (*pro hac vice*)<br>amanda@thelawfareproject.org<br>THE LAWFARE PROJECT<br>633 Third Avenue, 21st Floor<br>New York, NY 10017<br>Telephone:   (212) 339-6995 |

Attorneys for Plaintiffs
JACOB MANDEL, CHARLES VOLK,
LIAM KERN, SHACHAR BEN-DAVID,
MICHAELA GERSHON, MASHA MERKULOVA,
and STEPHANIE ROSEKIND

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACOB MANDEL, et al.,<br><br>            Plaintiffs,<br><br>     v.<br><br>BOARD OF TRUSTEES of the CALIFORNIA STATE UNIVERSITY, et al.,<br><br>            Defendants. | **Case No**. **3:17-CV-03511-WHO**<br><br>**PLAINTIFFS' OPPOSITION TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT DR. RABAB ABDULHADI'S MOTION TO DISMISS (SECOND REQUEST) [ECF NO. 154]**<br><br>Date:         August 8, 2018<br>Time:        2:00 p.m.<br>Location:   Courtroom 2 (17th floor)<br>Judge:       Hon. William H. Orrick<br><br>Complaint Filed: June 19, 2017<br>Second Am. Complaint Filed: March 29, 2018 |

## I. INTRODUCTION

In connection to her motion to dismiss the Second Amendment Complaint ("SAC"), Dr. Abdulhadi has now filed a *second* request for judicial notice (ECF No. 154, the "Second RJN" and its Exhibit F). Unlike the first RJN (ECF No. 135), which was filed with Dr. Abdulhadi's motion to dismiss more than two months ago, Dr. Abdulhadi filed the Second RJN more than two weeks *after* Plaintiffs' opposition to the motion to dismiss was filed. As with Dr. Abdulhadi's first RJN, the Second RJN is not clear as to whether Dr. Abdulhadi wants the Court to just take judicial notice that the website attached as Exhibit F (http://www.usacbi.org/advisory-board) exists, whether she wants the website incorporated by reference into the SAC, or whether she hopes that the Court will accept as true certain statements within the website. Regardless of which of these options Dr. Abdulhadi actually seeks, the Second RJN is based on the fact that Plaintiffs reference the website in a single footnote in the SAC (ECF 145 at p. 7, n. 6). Further, the Second RJN should be denied because it was filed almost two months after Dr. Abdulhadi's motion to dismiss, and almost three weeks after Defendants' opposition to the motion to dismiss was due.

## II. LEGAL STANDARD

"Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). If a court looks beyond the pleadings then "[a] court must normally convert a rule 12(b)(6) motion into a Rule 56 motion for summary judgment." *Gerritsen v. Warner Bros. Entertainment Inc.*, 112 F.Supp.3d 1011, 1019-20 (C.D. Cal. 2015) (citing *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003)). While there are limited exceptions to this rule—such as the doctrines of judicial notice and incorporation by reference—this does not change that "[t]he only relevant question in deciding such a motion is whether plaintiff's allegations, *taken as true*, plausibly state a claim." *Gerritsen v. Warner Bros. Entertainment Inc.*, 112 F.Supp.3d 1011, 1022 (C.D. Cal. 2015) (emphasis in original).

### A.  Judicial Notice

Federal Rule of Evidence 201 "governs judicial notice of an adjudicative fact." Fed. R. Evid. 201(a). "Adjudicative facts are simply the facts of the particular case." Notes of Advisory

1  Committee on Proposed Rules Subdivision (a).  The "kinds of facts that may be judicially noticed"
2  are those that "are not subject to reasonable dispute" because they "can be accurately and readily
3  determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid.
4  201(b)(2); *Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir. 2001).  A "high degree of
5  indisputability is the essential prerequisite."  Fed. R. Evid. 201, Advisory Comm. Notes (2011).  To
6  that end, "[c]are must be taken that Rule 201 not be used as a substitute for more rigorous
7  evidentiary requirements and careful factfinding." *Korematsu v. United States*, 584 F.Supp. 1406,
8  1415 (N.D. Cal. 1984); *see also* Rule 201 Advisory Comm. Notes (2011) ("[T]he tradition has been
9  one of caution in requiring that the matter be beyond reasonable controversy.").

### B. Incorporation by Reference

A document not attached to a complaint "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."  *Ritchie*, 342 F.3d at 908.  In deciding a motion to dismiss, courts will only incorporate a document by reference if the "document is central to a plaintiff's claim and no party questions its authenticity."  *Gerritsen*, 112 F.Supp.3d at 1024.  In the motion to dismiss context, the incorporation by reference doctrine is not meant to serve as a vehicle for the defendants to challenge the facts in the complaint.  Instead, the incorporation is designed "to prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based."  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (internal quotation marks and citations omitted).

### III. DEFENDANT'S SECOND REQUEST FOR JUDICIAL NOTICE SHOULD BE DENIED

Dr. Abdulhadi has not met her burden of showing that the Court should take judicial notice of any purported facts within Exhibit F to the RJN, nor has she met her burden of showing that this website should be incorporated by reference into the SAC.  Exhibit F is a printout of a website titled "Guidelines for Applying the International Academic Boycott of Israel," referred to in one footnote in the SAC (p. 7, n. 6).  In that footnote, Plaintiffs state that USACBI's website "offers 'guidelines' for its 'academic boycott,' recommending that its supporters 'work towards the cancellation or annulment of events, activities, agreements, or protects . . . [that] promote the normalization of Israel

1   in the global academy."[1]  ECF 145 at 7, n. 6.

2       Dr. Abdulhadi's apparent purpose with the Second RJN as to Exhibit F is, similar to the Dr.
3   Abdulhadi's Facebook post attached as Exhibit A to the first RJN, to try to soften the quote from the
4   SAC by adding additional text from the website.  According to the Second RJN, the Court should be
5   aware that the Guidelines

> do not call for the disruption of events with divergent viewpoints, and do not condone, much less require, harassing[,] silencing, or even boycotting anyone based on their religion, ethnicity, or national origin.  Indeed the Guidelines are very narrowly tailored to achieve political objectives that are fully protected under the First Amendment.  A thorough and objective review of the document reveals that there is nothing that necessarily requires the violation of Plaintiffs' or anyone's rights.

Second RJN at 3:25-4:6.  Yet, as Plaintiffs claim in the SAC, the Guidelines on their face *do* call for BDS/anti-normalization endorsers like Dr. Abdulhadi (who is in fact a *leader* of the academic BDS campaign) to work towards the "cancellation or annulment" of events that "promote the normalization of Israel," and it is impossible to reconcile the Guidelines themselves with Defendant Abdulhadi's interpretation of them in her RJN, reproduced above. Just as one example of the absurdity of her characterization: Dr. Abdulhadi says that the Guidelines do not "condone, much less require…boycotting anyone based on their…national origin." And yet Israelis who believe in the continued existence of their nation of origin are targeted, *as Israelis*, in accordance with these Guidelines. Plaintiffs are confident that Dr. Abdulhadi would not approve of any academic

---

[1] Contrary to Dr. Abdulhadi's Second RJN and her reply in support of her motion to dismiss, Plaintiffs have *not* "misquoted the language on the website."  ECF 154 at 3:20-21; ECF 155 at 8:8-16.

The full language of the quoted sentence from the USACBI website is:  "Based on the above, PACBI urges academics, academic associations/unions, and academic — as well as other — institutions around the world, where possible and as relevant, to boycott and/or work towards the cancellation or annulment of events, activities, agreements, or projects involving Israeli academic institutions or that otherwise promote the normalization of Israel in the global academy, whitewash Israel's violations of international law and Palestinian rights, or violate the BDS guidelines." http://usacbi.org/guidelines-for-applying-the-international-academic-boycott-of-israel/ (visited July 3, 2018).

Every word quoted by Plaintiffs is there, and Dr. Abdulhadi's highlighting of the phrase "involving academic institutions" (in ECF 155 at 8:8-16) ignores that the word "*or*" follows that phrase, leading to the remaining quote from the SAC.  The website—which lists Dr. Abdulhadi as an advisory board member—does in fact urge academics and other institutions to work towards the cancellation of events that promote the normalization of Israel.

guidelines that urged those in the academy to "boycott and/or work towards the cancellation or annulment of events, activities, agreements, or projects involving [Palestinian] academic institutions or that otherwise promote the normalization of [Palestine] in the global academy…" and that if any such guidelines existed, Dr. Abdulhadi would forcefully—and rightfully—call them out as unconstitutional and discriminatory harassment and silencing of Palestinians, as Palestinians. Similarly, if any guidelines existed that promoted a boycott of any of the world's 50 Muslim-majority countries and targeted Muslim defenders of that country's right to exist, Dr. Abdulhadi would decry such guidelines as religious bigotry and call anyone who acted on the boycott Islamophobic.

Plaintiffs note in the SAC, because it is relevant, that Dr. Abdulhadi is a co-founder of the U.S. Campaign for the Academic and Cultural Boycott of Israel, and quote the language at issue from that organization's website. However, Plaintiffs' allegation that the anti-normalization mandate of the BDS movement requires the disruption and silencing of divergent viewpoints is not dependent on the USACBI website, which has its own reasons for presenting its mission in language that is both encouraging of unconstitutional behavior and simultaneously exculpatory for those who actually engage in such behavior. Further, Plaintiffs dispute that Dr. Abdulhadi's review of her own organization's website in the Second RJN is "thorough and objective."[2]

**A.    The Court Should Not Take Judicial Notice of Adjudicative Facts from the USACBI Website.**

As far as any request to take judicial notice of adjudicative facts, regardless of the parties' distinct purposes in quoting from the USACBI website, the website does not contain facts which are "not subject to reasonable dispute." Therefore under Federal Rule of Evidence 201, the RJN must be denied as to any purported adjudicative facts in Exhibit F.

---

[2] The Guidelines specifically state that "[a]ddresses and talks at international venues by Israeli state officials" such as Jerusalem Mayor Nir Barkat (whose address Plaintiffs allege Dr. Abdulhadi directed be shut down) are "in violation of the Palestinian academic boycott." Exhibit F at 2-3. Also, despite Dr. Abdulhadi's repeated statements in defense of academic freedom, "[a]s a general overriding rule, all Israeli academic institutions, unless proven otherwise, are subject to boycott..." *Id.* at 2.

### B. The Court Should Not Incorporate the USACBI Website by Reference.

Although not entirely clear, it appears that Dr. Abdulhadi wants the entire text regarding the USACBI Guidelines incorporated by reference into the SAC. That is, she complains that "the Court should take judicial notice of the document to have a full and accurate depiction of what the website actually states." Second RJN at 3:21-24. Nowhere in the Second RJN does Dr. Abdulhadi argue that no party questions the authenticity of Exhibit F, which is also required to grant a request to incorporate a document by reference. *Gerritsen*, 112 F.Supp.3d at 1024.

Dr. Abdulhadi cites the rule that "[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." Second RJN at 2:26-3:2 (citing *Ritchie*, 342 F.3d at 908). But the Second RJN does not argue that either basis for incorporating the website by reference exists here—nor could it. Plaintiffs do not "refer[] extensively to the document" in the SAC—they refer to it once, in a footnote. Dr. Abdulhadi does not even attempt to argue that Exhibit F "forms the basis" of the SAC (which it clearly does not). Thus, the USACBI website does not meet the standard for incorporation by reference and Dr. Abdulhadi's request should be denied.

### C. The Court Should Deny the Second RJN Because It Was Filed Too Late.

If Dr. Abdulhadi sought to make the tenuous argument that the website meets the requirements of a request for judicial notice or a request to incorporate the full website by reference, she could have done so at the time she filed her motion to dismiss, when Plaintiffs would have had the opportunity to address her arguments related to the Second RJN in their opposition. The Court should not allow Dr. Abdulhadi to take the proverbial second bite at the apple. As with her first RJN, the Second RJN should be denied because the website at issue does not meet the standard for either judicial notice or incorporation by reference. Unlike her first request, however, the Second RJN should also be denied on procedural grounds because—without explanation—Dr. Abdulhadi filed her Second RJN weeks after Plaintiffs' opposition was due.

## IV. CONCLUSION

For the foregoing reasons, Dr. Abdulhadi's Second RJN should be denied.

PLAINTIFFS' OPPOSITION TO DR. ABDULHADI'S SECOND REQUEST FOR JUDICIAL NOTICE
Case No. 3:17-CV-03511-WHO

| | |
|---|---|
| Dated: July 10, 2018 | WINSTON & STRAWN LLP |
| | By: */s/ Seth Weisburst* |
| | Robb C. Adkins<br>Lawrence M. Hill (*pro hac vice*)<br>Krista M. Enns<br>Steffen N. Johnson (*pro hac vice*)<br>Lowell Jacobson (*pro hac vice*)<br>Seth Weisburst<br>Alexa Perlman (*pro hac vice*)<br>Adrianne Rosenbluth (*pro hac vice*)<br>WINSTON & STRAWN LLP |
| | Brooke Goldstein (*pro hac vice*)<br>Amanda Berman (*pro hac vice*)<br>THE LAWFARE PROJECT |
| | Attorneys for Plaintiffs<br>JACOB MANDEL, CHARLES VOLK, LIAM KERN, SHACHAR BEN-DAVID, MICHAELA GERSHON, MASHA MERKULOVA, and STEPHANIE ROSEKIND |