Mark Allen Kleiman (SBN 115919)
Law Office of Mark Allen Kleiman
2907 Stanford Avenue
Venice, CA 90292
Telephone: (310) 306-8094
Facsimile: (310) 306-8491
Email: mkleiman@quitam.org

Ben Gharagozli (SBN 272302)
Law Offices of Ben Gharagozli
2907 Stanford Avenue
Marina Del Rey, CA 90292
Telephone: (661) 607-4665
Facsimile: (855) 628-5517
Email: ben.gharagozli@gmail.com

Attorneys for RABAB ABDULHADI

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB MANDEL, CHARLES VOLK, LIAM KERN, SHACHAR BEN-DAVID, MICHAELA GERSHON, MASHA MERKULOVA, and STEPHANIE ROSEKIND,<br><br>Plaintiffs,<br>v.<br><br>BOARD OF TRUSTEES of the CALIFORNIA STATE UNIVERSITY, SAN FRANCISCO STATE UNIVERSITY, RABAB ABDULHADI, in her individual capacity, and LESLIE WONG, MARY ANN BEGLEY, LUOLUO HONG, LAWRENCE BIRELLO, REGINALD PARSON, OSVALDO DEL VALLE, KENNETH MONTEIRO, BIRAN STUART, and MARK JARAMILA, in their official and individual capacities,<br><br>Defendants. | Case No.: 3:17-CV-03511-WHO<br><br>**DEFENDANT, RABAB ABDULHADI'S MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927 AND THE COURT'S "INHERENT AUTHORITY"; DECLARATIONS OF MARK KLEIMAN, DAN SIEGEL AND COLLEEN FLYNN IN SUPPORT THEREOF**<br><br>Date:    May 29, 2019<br>Time:   2:00 p.m.<br>Location:  Courtroom 2, 17th Floor<br>Judge:  William H. Orrick<br>Original Action Filed:  June 19, 2017<br>Judgment Entered:  October 29, 2018<br>Appeal Dismissed:  March 29, 2019<br>Remand to District Court: April 8, 2019 |

---

**DEFENDANT, RABAB ABDULHADI'S MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927 AND THE COURT'S "INHERENT AUTHORITY"; DECLARATIONS OF MARK KLEIMAN, DAN SIEGEL AND COLLEEN FLYNN IN SUPPORT**
Case No. 3:17-CV-03511-WHO

1

1

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on May 29, 2019 at 2:00 p.m. before the Honorable William H. Orrick in Courtroom 2 on the 17th floor of the above-entitled court located at 450 Golden Gate Avenue, San Francisco, CA 94102-3489, RABAB ABDULHADI, Ph.D. (hereinafter "Dr. Abdulhadi") will and hereby does move for an order awarding sanctions pursuant to 28 U.S.C. § 1927 and this Court's "inherent authority" against Attorneys, ROBB C. ADKINS, KRISTA M. ENNS, SETH WEISBURST, STEFFEN N. JOHNSON, LOWELL D. JACOBSON, ADRIANNE ROSENBLUTH, LAWRENCE M. HILL, ALEXA PERLMAN, BROOKE GOLDSTEIN AND AMANDA BERMAN (hereinafter collectively "Plaintiffs' Counsel") for unreasonably and vexatiously multiplying litigation proceedings.  This motion is based upon this Notice and Memorandum of Points and Authorities; the Declarations of Mark Kleiman, Dan Siegel, and Colleen Flynn in support of this motion, the pleadings on file with the Court; and such authorities and argument as may be presented in any opposition or reply at or before the hearing and at the hearing of this Motion.

## RELIEF SOUGHT

Dr. Abdulhadi respectfully requests that this Court award sanctions against Plaintiffs in the amount of $428,890.76 for Dr. Abdulhadi's costs and attorneys' fees in defending against Plaintiffs' multiple complaints in this matter.

DEFENDANT, RABAB ABDULHADI'S MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927
AND THE COURT'S "INHERENT AUTHORITY"; DECLARATIONS OF MARK KLEIMAN,
DAN SIEGEL AND COLLEEN FLYNN IN SUPPORT
Case No. 3:17-CV-03511-WHO

2

DATED:  April 19, 2019          RESPECTFULLY SUBMITTED

**LAW OFFICE OF MARK ALLEN KLEIMAN**


By:  _____

Mark Allen Kleiman, Esq.


**LAW OFFICES OF BEN GHARAGOZLI**
Ben Gharagozli, Esq.
Attorneys for Dr. Abdulhadi

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES.......................................................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES.......................................1

I.    INTRODUCTION AND SUMMARY OF ARGUMENT..............................1

II.   STATEMENT OF ISSUES TO BE DECIDED............................................ 2

III.  SUCCINCT STATEMENT OF THE RELEVANT FACTS...........................  3

   A.  The Court Dismissed Plaintiffs' Counsel's FAC and Warned
       Them of its "total lack of facts"..................................................  3

   B.  The Court Dismissed Plaintiffs' Counsel's SAC on Essentially
       the Same Grounds as the Court Dismissed Plaintiffs' Counsel's FAC..........  3

       i)      Mr. Weisburst's Misrepresentations in Open Court.......................4

       ii)     Plaintiffs' Counsel's SAC Was Just as Groundless
               as Their FAC...............................................................4

IV.   LEGAL STANDARD..............................................................................6

V.    ARGUMENT........................................................................................ 7

   A.  Plaintiffs' Counsel's Conduct is Sanctionable......................................7

   B.  Dr. Abdulhadi's Attorneys' Pro Bono Work
       Does Not Bar Relief...........................................................................8

VI.   CONCLUSION...................................................................................9

---

**DEFENDANT, RABAB ABDULHADI'S MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927
AND THE COURT'S "INHERENT AUTHORITY"; DECLARATIONS OF MARK KLEIMAN,
DAN SIEGEL AND COLLEEN FLYNN IN SUPPORT**
Case No. 3:17-CV-03511-WHO

i

1

## <u>TABLE OF AUTHORITIES</u>

2
<u>Page</u>

3

4
B.K.B. v. Maui Police Dep't, 726 F.3d 1091, (9th Cir. 2002)…………………………..6

5
v. Bergeron, 489 U.S. 87 (1989)…………………………………………………… 8

6
Chambers v. NASCO, Inc., 501 U.S. 32 (1991)…………………………………… 6

7
Fink v. Gomez, 239 F.3d 989 (9th Cir. 2001)…………………………………………6,7

8
In re Keegan Mgmt. Co. Sec. Litig, 78 F.3d 431 (9th Cir. 1996)………………………6

9
Legal Voice v. Stormans Inc., 757 F.3d 1015 (9th Cir. 2014)…………………………..8

10
OSU Student Alliance v. Ray, 699 F.3d 1053 (9th Cir. 2012)…………………………4

11
Salstrom v. Citicorp Credit Servs, Inc., 754 F.3d 183 (9th Cir. 1995)…………………6,8

12
Wages v. IRS, 915 F.2d 1230 (9th Cir. 1990)…………………………………………7

13

14
## <u>STATUTES</u>

15
28 U.S.C. . § 1927………………………………………………………………2,6,9

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT, RABAB ABDULHADI'S MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927
AND THE COURT'S "INHERENT AUTHORITY"; DECLARATIONS OF MARK KLEIMAN,
DAN SIEGEL AND COLLEEN FLYNN IN SUPPORT**
Case No. 3:17-CV-03511-WHO

ii

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

Since June 19, 2017, Plaintiffs' Counsel has, pursuant to its self-proclaimed, goal, sought to inflict "massive punishments" against Dr. Abdulhadi[1] for her research and advocacy for justice for and in Palestine.  Indeed, two attorneys of Plaintiffs' legal team, Brooke Goldstein and Amanda Berman, are members of an organization called the Lawfare Project (hereinafter "Lawfare").[2]  Brooke Goldstein has further noted that Lawfare's "goal is to make the enemy pay."[3]  That enemy, are individuals, such as Dr. Abdulhadi, who dare to advocate for justice for and in Palestine.[4]

With such goals in mind, Lawfare partnered with a number of experienced attorneys at Winston & Strawn, LLP to bring three baseless complaints against Dr. Abdulhadi.  While the complaints targeted San Francisco State University (hereinafter "SFSU"), the only faculty member in the lawsuits was Dr. Abdulhadi.

Dr. Abdulhadi, earning an academic's salary, has been unable to pay for the $428,890.76 of attorneys' fees and costs in fending off these malicious attacks.  Although

---

[1] Speech by plaintiffs' counsel, Brooke Goldstein: "The goal is…to send a message, a deterrent message, that similar actions such as those that they engage in will result in massive punishments."  https://www.youtube.com/watch?v=iSm22DhzC6k at 30:47-30:56 in the video. Last accessed April 18, 2019.

[2] Ironically, Lawfare, as it's Executive Director, Brooke Goldstein boasts, is characterized by "frivolous…lawsuits brought against authors…who are brave enough to speak publicly about, or satirically on, issues of national security and public concern." https://www.thelawfareproject.org/analysis/2018/4/26/opening-remarks-brooke-goldstein Last accessed April 18, 2019.

[3] https://www.youtube.com/watch?v=iSm22DhzC6k at 30:42.  Last accessed April 18, 2019.

[4] "I want to quickly just talk about SFSU and UCI because I am sure you all heard what happened to the Mayor of Jerusalem Nir Barkat.  It is absolutely essential that we empower the students to assert their civil rights.  Lawyers groups are helpless.  If we don't have a plaintiff, I can't do anything.  https://www.youtube.com/watch?v=iSm22DhzC6k  43:16 - 43:34. Last accessed April 19, 2019.

---

most members of Plaintiff' Counsel's team continued to earn Big Law salaries while persecuting an academic because of her political speech, Mr. Mark Kleiman, Mr. Ben Gharagozli, Mr. Siegel and Ms. Flynn earned nothing in this matter as they worked pro bono in defending Dr. Abdulhadi from Plaintiffs' Counsel's baseless crusade.

Thinly disguised as civil rights lawsuits, the three complaints filed in this action lacked any level of merit especially against Dr. Abdulhadi. Rather than realize that their claims lacked merit, Plaintiffs' Counsel persisted in prosecuting their baseless suits.

Plaintiffs' Counsel's three separate complaints did not meaningfully differ from one another as to allegations against Dr. Abdulhadi. Despite receiving detailed guidance from the Court as to the defects of their First Amended Complaint (hereinafter "FAC"), Plaintiffs' Counsel came no closer to the legal standard in their SAC than they did in their FAC. Ultimately, the Court dismissed Plaintiffs' SAC without leave to amend on October 29, 2018.

What is more, Mr. Seth Weisburst, materially misrepresented the allegations of the Second Amended Complaint (hereinafter "SAC") in open court during the August 8, 2018 oral arguments on Dr. Abdulhadi's motion to dismiss. Specifically, Mr. Weisburst claimed that the SAC alleged that Dr. Abdulhadi "was supervising" students (Dkt. No. 117, 16:3, August 8, 2018.) In reality, the SAC alleged no such thing. In effect, Mr. Weisburst attempted to circumvent his Rule 11 obligations simply because, as Plaintiffs' Counsel well knew, there was no factual or evidentiary basis upon which they could allege in their pleadings that Dr. Abdulhadi supervised the students in any of the alleged misconduct.

## II.   <u>STATEMENT OF ISSUES TO BE DECIDED</u>

Whether the Court, pursuant to 28 USC section 1927 or the Court's inherent authority, should sanction Plaintiffs' Counsel for their unreasonable and vexatious multiplication of the proceedings in this matter when

---

**DEFENDANT, RABAB ABDULHADI'S MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927 AND THE COURT'S "INHERENT AUTHORITY"; DECLARATIONS OF MARK KLEIMAN, DAN SIEGEL AND COLLEEN FLYNN IN SUPPORT**

Case No. 3:17-CV-03511-WHO

(a) their three (3) complaints did not materially differ from one another as to allegations against Dr. Abdulhadi

(b) one member of Plaintiffs' Counsel, Mr. Weisburst, made material misrepresentations in open court; and

(c) another member of Plaintiffs' Counsel, Ms. Goldstein, declared an intention to improperly use the legal system to inflict "massive punishments" upon individuals like Dr. Abdulhadi for their political advocacy.

## III.   SUCCINCT STATEMENT OF THE RELEVANT FACTS

### A)   The Court Dismissed Plaintiffs' Counsel's FAC and Warned Them of its "total lack of facts".

After amending their original lawsuit, the Court heard arguments on Dr. Abdulhadi's motion to dismiss on November 8, 2017.  During that hearing and again on March 9, 2018 in a thirty-eight (38) page order, the Court thoroughly catalogued the defects of Plaintiffs' Counsel's FAC. (Dkt. No. 124,at pp. 2, 35-37.)   Indeed, the Court's order dismissing Plaintiffs' FAC admonished Plaintiffs' Counsel that it was only "[o]ut of an abundance of caution" that they would be allowed to amend allegations against Dr. Abdulhadi.  (Dkt. No.124, at, p. 37).  The Court warned Plaintiffs' Counsel that their allegations against Dr. Abdulhadi were "stretched."  (Dkt. No.124, at p. 37, fn. 17.)  To ensure there was no doubt about the FAC's failings, the Court observed that the FAC suffered from a "total lack of facts" supporting the claims against Dr. Abdulhadi.  (Dkt. No.124, at p. 37).

### B)   The Court Dismissed Plaintiffs' Counsel's SAC on Essentially the Same Grounds as the Court Dismissed Plaintiffs' Counsel's FAC.

At the very least, Plaintiffs' Counsel, with all of the resources and experience of a reputable Mega-Firm, could have and should have heeded the Court's detailed March 9, 2018 order.  Plaintiffs' Counsel should have either fixed the deficiencies or realized that

DEFENDANT, RABAB ABDULHADI'S MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927 AND THE COURT'S "INHERENT AUTHORITY"; DECLARATIONS OF MARK KLEIMAN, DAN SIEGEL AND COLLEEN FLYNN IN SUPPORT

Case No. 3:17-CV-03511-WHO

3

they could not fix these deficiencies and at least drop Dr. Abdulhadi from the suit. Instead, Plaintiffs' Counsel submitted a SAC that came no closer to the legal standards than did their FAC.

i)   **Mr. Weisburst's Misrepresentations in Open Court**.

On August 8, 2018, the Court heard arguments on Dr. Abdulhadi's motion to dismiss Plaintiffs' SAC.  During that hearing, Mr. Weisburst misrepresented the SAC's allegations as to Dr. Abdulhadi in a self-serving manner.  Namely, Mr. Weisburst falsely claimed as follows:

> "[Dr. Abdulhadi] directed the students that she was _**supervising**_ that she is - - she
> is their professor, she is there (sic) advisor she is in a position of authority.  She
> directed them to make sure this event didn't happen.  We allege it."  (Dkt. No.
> 117,  16:3, August 8, 2018.) (emphasis added)

In fact, there is no allegation in the SAC that Dr. Abdulhadi was supervising anybody.  Such a misrepresentation was significant because an allegation of supervision is required for supervisory liability.  See e.g. OSU Student Alliance v. Ray, 699, F.3d 1053 (9th Cir. 2012).

What makes Mr. Weisburst's misrepresentation in this regard particularly inexcusable is that this very issue was briefed in Dr. Abdulhadi's Reply Brief  Dkt. No. 155, pp. 6-7.  In fact, this section had its own entry on the Reply Brief's table of contents: "**Plaintiffs Cannot Make Up Facts About Supervision That Are Not in the SAC and Argue These 'Alternative Facts' in Their Opposition.**"  Dkt. No. 155, at p. 2.  As a careful lawyer, Mr. Weisburst doubtless reviewed Plaintiffs' SAC and Dr. Abdulhadi's Reply Brief in preparing for the August 8, 2018 hearing.

ii)   **Plaintiffs' Counsel's SAC Was Just as Groundless as Their FAC**.

Subsequently, the Court, on October 29, 2018, issued a forty-one (41) page written order, which dismissed Plaintiffs' lawsuit without leave to amend Dkt. No. 167.  In that

---

**DEFENDANT, RABAB ABDULHADI'S MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927
AND THE COURT'S "INHERENT AUTHORITY"; DECLARATIONS OF MARK KLEIMAN,
DAN SIEGEL AND COLLEEN FLYNN IN SUPPORT**
Case No. 3:17-CV-03511-WHO

4

order, the Court made several observations indicating that the SAC came no closer to the legal standard as the FAC did with respect to claims against Dr. Abdulhadi:

  (a)  "***As before***, plaintiffs' conjecture does not support 'reasonable inferences' and cannot put Abdulhadi on the hook for personal liability for the conduct of individuals who plaintiffs admit were the direct cause of their injuries."  Dkt. No. 167 at 30:23-25. (emphasis added)

  (b)  "Plaintiffs, ***again***, complain that their lack of facts plausibly supporting the claim that Abdulhadi took direct action (or knowing inaction) with respect to the students' conduct during the Barkat event or KYR Fair is due to those facts being within Abdulhadi's possession.  That, ***again***, ignores that there have been investigations into those events (conducted or initiated by SFSU or CSU) and reports issued that plaintiffs themselves repeatedly cite as support for their factual assertions."  Dkt. No. 167 at 30:23-25

   It is also important to compare the Court's March 9, 2018 order with the Court's October 29, 2018 order (as to Plaintiffs' allegations against Dr. Abdulhadi) to reveal that Plaintiffs' Counsel, despite detailed guidance from the Court, failed to come any closer to the legal standard in their SAC that they did in their FAC.  As to the FAC, the Court noted that "Plaintiffs, at most attempt to build a bridge between Abdulhadi's alleged anti-Zionist and anti-Israel stances, her pro-Palestinian resistance support, and her academic pursuits to support an inference that she must have encouraged GUPS or others to engage in the acts of discrimination complained of."  Dkt. No. 124, at pp. 36:24-37:3.

   The Court essentially had the same criticism of Plaintiffs' SAC: "But more significantly, the only facts plaintiffs have alleged are: Abdulhadi subscribes to anti-Zionist and anti-normalization policies; Abdulhadi is a faculty member of COES and

**DEFENDANT, RABAB ABDULHADI'S MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927 AND THE COURT'S "INHERENT AUTHORITY"; DECLARATIONS OF MARK KLEIMAN, DAN SIEGEL AND COLLEEN FLYNN IN SUPPORT**
Case No. 3:17-CV-03511-WHO

5

AMED and COES and AMED have sponsored anti-Zionist events at SFSU; Abdulhadi is the faculty adviser to GUPS; and Abdulhadi has a mentee relationship with some of the students who disrupted the Barkat event and excluded Hillel.  These allegations do not, contrary to plaintiffs' assertion, plausibly ***or even reasonably*** suggest Abdulhadi directed or caused the injuries to the plaintiffs." (emphasis added)  Dkt. No. 167, at 31:13-19.

Finally, the Court observed in its order dismissing the SAC, that even the SAC's single "helpful clarification" was actually an attempt to circumvent the Court's prior ruling that if Dr. Abdulhadi could be sued at all, it could only be in her individual capacity.  Dkt. No. 167, at pp. 29-30.

## IV.   LEGAL STANDARD

The Court is empowered to impose sanctions where an attorney "multiplies the proceedings in any case unreasonably and vexatiously."  28 U.S.C. § 1927.  Such sanctions include excess costs, expenses and attorneys' fees reasonably incurred because of such conduct.  Id.  To impose sanctions under Section 1927, there must be a showing of subjective bad faith on the part of the attorney.  Salstrom v. Citicorp Credit Servs, Inc. 74 F.3d 183, 184 (9th Cir. 1995).  "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, **or argues a meritorious claim for the purpose of harassing an opponent.**"  In re Keegan Mgmt. Co. Sec. Litig, 78 F.3d 431, 436 (9th Cir. 1996).  (emphasis added).

Additionally, the Court may issue sanctions under its inherent power.  B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1107-08 (9th Cir. 2002).  "[C]ourts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum in their presence, and submission to their lawful mandates. Id. (quoting Chambers v. NASCO, Inc. 501 U.S. 32, 43 (1991)).  Indeed, "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose" is sanctionable.  Fink v. Gomez, 239 F.3d 989, 994 (9th Cir. 2001).

**DEFENDANT, RABAB ABDULHADI'S MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927 AND THE COURT'S "INHERENT AUTHORITY"; DECLARATIONS OF MARK KLEIMAN, DAN SIEGEL AND COLLEEN FLYNN IN SUPPORT**
Case No. 3:17-CV-03511-WHO

6

1    A moving party need not prove that the lawsuit was completely frivolous. Fink,

2  239 F.3d at 992.  Even where a lawsuit does not suffer from a "total lack of facts" as did

3  Plaintiffs' Counsel's, sanctions are still appropriate if the attorney(s) in question were

4  "substantially motivated by vindictiveness, obduracy, or mala fides." Id.  Indeed, "the

5  assertion of a colorable claim will not bar the assessment of attorney's fees." Id.

6

7  **V.    ARGUMENT**

8     **A)    Plaintiffs' Counsel's Conduct Is Sanctionable.**

9     In filing three different complaints that did not substantively come any closer to

10 the requisite legal standard, Plaintiffs' Counsel's conduct demonstrates bad faith.  Indeed,

11 Courts have granted sanctions where a party filed amended pleadings that did not differ

12 from pleadings previously determined insufficient.  See Wages v. I.R.S., 915 F.2d 1230,

13 1235 (9th Cir. 1990).

14    In preparing the SAC, Plaintiffs' Counsel refused to follow the Court's patient and

15 specific directions as evidenced by the Court's ruling dismissing the SAC.  What is more,

16 Plaintiffs' lead attorney, Mr. Weisburst, misrepresented the allegations in the SAC in

17 open court on August 8, 2018 in an attempt to salvage Plaintiffs' third deficient

18 complaint against Dr. Abdulhadi.  Had the proceedings continued, Dr. Abdulhadi would

19 have incurred tens of thousands of dollars in attorneys' fees and costs in defending

20 herself from discovery requests that would have in all likelihood been overbroad and

21 unreasonably intrusive.  This contention is supported by Ms. Brooke Goldstein, a

22 member of Plaintiffs' Counsel, openly declaring the inappropriate intentions behind

23 lawsuits such as these.

24    Plaintiffs' Counsel have no excuse for their conduct.  They have tremendous

25 resources that would have and should have allowed a good faith inquiry as to the viability

26 of Plaintiffs' claims in this action.  Indeed, Winston & Strawn, LLP is a firm of nearly

27 1,000 lawyers and an impressive support staff.  This fact, coupled with Ms. Goldstein's

28

pre-litigation comments and that the three complaints did not materially differ from one another despite the Court's thirty-eight (38) page March 9, 2018 order unavoidably results in a finding that Plaintiffs' Counsel acted in bad faith in the present litigation. None of the aforementioned facts should be considered in a vacuum.  Indeed, a Court may consider a combination of factors in awarding sanctions.  See <u>Salstrom v. Citicorp Credit Servs., Inc.</u>, 74 F.3d 183, 185 (9th Cir. 1996).

The conclusion is nearly unavoidable that the link between Lawfare's malice and Winston & Strawn's obduracy - lies somewhere near  Mr. Lawrence M. Hill.  Mr. Hill is both a partner at Winston & Strawn, LLP and the Chairman of Lawfare's Board of Directors.  He has been practicing law since 1984, is the chair of the firm's federal controversy practice and has ample experience litigating complex federal matters.  Mr. Hill is also a former Special Assistant United States Attorney who has two Special Achievement Awards for his trial work.  To say that Mr. Hill is an experienced litigator who should have known better is an understatement.

Other members of Plaintiffs' Counsel carry impressive complex federal litigation experience that includes supervising large teams of attorneys.  Robb C. Adkins, for example, served as the Chief of the U.S. Attorney's Office in Orange County where he supervised an office of more than 40 trial attorneys and staff.

With this level of skill, experience and resources, Plaintiffs' Counsel cannot reasonably claim that they were negligent, rather than reckless in this matter.  Lawfare's self-proclaimed announcement of its aim to misuse the legal process to inflict "massive punishments" on individuals like Dr. Abdulhadi meets the improper purpose requirement for sanctionable conduct.

**B)**     **Dr. Abdulhadi's Attorneys Pro Bono Work Does Not Bar Relief.**

Attorneys' fees are recoverable by pro bono attorneys to the same extent that they are recoverable by attorneys who charge for their services.  <u>Legal Voice v. Stormans Inc.</u>, 757 F.3d 1015, 1017 (9th Cir. 2014) referring to <u>Blanchard v. Bergeron</u>, 489 U.S. 87, 94,

1   (1989) ("[W]here there are lawyers or organizations that will take a plaintiff's case

2   without compensation, that fact does not bar the award of a reasonable fee.").

3           Accordingly, that Dr. Abdulhadi's lawyers, Mark Kleiman, Ben Gharagozli

4   worked pro bono in defending her against Plaintiffs' Counsel's crusade creates no bar for

5   Dr. Abdulhadi seeking sanctions in the form of fees and costs pursuant to 28 USC § 1927

6   and the Court's "inherent authority."  This standard similarly applies to Dan Siegel, who

7   prepared an amicus brief in support of Dr. Abdulhadi and Coleen Flynn who has fifteen

8   years' experience litigating §1983 and related civil rights cases.

9

10   **V.**      **CONCLUSION**

11           Plaintiffs' Counsel filed multiple deficient pleadings despite the Court identifying

12   to them the specific defects, confessed their nefarious intentions of bringing such lawsuits

13   (e.g. to harass individuals like Dr. Abdulhadi who advocate for justice for and in

14   Palestine) and made material misrepresentations in open court to save their defective suit.

15   This, despite having the resources and experience to determine that their claims lacked

16   merit as well as detailed guidance from the Court as to how to fix their pleadings if they

17   indeed have the requisite factual allegations and evidence to do so.

18           Therefore, pursuant to 28 USC §1927 and this Court's "inherent authority," Dr.

19   Abdulhadi respectfully requests that the Court grant this Motion for Sanctions in the

20   amount of $428,890.76 to cover Dr. Abdulhadi's costs and attorneys' fees in defending

21   against Plaintiffs' Counsel's multiple defective pleadings that were, as Ms. Goldstein

22   proudly declared, intended to inflict "massive punishments" against Dr. Abdulhadi.

23

24

25

26

27

28

---

**DEFENDANT, RABAB ABDULHADI'S MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927 AND THE COURT'S "INHERENT AUTHORITY"; DECLARATIONS OF MARK KLEIMAN, DAN SIEGEL AND COLLEEN FLYNN IN SUPPORT**
Case No. 3:17-CV-03511-WHO

9

1

RESPECTFULLY SUBMITTED

DATED: April 19, 2019

2

**LAW OFFICE OF MARK ALLEN KLEIMAN**

3

By: _____

4

Mark Allen Kleiman, Esq.

5

6

**LAW OFFICES OF BEN GHARAGOZLI**
Ben Gharagozli, Esq.
Attorneys for Dr. Abdulhadi

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT, RABAB ABDULHADI'S MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927**
**AND THE COURT'S "INHERENT AUTHORITY"; DECLARATIONS OF MARK KLEIMAN,**
**DAN SIEGEL AND COLLEEN FLYNN IN SUPPORT**

Case No. 3:17-CV-03511-WHO