UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB MANDEL, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, et al.,<br><br>　　　　　　Defendants. | Case No. 17-cv-03511-WHO<br><br>**ORDER DENYING MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 176 |

　　　　Defendant Professor Rabab Abdulhadi moves for sanctions against plaintiffs' counsel under 28 U.S.C. § 1927 and the Court's inherent authority. Abdulhadi argues that plaintiffs' counsel unreasonably and vexatiously multiplied litigation proceedings against her, although it was clear plaintiffs had no facts that could plausibly plead the claims asserted against her.[1] Dkt. No. 176. Plaintiffs oppose, asserting that they had a basis for their claims against Abdulhadi (as demonstrated by the settlement of related state court litigation by Abdulhadi's employer and former co-defendant San Francisco State University (SFSU)) and that they did not unreasonably or vexatiously sue or pursue their claims against her. Because the record does not establish plaintiffs' bad faith or intent to harass Abdulhadi, and given the early stage of the proceedings at which I dismissed plaintiffs' claims, I will deny Abdulhadi's motion.

　　　　Under 28 U.S.C. § 1927, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs,

---

[1] The parties are familiar with the procedural history of this case, so there is no need to repeat that history here.

expenses, and attorneys' fees reasonably incurred because of such conduct." "Multiplication" in Section 1927 means "to multiply or prolong" proceedings of a single case. *See In re Yagman*, 803 F.2d 1085, 1187 (9th Cir. 1986) ("It is only possible to multiply or prolong proceedings after the complaint is filed."). Accordingly, Section 1927 sanctions cannot be imposed for the filing of an initial complaint. *See, e.g., In re Keegan Mgmt. Co., Sec. Litig*., 78 F.3d 431, 435 (9th Cir. 1996) ("We have twice expressly held that [Section] 1927 cannot be applied to an initial pleading."). In addition, "section 1927 sanctions 'must be supported by a finding of subjective bad faith.'. . . 'Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.'" *Id*, 78 F.3d at 436 (quoting *New Alaska Development Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir.1989) and *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir.1986)); *see also Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015) (a finding of subjective bad faith required for sanctions under § 1927, which can be shown by: (i) a reckless and frivolous argument; or (ii) a meritorious claim made with the purpose of harassing the opponent).

A court may also impose sanctions under its inherent power based on a finding of "bad faith or conduct tantamount to bad faith." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). "Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Id*. The bad-faith requirement sets a "high threshold," *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997), which may be met by willful misconduct, or recklessness that is coupled with an improper purpose. *Fink*, 239 F.3d at 993-94.

While this case was certainly infused by the strongly held opposing perspectives of plaintiffs and Abdulhadi, there is insufficient evidence that the initial filing of the case or the FAC against Abdulhadi was so baseless or politically motivated that Rule 11 sanctions would be warranted, much less sanctionable under my inherent authority.[2] As to unreasonably or

---

[2] I have reviewed the public statements Abdulhadi relies on to suggest there were illegitimate reasons or aims of plaintiffs' counsel in filing this case. *See* Dkt. No. 176 at 1 & fns. 1-4. Read in full and in context, those statements do not carry the weight defendant ascribes to them.

vexatiously multiplying the proceedings after the deficiencies of plaintiffs' claims against Abdulhadi were identified by me in detail, plaintiffs' counsels' conduct comes closer to the line.[3] They reasserted claims against Abdulhadi in the SAC without alleging any of the facts that I identified as missing from the FAC.  Attempting to avoid the need to allege those facts (which plaintiffs apparently did not have, despite the existence of several acknowledged investigations into the alleged misconduct), plaintiffs switched theories.  This required a further stretch to make Abdulhadi liable for an unannounced "policy" of SFSU that plaintiffs at the same time alleged was a personal and political policy of Abdulhadi (anti-normalization) *without any facts* regarding how Abdulhadi forced adherence to that "policy."[4]  That stretch, for the reasons described in my October 29, 2018 Order, also failed.

While I am sympathetic to Abdulhadi's frustration at having to respond to claims that lacked a basis in the facts alleged, the record does not establish bad faith or an intent to harass. Assertion of seriously deficient legal arguments – absent evidence of bad faith or an intent to harass– does not justify an award of sanctions under section 1927 or my inherent authority. Defendant Abdulhadi's motion for an award of sanctions is DENIED.

**IT IS SO ORDERED.**

Dated: May 28, 2019



William H. Orrick
United States District Judge

---

[3] The comments of Weisburst during the August 2018 hearing on the motion to dismiss the SAC cannot have multiplied proceedings because the case was dismissed with prejudice following that hearing.  In addition, Weisburst's comments, when considered in full, do not separately merit sanctions under my inherent authority.

[4] In opposing sanctions, plaintiffs' counsel essentially admit to the weakness of their case against Abdulhadi by touting the settlement of the related state court litigation which was asserted against the Board of Trustees of the California State University and SFSU *but not* Abdulhadi.  Dkt. No. 177.

3